**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC. | : | CA 05 066 ML |
| | : | C.A. No. |
| vs. | : | |
| | : | |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC. | : | |

**<u>COMPLAINT</u>**

**<u>JURISDICTION</u>**

Jurisdiction is conferred on this court pursuant to 28 U.S.C. §1332 and venue is appropriate in this jurisdiction.

**<u>COUNT I</u>**
**Preamble**

1. Plaintiff, Certified Power Systems, Inc., is a Massachusetts corporation authorized to do business in the State of Rhode Island.

2. Upon information and belief, defendant, Rhode Island State Energy Statutory Trust 2000 is a Connecticut statutory trust, the apparent owner of the project.

3. Defendant, FPLE Rhode Island State Energy, L.P., is a Delaware corporation authorized to do business in the State of Rhode Island, as agent pursuant to that certain Amended and Restated Agency Agreement dated as of June 26, 2002 between said agent and Rhode Island State Energy Statutory Trust 2000, as successor-in-interest by merger to Rhode Island State Energy Partners, L.P. (f/k/a Reliant Energy Hope, L.P.).

4. Upon information and belief, defendant, FPLE Rhode Island State Energy GP, Inc. is General Partner to FPLE Rhode Island State Energy, L.P.

5. The plaintiff entered into a contract dated September 1, 2004 with defendants in relation to a project located at 24 Shun Pike in Johnston, Rhode Island known as the FLP Energy Rhode Island State Energy Center (the "Project").

6. Pursuant to the terms of the aforesaid contract, the scope of work included an installation of an air/heating system on the inlet faces of the air inlet filters, which

supply filtered air to the combustion turbines at the Rhode Island State Energy Center ("RISEC").

7. In relation to its contract with the defendants, the plaintiff entered into an agreement with Zampell Refractories, Inc. ("Zampell") to construct a portion of the aforesaid contract.

8. During the work, Zampell was in the process of performing its portion of the work, whereby a fire occurred on December 2, 2004 while Zampell was utilizing certain welding machines.

9. That the said aforesaid fire caused extensive damage to the Project.

10. The defendants have directed plaintiff to repair and correct the damage caused by said fire and further that defendants have acknowledged that plaintiff shall be paid for all said corrective work.

11. Pursuant to the contract between plaintiff and defendants, the general conditions for contract work included various items of agreement, including but not limited to, insurance provisions.

12. The plaintiff was required to implement certain insurance coverages under the general conditions, including but not limited to, general liability coverage.

13. The plaintiff was not required to implement or cover any coverage for fire or other loss in relation to the Project, other than the general liability coverage as noted.

14. The plaintiff did have sufficient liability coverage as required and further to the best of plaintiff's knowledge and belief, plaintiff's subcontractors, including Zampell, had sufficient coverage in relation to the fire loss that occurred.

## COUNT II
**Breach of Contract**

15. Paragraphs 1 through 14 of plaintiffs' complaint are hereby incorporated by reference with the same force and effect as if the same were set forth in full.

16. Notwithstanding sufficient insurance coverage by the plaintiff and its subcontractor, Zampell, defendants have informed plaintiff that it shall not pay any further monies due the plaintiff pursuant to the agreement of September 1, 2004.

17. Plaintiff has demanded the balance of its contractual monies due from defendants, which are due and owing, whereby defendants have refused.

18. Defendants are in breach of contract with plaintiff.

19. Defendants' breach and continued breach will cause plaintiff substantial economic loss and damages.

WHEREFORE, plaintiff demands judgment against defendants for any and all damages, including but not limited to, direct, indirect, consequential, that it may suffer plus interest and attorney's fees.

**COUNT III**
**Unjust Enrichment**

20. Paragraphs 1 through 19 of plaintiffs' complaint are hereby incorporated by reference with the same force and effect as if the same were set forth in full.

21. The defendants have benefitted from the labor, goods, materials and other products installed and delivered at the Project, and it would be unjust for defendants to retain the benefit of such goods, labor, materials, etc., without paying the fair and reasonable value of the work, goods and materials that were installed, delivered and accepted by defendants at the Project.

WHEREFORE, plaintiff demands judgment against defendants for any and all damages, including but not limited to, direct, indirect, consequential, that it may suffer plus interest and attorney's fees.

Plaintiff
**Certified Power Systems, Inc.**
By its Attorney:

Girard R. Visconti, Esquire (RI #0566)
**Visconti & Boren Ltd.**
55 Dorrance Street
Providence, RI 02903
Phone: 401/331-3800
Facsimile: 401/421-9302

Dated: