**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CERTIFIED POWER SYSTEMS, INC.,

Plaintiff,

v.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

Defendants,

v.

CERTIFIED POWER SYSTEMS, INC.,

Defendant on Counterclaim/Third-Party Plaintiff,

v.

ZAMPELL REFRACTORIES, INC.

Third-Party Defendants.

**C.A. No. 05-066-ML**

**ANSWER TO COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

CERTIFIED POWER SYSTEMS, INC., ("CPS") responds to the allegations made by Defendants, RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC., ("R.I. STATE ENERGY DEFENDANTS") in their Counterclaim as follows:

**Factual Allegations Common to All Counts**

1. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

2. CPS admits it entered into a sub-contract with Zampell Refractories, Inc. and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

7

3. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

4. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

5. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS, but denies it had an implied duty to perform its work skillfully, carefully, prudently, competently and in a workmanlike manner.

6. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

7. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

8. CPS admits that there was a fire at the project but denies that this fire took place on December 2, 2004. CPS leaves R. I. STATE ENERGY DEFENDANTS to their proofs as to the remainder of the allegations.

9. CPS denies the allegations set forth in this paragraph.

10. CPS denies the allegations set forth in this paragraph.

11. CPS admits that the amount paid is approximately $2.3 million.

12. CPS denies the allegations set forth in this paragraph.

13. CPS is without knowledge as to the facts set forth in this paragraph and leaves R.I. STATE ENERGY DEFENDANTS to their proofs thereof.

**COUNT I**
**(Breach of Contract)**

14. As to the allegations of Paragraph 14, CPS repeats the answers to the allegations of Paragraphs 1-13 as if specifically set forth herein at length.

15. CPS denies the allegations set forth in this paragraph.

16. CPS denies the allegations set forth in this paragraph.

17. CPS denies the allegations set forth in this paragraph.

18. CPS denies the allegations set forth in this paragraph.

19. CPS denies the allegations set forth in this paragraph.

20. CPS denies that the remaining amount due to be paid by CPS under the terms of the original contract is approximately $1.8 million. CPS is owed $2.7 million.

21. CPS denies the allegations set forth in this paragraph.

22. CPS denies the allegations set forth in this paragraph.

23. CPS denies the allegations set forth in this paragraph.

24. CPS denies the allegations set forth in this paragraph.

**COUNT II**
**(Negligence)**

25. As to the allegations of Paragraph 14, CPS repeats the answers to the allegations of Paragraphs 1-25 as if specifically set forth herein at length.

26. CPS denies the allegations set forth in this paragraph.

27. CPS denies the allegations set forth in this paragraph.

28. CPS denies the allegations set forth in this paragraph.

29. CPS denies the allegations set forth in this paragraph.

**WHEREFORE,** CPS demands judgment against R.I. STATE ENERGY DEFENDANTS, dismissing their Complaint together with the cost of suit, counsel fees and other such relief as this Court may deem appropriate.

**AFFIRMATIVE DEFENSES**

1. If the R.I. STATE ENERGY DEFENDANTS suffered damages, the same were caused by R.I. STATE ENERGY DEFENDANTS' contributory negligence.
2. If the R.I. STATE ENERGY DEFENDANTS suffered damages, the same were caused by third persons over whom this Defendant had no control.
3. R.I. STATE ENERGY DEFENDANTS' Counterclaim fails to state a cause of action upon which relief can be granted.
4. This Counterclaiming Defendant did not violate any duty owed to the R.I. STATE ENERGY DEFENDANTS under common law, statute, regulations or standards.
5. This Counterclaiming Defendant's conduct was not negligent.
6. This Counterclaiming Defendant's conduct was not a proximate cause of R.I. STATE ENERGY DEFENDANTS' alleged damages.
7. The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of this Counterclaiming Defendant.
8. The Counterclaiming Defendant owed no duty of care to the R.I. STATE ENERGY DEFENDANTS.
9. The Counterclaiming Defendant breached no duty of care to the R.I. STATE ENERGY DEFENDANTS.
10. If the R.I. STATE ENERGY DEFENDANTS suffered damages, the same were caused by the negligence, breach of contract or breach of express or implied warranty of others jointly, severally or in the alternative.

11. This Counterclaiming Defendant did not breach its contract with the R.I. STATE ENERGY DEFENDANTS.

12. This Counterclaiming Defendant reserves the right to amend this Answer and to assert additional defenses and/or otherwise supplement, alter or change this Answer upon the completion of further investigation and discovery.

**THIRD-PARTY COMPLAINT**

Defendant on Counterclaim/Third-Party Plaintiff, CERTIFIED POWER SYSTEMS, INC., ("CPS") by way of Third-Party Complaint against Third-Party Defendant, ZAMPELL REFRACTORIES, INC. ("ZAMPELL") says:

**FIRST COUNT**

1. Defendant on Counterclaim/Third-Party Plaintiff, CERTIFIED POWER SYSTEMS, INC. ("CPS") is being sued as more specifically disclosed in the Counterclaim filed by Defendants, RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC. ("R.I. STATE ENERGY DEFENDANTS") herein.

2. On December 3, 2004, the date, which the fire occurred, and the date that R.I. STATE ENERGY DEFENDANTS alleges it suffered damages, ZAMPELL was performing services at the R.I. STATE ENERGY DEFENDANTS site including, but not limited to welding services pursuant to a contract it entered into with CPS.

3. Although CPS denies breaching any duty owed to R.I. STATE ENERGY DEFENDANTS and denies being obligated to R.I. STATE ENERGY DEFENDANTS in any respect, in the event it is determined that CPS is responsible in any way in this matter, then CPS is entitled to contribution and complete indemnification at common law from Third-Party Defendant, ZAMPELL.

**SECOND COUNT**

1. CPS repeats each and every allegation of the First Count of its Crossclaim as if specifically set forth herein at length.

2. Pursuant to the aforementioned contract between ZAMPELL and CPS, ZAMPELL was required to name CPS as an additional insured on ZAMPELL'S insurance policy.

3. CPS, therefore demands complete contractual defense and indemnification from Third-Party Defendant, ZAMPELL, based upon the contract.

**WHEREFORE**, CPS demands judgment against ZAMPELL for any and all damages that it may suffer plus interest and attorney's fees.

**JURY DEMAND**

Defendant on Counterclaim/Third-Party Plaintiff, CERTIFIED POWER SYSTEMS, INC., ("CPS") demands a trial by jury as to all issues.

Defendant on Counterclaim/Third-Party Plaintiff
CERTIFIED POWER SYSTEMS, INC.
By their Attorneys,

Girard R. Visconti
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903
331-3800
421-9302 fax

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 28th day of April 2005, I caused a true copy of the within document by regular, first-class mail, postage prepaid, to the following:

Mark W. Freel, Esq.
Armando E. Batastini, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903