UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC., Plaintiff, | : | |
| v. | : | C.A. No. 05-066-ML |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC. Defendants. | : | |

**DEFENDANTS' STATEMENT OF CLAIM**

Pursuant to this Court's Notice dated April 11, 2005, Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P. and FPLE Rhode Island State Energy GP, Inc. (collectively, "Defendants") hereby submit the following statement of their claim, in advance of the conference scheduled for May 19, 2005.

## I. Background

On or about September 1, 2004, Defendant Rhode Island State Energy Statutory Trust 2000, as owner, issued a Purchase Order to Plaintiff Certified Power Systems, Inc. ("CPS") for certain construction services to be performed at the Rhode Island State Energy Center in Johnston, Rhode Island (the "Project"). The aforementioned Purchase Order, along with certain other relevant documents and standards referenced therein, formed the basis of the underlying contract (the "Contract") between CPS and the owner. Defendants understand that CPS subsequently engaged various subcontractors and/or vendors to assist in the process of

10

performing its scope of work under the Contract. Among those subcontractors were Third-Party Defendant Zampell Refractories, Inc. a/k/a Zampell Insulation Inc. ("Zampell").

On or about December 2, 2004, a fire occurred at the Project in an area where Zampell was performing welding. The fire caused substantial damage to the work being performed and the Defendants' surrounding property. Defendants have reason to believe that the fire was caused by the negligence of Zampell, for whom CPS was responsible, and/or by CPS' own independent failure to adequately supervise the work being performed by Zampell. As a result of the aforementioned fire, Defendants have incurred losses and damages in excess of $5 million, including approximately $2.3 million paid to CPS pursuant to the terms of a supplemental purchase order (the "Repair Contract").

Since the date of the fire, Defendants have not released any additional funds to CPS under the terms of the original Contract. Those funds are currently in the amount of approximately $1.8 million. In connection with the Repair Contract, Defendants did agree to pay CPS promptly for necessary repairs. However, it was expressly understood and agreed between CPS and Defendants that in releasing funds for repairs, CPS was not waiving any other rights that it had under the original Contract as a result of the aforementioned fire.

## II. The Complaint

CPS initiated this action against Defendants, alleging breach of contract and unjust enrichment, and seeking the release of additional Contract funds. In response, Defendants have asserted various defenses, including the following: (a) because of the fire and damages caused thereby, Defendants have never accepted CPS' work; (b) CPS did not perform its work in a skillful, workmanlike or careful manner and/or failed to supervise the work of its sub-contractors; (c) Defendants have a right of set-off for any other amounts due and payable to them

from CPS; (d) CPS must hold Defendants harmless from damage caused by its subcontractors, including lien claims; and (e) CPS failed to deliver appropriate lien waivers, which is a condition precedent to payment.

## III. Defendants' Counterclaim

In addition, Defendants have filed a two-count Counterclaim. Defendants have asserted a breach of contract count, and a count for negligence. In Count II, Defendants have alleged that CPS (and its subcontractor, Zampell, for whom it was responsible) were negligent in causing the fire, which caused substantial damages to Defendants. Defendants' damages, in excess of $5 million, are substantially greater than the remaining funds on hand from the original Contract.

"[I]mplied in every contract for work or services [is] a duty to perform [the work] skillfully, carefully, and diligently[,] and in a workmanlike manner, and a negligent failure to observe any of those conditions is a tort as well as a breach of contract." Rousseau v. K.N. Construction, Inc., 727 A.2d 190, 193 (quoting Davis v. New England Pest Control Co., 576 A.2d 1240 (R.I. 1990)). Accordingly, the acts and omissions of CPS and/or its subcontractor, Zampell, in causing the fire on December 2, 2004, and in causing the resulting damage to the Project and to Defendants, constitute both a breach of the Contract and actionable negligence. Defendants therefore assert that they are entitled to set-off and retain any amounts due and owing under the terms of the Contract – a right which they expressly reserved when entering into the Repair Contract – and that they are also entitled to Judgment in their favor in the amount of any additional damages sustained over and above the amount of the Contract funds retained.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

By their Attorneys,

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 12th day of May 2005, I caused a true copy of the within Defendants' Statement of Claim to be mailed, postage prepaid, to the following counsel of record:

Girard R. Visconti
VISCONTI & BOREN LTD.
55 Dorrance Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza
Suite 400
Providence, RI 02903