**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CERTIFIED POWER SYSTEMS, INC. :
Plaintiff :

vs.

RHODE ISLAND STATE ENERGY :
STATUTORY TRUST 2000, FPLE RHODE: C.A. NO. 05-066-ML
ISLAND STATE ENERGY GP, INC. :
Defendants :

vs.

CERTIFIED POWER SYSTEMS, INC.
Defendant on Counterclaim/Third-Party :
Plaintiff :

vs.

ZAMPELL REFRACTORIES, INC. :
Third-Party Defendants :

**REPLY OF THIRD PARTY DEFENDANT ZAMPELL REFRACTORIES, INC. TO THE THIRD-PARTY COMPLAINT OF CERTIFIED POWER SYSTEMS, INC.**

**FIRST COUNT**

1. Third-Party Defendant, Zampell Refractories, Inc. admits the allegations contained in Paragraph 1 and 2 of the First Count of Third-Party Plaintiff Certified Power Systems, Inc.'s Third-Party Complaint.

2. Third-Party Defendant denies the allegations contained in Paragraph 3 of the First Count of the Third-Party Complaint.

**SECOND COUNT**

3. The Third-Party Defendant repeats herein and reaffirms its answer to Paragraphs 1 through 3 of the First Count of Third-Party Complaint as said Third-Party Defendant's answer to the first paragraph of the Second Count of said Third-Party Complaint.

4. Third-Party Defendant denies that Zampell was required to indemnify CPS for CPS's negligence. Third-Party Defendant neither admits nor denies the

13

remaining allegations contained in the second paragraph of the Second Count of the Third-Party Complaint in that it references a legal document and leaves the Third-Party Plaintiff to its proof of same with regard to said contract.

5. Third-Party Defendant denies the allegations contained in paragraph 3 of the Second Count of the Third-Party Complaint

**FIRST AFFIRMATIVE DEFENSE**

The Mechanic's Lien claim involving the precise issues in this case is now pending in the state court and, as such, the Federal Court matter should be dismissed and the case referred to the state court.

WHEREFORE, the Third-Party Defendant, Zampell Refractories, LLC demands judgment against the Third-Party Plaintiff, Certified Power Systems, Inc. plus costs.

THIRD-PARTY DEFENDANT,
ZAMPELL REFRACTORIES, INC.
by its attorneys,

JOHN R. MAHONEY, ESQUIRE, #1940
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903
Telephone (401) 331-5353
Fax (401) 331-7373

JOSEPH J. REALE, JR., ESQ. #3158
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903
Telephone (401) 453.9900
Fax (401) 453-9917

THIRD-PARTY DEFENDANT REQUESTS TRIAL BY JURY

JOHN R. MAHONEY, ESQUIRE, #1940

JOSEPH J. REALE, JR., ESQ. #3158

**COUNTERCLAIM OF THIRD-PARTY DEFENDANT ZAMPELL REFRACTORIES, INC. AGAINST THIRD-PARTY PLAINTIFF CERTIFIED POWER SYSTEMS, INC.**

1. The Third-Party Defendant/Counterclaim Plaintiff, Zampell Refractories, Inc., (Refractories) is a Massachusetts corporation with its principal place of business in Newburyport, Massachusetts.

2. The Third-Party Plaintiff/Counterclaim Defendant, Certified Power Systems, Inc. (CPS) is a Massachusetts corporation with its principal place of business in Cataumet, Massachusetts.

3. On or about October, 2004, CPS entered into a contract with Refractories regarding a project located on Shun Pike in Johnston, Rhode Island and owned by Rhode Island State Energy Partners, LP (Owner).

4. The property located on Shun Pike, Johnston, Rhode Island is a power plant engaged in the manufacture, distribution and sale of electricity.

5. Pursuant to the terms and conditions of the contract, Refractories was to supply insulation to piping, equipment and inlet filters on an existing structure located onsite.

6. Refractories was to receive payment of $575,000 from an established payment schedule for the labor and materials provided.

7, Pursuant to the terms of the agreement, CPS was to pay a start-up fee of $57,940. at the commencement of the project for mobilization and manpower costs.

