**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.<br>Plaintiff, | : | |
| vs. | : | C.A. No. 05-066-ML |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br>Defendants, | : | |
| vs. | : | |
| CERTIFIED POWER SYSTEMS, INC.<br>Defendant on Counterclaim/Third-Party Plaintiff, | : | |
| vs. | : | |
| ZAMPELL REFRACTORIES, INC.<br>Third-Party Defendant. | : | |

**ANSWER OF CERTIFIED POWER SYSTEMS, INC.**
**AS THIRD-PARTY PLAINTIFF/COUNTERCLAIM DEFENDANT**
**TO COUNTERCLAIM OF THIRD-PARTY DEFENDANT,**
**ZAMPELL REFRACTORIES, INC.**

1. Third-party plaintiff/counterclaim defendant, Certified Power Systems, Inc. ("CPS"), neither admits nor denies the allegations contained in paragraph 1 of third-party defendant's counterclaim, but leaves third-party defendant/counterclaim plaintiff, Zampell Refractories, Inc. ("Zampell") to its proof thereon.

2. CPS admits the allegations contained in paragraph 2 of Zampell's counterclaim.

3. CPS admits that it forwarded a purchase order dated October 1, 2004 ("Purchase Order") to Zampell.

4. CPS admits the allegations contained in paragraph 4 of Zampell's counterclaim.

5. CPS states that the scope of Zampell's work is noted in the Purchase Order.

6. CPS denies the allegations contained in paragraph 6 of Zampell's counterclaim. CPS states that payment terms were noted in the Purchase Order.

7. CPS denies the allegations contained in paragraph 7 of Zampell's counterclaim in that the aforesaid Purchase Order speaks for itself.

8. CPS neither admits nor denies the allegations contained in paragraph 8 of Zampell's counterclaim, but leaves Zampell to its proof thereon. Further answering, CPS states that Zampell caused substantial delays at the project by not properly managing the project from commencement. From the alleged fire incident, Zampell refused to cooperate and caused serious delays to the project, and as a consequence, CPS had to perform a substantial portion of Zampell's work scope.

9. CPS admits the allegations contained in paragraph 9 of Zampell's counterclaim, except that CPS denies any responsibility for said fire. Further answering, CPS states that its employees were not in the area where Zampell was performing its work.

10. CPS denies the allegations contained in paragraph 10 of Zampell's counterclaim, except that it is the understanding of CPS that Zampell has a certificate of insurance specific to the project of approximately $2 million dollars and additional umbrella insurance of $25 million dollars. Notwithstanding, Zampell was delinquent in supplying certificates of insurance in a timely manner.

11. CPS denies the allegations contained in paragraph 11 of Zampell's counterclaim.

12. CPS neither admits nor denies the allegations contained in paragraph 12 of Zampell's counterclaim, but leaves Zampell to its proof thereon.

13. CPS neither admits nor denies the allegations contained in paragraph 13 of Zampell's counterclaim, but leaves Zampell to its proof thereon.

14. CPS neither admits nor denies the allegations contained in paragraph 14 of Zampell's counterclaim, but leaves Zampell to its proof thereon.

15. CPS denies the allegations contained in paragraph 15 of Zampell's counterclaim.

16. CPS denies the allegations contained in paragraph 16 of Zampell's counterclaim.

17. CPS denies the allegations contained in paragraph 17 of Zampell's counterclaim.

18. CPS neither admits nor denies the allegations contained in paragraph 18 of Zampell's counterclaim, but leaves Zampell to its proof thereon.

19. CPS denies the allegations contained in paragraph 19 of Zampell's counterclaim.

20. CPS admits the allegations contained in paragraph 20 of Zampell's counterclaim, except that CPS has advised Zampell that no money will be paid to Zampell until CPS receives monies from the owner, and further when a determination is made as to liability in relation to the alleged fire.

**COUNT I**
**(Breach)**

21. CPS repeats and realleges its responses to paragraphs 1 through 20 of Zampell's counterclaim as if fully stated herein.

22. CPS denies the allegations contained in paragraph 22 of Zampell's counterclaim, except that CPS sent a Purchase Order to Zampell.

23. CPS denies the allegations contained in paragraph 23 of Zampell's counterclaim.

24. CPS denies the allegations contained in paragraph 24 of Zampell's counterclaim.

WHEREFORE, CPS demands that Zampell's counterclaim be dismissed with prejudice and it awarded interest, costs and attorneys' fees.

**COUNT II**
**(Unjust Enrichment)**

25. CPS repeats and realleges its responses to paragraphs 1 through 24 of Zampell's counterclaim as if fully stated herein.

26. CPS denies the allegations contained in paragraph 26 of Zampell's counterclaim, except that CPS sent a Purchase Order to Zampell.

27. CPS denies the allegations contained in paragraph 27 of Zampell's counterclaim.

28. CPS denies the allegations contained in paragraph 28 of Zampell's counterclaim.

29. CPS denies the allegations contained in paragraph 29 of Zampell's counterclaim.

WHEREFORE, CPS demands that Zampell's counterclaim be dismissed with prejudice and it awarded interest, costs and attorneys' fees.

**AFFIRMATIVE DEFENSES**

1. If Zampell suffered damages, the same were caused by Zampell's own negligence.

2. Zampell's counterclaim fails to state a cause of action upon which relief can be granted.

3. Zampell did not timely complete its obligations to CPS.

Third-Party Plaintiff/Counterclaim Defendant,
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

Girard R. Visconti, #0566
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903
(401) 331-3800
(401) 421-9302 (Fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a copy of the foregoing has been furnished by U.S. Mail, postage prepaid, this 20th day of June, 2005 to:

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Mark W. Freel, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903

Mark Vespole, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street
14th Floor
Newark, NJ 07102-3812

Susan Mayer