UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED

SEP 23 2005

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

CERTIFIED POWER SYSTEMS, INC. :
:
v. :
:
RHODE ISLAND STATE ENERGY :
STATUTORY TRUST 2000, FPLE :
RHODE ISLAND STATE ENERGY, :
L.P. and FPLE RHODE ISLAND :
STATE ENERGY GP, INC. :
:
v. : C.A. No. 05-066-ML
:
CERTIFIED POWER SYSTEMS, INC. :
:
v. :
:
ZAMPELL REFRACTORIES, INC. :

**MOTION TO EXTEND TIME FOR DISCOVERY AND TO POSTPONE MEDIATION**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P., and FPLE Rhode Island State Energy GP, Inc. (collectively, "FPLE") hereby move this Court for an enlargement of time to conduct discovery under the terms of this Court's Pretrial Order entered May 19, 2005, and further request that this Court postpone the mediation currently scheduled to occur on October 20, 2005. Finally, FPLE respectfully requests an amendment of this Court's Pretrial Order to allow FPLE to supplement its expert disclosures following the receipt of any and all expert disclosures by Plaintiff Certified Power Systems, Inc. ("CPS").

Since the last conference with this Court, the parties have engaged in substantial written discovery, have produced documents, and have exchanged expert reports consistent with the schedule established by this Court. No depositions have been conducted to date, although

Granted. Mary M. Lisi USDJ 9/26/05

counsel have recently expressed the intent to initiate depositions. FPLE sought an extension of its deadline for making expert disclosures from September 1 to September 21, which this Court granted. FPLE timely supplemented its expert disclosures on or about September 21. CPS also moved to extend its deadline for final expert disclosures from September 1, 2005 to October 3, 2005. The Court granted that relief. This means that CPS, as plaintiff, is making its final expert disclosures after the defendants.

The parties are currently scheduled to conduct a full-day mediation with William Poore, Esq., on October 20, 2005. However, it has become increasingly apparent that two principal and necessary parties in that mediation process, FPLE and Defendant Zampell Refractories, Inc. ("Zampell"), will not be prepared to participate in the mediation on that date on a meaningful basis, without the benefit of further discovery, including depositions of critical fact witnesses. Counsel for FPLE and Zampell have expressed this concern in correspondence to other counsel, and Zampell has requested depositions of certain critical fact witnesses prior to the mediation. However, given the respective schedules of counsel, and the limited time remaining before the mediation on October 20, it does not appear feasible to conduct the depositions requested by Zampell, let alone the additional depositions that will undoubtedly be requested by FPLE and others.

Given the nature of the factual allegations in this case, it is critical that the parties secure testimony from key witnesses before any process of mediation can be meaningful and productive. Moreover, FPLE respectfully submits that mediation is an inherently consensual process and cannot work unless all participants are committed to going forward on a voluntary basis under all circumstances present. FPLE therefore believes that despite the best efforts of the parties to date, the parties must have additional time to conduct further discovery in an effort to prepare for

mediation, as well as any ultimate trial. In particular, the parties need additional time to conduct the depositions of several critical fact witnesses and other corporate representatives, as well as potential expert depositions. FPLE does not believe that any party will be prejudiced by the extension of the discovery closure deadline, or by the postponement of the mediation, and respectfully submits that the additional time will be helpful to the Court in its future decisions in this case, and will make any future mediation more productive.

WHEREFORE, FPLE respectfully requests an extension of ninety (90) days of the discovery disclosure date in this case, from December 1, 2005 to March 1, 2005. FPLE further requests a postponement of the mediation until a mutually convenient date for all counsel, and for the mediator, after January 1, 2006. Finally, FPLE requests an extension of the date by which it is required to make any final or supplemental expert disclosures until November 1, 2005, which is approximately thirty (30) days following the current deadline for such disclosures by Plaintiff CPS. Counsel for FPLE remains willing to discuss the issues raised by this motion with the Court and other counsel in an upcoming conference.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

By their Attorneys,

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 23rd day of September 2005, I caused a true copy of the within Motion to Extend to be served by telecopy and regular mail, postage prepaid, to the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street, 2nd Floor
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903