**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.<br>Plaintiff,<br>vs. | : | C.A. No. 05-066-ML |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br>Defendants,<br>vs. | : | |
| CERTIFIED POWER SYSTEMS, INC.<br>Defendant on Counterclaim/Third-Party Plaintiff,<br>vs. | : | |
| ZAMPELL REFRACTORIES, INC.<br>Third-Party Defendants. | : | |

**CERTIFIED POWER SYSTEMS, INC's., AS COUNTERCLAIM DEFENDANT, SECOND REQUEST FOR AN EXTENSION OF TIME TO DISCLOSE ITS EXPERT WITNESS REPORTS**

On September 1, 2005 Certified Power Systems, Inc. (CPS) filed a motion to extend time to disclose its expert witness reports pertaining to two (2) recently hired experts, Tom Soule and Sue Freeman, based on the fact that the experts needed additional facts, data and information that would be obtained from the discovery responses of defendants and third-party defendant relative to interrogatories and requests for production that were propounded on July 21, 2005 and July 29, 2005 respectively. When the first motion to extend time was filed it was anticipated that defendants would respond to discovery by September 15, 2005. (Attached as Exhibit 1 is a copy of the motion). Therefore, the experts' disclosures were to be be made on October 3, 2005. Per conversations with defendants' counsel, defendants are expected to respond to plaintiff's discovery on or about September 27, 2005.

To date, third-party defendant, Zampell Refractories, Inc., has not responded to the outstanding discovery and a motion to compel was filed on September 15, 2005. (Attached as Exhibit 2 is a copy of the motion).

Thus, plaintiff is seeking an additional extension up to October 18, 2005 within which to file its additional experts' reports. However, if third-party defendant, Zampell Refractories, Inc., has not responded to plaintiff's outstanding discovery in sufficient time to utilize the information in preparing the experts' reports, then plaintiff is requesting an additional twenty (20) days to supplement its experts' reports after third-party defendant, Zampell Refractories, Inc., responds to plaintiff's discovery that was propounded in July of 2005.

Plaintiff/Third-Party Counterclaim Defendant,
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

Girard R. Visconti, Esq. (#0566)
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302

***Pro hac vice counsel***
Mark Robert Vespole
***Tressler, Soderstrom, Maloney & Priess***
Attorneys for
CERTIFIED POWER SYSTEMS, INC.,
Defendant on Counterclaim/Third-Party Plaintiff

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a copy of the foregoing has been furnished by U.S. Mail, postage prepaid, this 27th day of September, 2005 to:

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Mark W. Freel, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903

[signature]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.<br>Plaintiff,<br>vs. | : | C.A. No. 05-066-ML |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br>Defendants,<br>vs. | : | |
| CERTIFIED POWER SYSTEMS, INC.<br>Defendant on Counterclaim/Third-Party Plaintiff,<br>vs. | : | |
| ZAMPELL REFRACTORIES, INC.<br>Third-Party Defendants. | : | |

**CERTIFIED POWER SYSTEMS, INC's., AS COUNTERCLAIM DEFENDANT, MOTION FOR EXTENSION OF TIME TO DISCLOSE EXPERT WITNESSES**

Pursuant to Federal Rules of Procedure 6(b), Certified Power Systems, Inc. as counterclaim defendant hereby moves for a thirty (30) day extension of time to disclose additional expert witnesses based on the fact that two (2) experts recently retained, Tom Soule a power plant engineer expert and Sue Freeman a metallurgical engineering expert, need additional facts, data and information in order to write a report that will be obtained once defendants and third-party defendants respond to the interrogatories and request for production that were propounded in this case on July 21, 2005 and July 29, 2005. Defendants have sought an additional fifteen (15) days to respond to the discovery which means the discovery will not be responded to until September 15, 2005.

The current disclosure date is today September 1, 2005. Therefore, the thirty (30) day extension would make the expert disclosures due by October 3, 2005.

EXHIBIT 1

CPS is disbursing today the preliminary reports of its fire expert William M. Primiano and its electrical engineering expert Thomas E. Converse, P.E. in accordance with Rule 26(a)(2).

This case involves a fire that occurred at defendants' power plant in Johnston, Rhode Island, on December 3, 200r. After the fire occurred, CPS's expert witnesses, Mr. Primiano and Mr. Converse, were given restricted access to the CT-101 air inlet duct which caught fire. The access and limited inspections occurred on December 6, 2004 and December 9, 2004. By that time all fire debris and electrical conduits had been removed from the interior of CT-101 by defendants. Defendants as owners of the plant controlled the fire scene, restricted access to others and are now in control of the evidence and information needed by CPS's expert witnesses to complete their investigation and write their reports.

