**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.<br>Plaintiff,<br>vs. | : | C.A. No. 05-066-ML |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br>Defendants,<br>vs. | : | |
| CERTIFIED POWER SYSTEMS, INC.<br>Defendant on Counterclaim/Third-Party Plaintiff,<br>vs. | : | |
| ZAMPELL REFRACTORIES, INC.<br>Third-Party Defendants. | : | |

**OBJECTION**

Certified Power Systems, Inc. hereby objects to defendants' motion for extension of the discovery and trial deadlines in this case per the pre-trial order.

Certified Power Systems, Inc., (CPS) entered into a contract with defendants on September 1, 2004 to install heating coils on the air inlet filters at FPLE's power plant in Johnston, Rhode Island. The heating coils were to prevent ice from building up and forming on the inlet air filters. Plaintiff hired Zampell Refractories, Inc. as a subcontractor who performed welding work on the air inlet plenums to attach the insulation. While Zampell was welding iron brackets and/or clips on inlet air plenum CT-101, a fire erupted inside the duct. As a result of the fire, defendant is claiming property damage of approximately 5 million dollars.

There is sufficient insurance to cover the fire loss once liability is established. Defendants are withholding monies owed to CPS of approximately 2.2 million dollars until defendants recover from the insurance companies and/or the responsible party, if any, regarding the property damage sustained at the plant.

CPS has been owed the 2.2 million dollars under its contract since January of 2005 and financially cannot maintain its status as a company carrying that large of an account receivable. CPS is in jeopardy of being placed in a Chapter 11 bankruptcy by its bank, BankNorth, wherein CPS holds a 1 million dollar line of credit. (See Affidavit of Brian Flynn attached as Exhibit A.).

The longer this case remains in the court system without a resolution, the greater the chance that CPS will no longer exist as a company. Thus, due to the heavy burden that the 2.2 million account receivable has had on CPS's finances and its ability to remain a viable company, CPS is requesting that this court not extend the discovery deadline of December 1, 2005 and that the trial go forward sometime in January of 2006.

CPS objects to the mediation scheduled for October 20, 2005 being extended as the purpose of mediation in Federal Court is to see if the case can be resolved before a lot of costs are incurred in depositions and discovery. CPS has answered defendants interrogatories and has produced well over 2,000 pages of documents in response to defendants' request for production. CPS has also responded to Zampell's request for production.

The parties have disclosed expert witnesses and CPS is waiting to finalize the disclosure of expert reports from two expert witnesses whose reports cannot be prepared until defendants respond to plaintiffs interrogatories and request for production that are outstanding and third-party defendant's, Zampell responds to the outstanding interrogatories and request for production.

For the reasons set forth in this objection, plaintiff requests that this court deny the extension of the discovery deadline and that the current pre-trial order as to the discovery deadline and anticipated trial in January of 2006 remain in full force and effect.

Plaintiff,
***CERTIFIED POWER SYSTEMS, INC.***
By its Attorneys,

______________________________
Girard R. Visconti, Esq. (#0566)
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302

***Pro hac vice counsel***
Mark Robert Vespole
***Tressler, Soderstrom, Maloney & Priess***
Attorneys for
CERTIFIED POWER SYSTEMS, INC.,
Defendant on Counterclaim/Third-Party Plaintiff

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a copy of the foregoing has been furnished by U.S. Mail, postage prepaid, this 28th day of September, 2005 to:

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Mark W. Freel, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903

______________________________