8. Refractories commenced work on the project in October 2004 and worked consistently through the completion of the project in February 2005.

9. On or about December 2004, a fire ignited in the tower on which CPS and Refractories were working, causing damage to the structure.

10. At all times, Refractories has maintained a certificate of insurance specific to the project of approximately $2 million and also additional umbrella insurance of approximately $25 million for damage caused through their negligence or omission.

11. At all times, Refractories deny any responsibility for the cause of the fire.

12. After the fire, investigations were conducted and determinations made with regard to the cause of the fire.

13. Refractories promptly notified their insurance carrier of the fire and claim by the Owner regarding damage to the site and business interruption.

14. Upon information and belief, the Owner's claim totals approximately $5 million. The Owner alleges his claim is approximately $5 million for property damage, loss of business and business interruption

15. At all times subsequent to the fire, Refractories continued to execute the work pursuant to the terms and conditions of the contract and complete the work on a timely basis in February, 2005.

16. Refractories made repeated demands upon CPS for payment, which has not been forthcoming.

17. CPS has failed to make any payments to Refractories, even though it has received payment to the Owner for work performed by Refractories.

18 It was not until February, 2005 that CPS made its first payment of the mobilization fee due from October, 2004.

19. Refractories satisfactorily completed its in February, 2005.

20. Demand has been made upon CPS for additional payment but CPS has advised Refractories that no further payment will be made due to the fire and lack of payment from the Owner.

**COUNT I**
**(Breach)**

21. The Third-Party Defendant/Counterclaim Plaintiff hereby reallege the allegations set forth in Paragraphs 1 through 21 of this Counterclaim, as if set forth in full hearing.

22. Refractories entered into a contract with CPS to supply labor and materials for the improvement of a project located in Johnston, Rhode Island.

23. Refractories supplied the labor and materials in a satisfactory and workmanlike manner.

24. The Counterclaim Defendant, CPS, has breached the agreement with the Counterclaim Plaintiff by failing to pay the balance due

WHEREFORE, the Counterclaim Plaintiff, Zampell Refractories, Inc. demands judgment against the Counterclaim Defendant, Certified Power Systems, Inc. for a sum in the amount of $541,047.55 plus interest, costs, and reasonable attorneys' fees.

**COUNT II**
**(Unjust Enrichment)**

25. The Third-Party Defendant/Counterclaim Plaintiff hereby reallege the allegations set forth in Paragraphs 1 through 25 of this Counterclaim, as if set forth in full hearing

26. The Counterclaim Plaintiff, Refractories, entered into an agreement to supply labor and material with the Counterclaim Defendant, CPS.

27. Refractories supplied the work in a satisfactory and workmanlike manner.

28. The Counterclaim Defendant has received the benefit of the labor and materials sought and/or received, compensation from the Owner for the labor and materials supplied by the Counterclaim Plaintiff.

29. The Counterclaim Defendant has been unjustly enriched by the labor and materials supplied by the Counterclaim Plaintiff Refractories for which it has refused to make payment.

WHEREFORE, the Third-Party Defendant/Counterclaim Plaintiff, Zampell Refractories, Inc., demands judgment against the Third-Party Plaintiff/Counterclaim Defendant, Certified Power Systems, Inc. in the amount of $541.047.55 plus interest, costs, and reasonable attorneys' fees.

THIRD-PARTY DEFENDANT/
COUNTERCLAIM PLAINTIFF
by its attorney,

JOSEPH J. REALE, JR., ESQ. #3158
30 Kennedy Plaza, Suite 400
Providence, RI 02903
Telephone (401) 453-9900
Fax (401) 453-9917

THE THIRD-PARTY DEFENDANT/COUNTERCLAIM PLAINTIFF REQUESTS A TRIAL BY JURY AS TO ALL COUNTS OF THE COUNTER-CLAIM

JOSEPH J. REALE, JR., ESQ. #3158

**CERTIFICATION**

I hereby certify that on the 18th day of May, 2005, a true copy of within was mailed postage prepaid to Girard R. Visconti, Esquire, Visconti & Boren, Ltd., 55 Dorrance Street, Providence, RI 02903.

Marianne C. Martini