Based on the outstanding discovery that has not been produced and due to the fact that no parties will be prejudiced by this request for an extension, CPS requests that this court grant its motion for a thirty (30) day extension for the reasons set forth herein.

Plaintiff/Third-Party Counterclaim Defendant,
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

Girard R. Visconti, Esq. (#0566)
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302

***Pro hac vice counsel***
Mark Robert Vespole
***Tressler, Soderstrom, Maloney & Priess***
Attorneys for
CERTIFIED POWER SYSTEMS, INC.,
Defendant on Counterclaim/Third-Party Plaintiff

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a copy of the foregoing has been furnished by U.S. Mail, postage prepaid, this 1st day of September, 2005 to:

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Mark W. Freel, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CERTIFIED POWER SYSTEMS, INC.
Plaintiff,
vs. C.A. No. 05-066-ML

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.
Defendants,
vs.

CERTIFIED POWER SYSTEMS, INC.
Defendant on Counterclaim/Third-Party Plaintiff,
vs.

ZAMPELL REFRACTORIES, INC.
Third-Party Defendants.

**PLAINTIFF's MOTION TO COMPEL THIRD-PARTY DEFENDANT, ZAMPELL REFRACTORIES, INC., TO RESPOND TO PLAINTIFF's INTERROGATORIES AND REQUEST FOR PRODUCTION**

Plaintiff was hired by defendants to install heating coils on the air inlet plenum CT-101 and CT-102 at defendant's power plant located in Johnston, Rhode Island. Third-party defendant, Zampell Refractories, Inc. was a subcontractor hired to install the insulation to the air inlet structure. While third-party defendant was welding iron brackets and/or clips on CT-101 which holds the insulation in place, a fire developed on the inside of CT-101 causing substantial damage.

The experts' reports produced to date evidence that the evaporative cooling media located on the inside of the duct was not flame retardant and was combustible at temperatures in excess of 350 degrees. The iron brackets and/or clips were being welded to the stainless steel section of the air inlet duct. The welding that was being performed at the time the fire occurred on December 3, 2004 was non-structural. Regarding the iron brackets that were welded on the duct, some pictures show evidence of burn through marks in the vicinity of where the evaporative cooling media is located.



EXHIBIT 2

There is a dispute as to what was known and/or disclosed regarding the evaporative cooling media and the flammable materials located within the vicinity of where the welding occurred on December 3, 2004. The hot work permit issued on December 3, 2004 which was required per the specifications and contract prior to any welding occurring did not mention and/or list the evaporative cooling media.

Plaintiff is owed approximately 2.3 million dollars ($2,300,000.00) on work performed on the project which defendants are holding back and refusing to pay until defendants are reimbursed for the approximate 5 million dollars ($5,000,000.00) in losses sustained from the fire.

On July 21, 2005 plaintiff propounded a request for production to third-party defendant Zampell Refractories, Inc. to which no response has been made. No objections were filed to any of the requests within the initial thirty (30) day time period. (Attached as Exhibit A is copy of the request for production). On July 29, 2005 plaintiff propounded interrogatories to third party defendant Zampell Refractories, Inc. to which no response has been made and no objections have been interposed within the thirty (30) day time period required by the rules. (Attached as Exhibit B is a copy of the interrogatories).

The information sought in the interrogatories and request for production are relevant and material to the issues in this law suit and third-party defendant should be ordered to produce the documents and respond to the interrogatories within ten (10) days as plaintiff needs the information to provide to plaintiff's expert witnesses in order for the expert witnesses to prepare their reports which are due per an extension granted by October 3, 2005. CPS is in the process of trying to obtain a further extension.

**WHEREFORE**, plaintiff requests that it motion to compel be granted and that Zampell Refractories, Inc. provide responses to the interrogatories and request for production within ten (10) days of the hearing date.

Plaintiff's counsel has in good faith conferred or attempted to confer with Defendant's counsel pertaining to the above motion in an effort to resolve the motion without court intervention.

Plaintiff,
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

______________________

Girard R. Visconti, Esq. (#0566)
Jessica L. Papazian-Ross, Esq. (#3905)
*Visconti & Boren Ltd.*
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302

***Pro hac vice counsel***
Mark Robert Vespole
***Tressler, Soderstrom, Maloney & Priess***
Attorneys for
CERTIFIED POWER SYSTEMS, INC.,
Defendant on Counterclaim/Third-Party Plaintiff

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true copy of the foregoing has been furnished by U.S. Mail, postage prepaid, this 15th day of September, 2005 to:

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Mark W. Freel, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903

______________________