**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.<br>Plaintiff,<br>vs. | : | C.A. No. 05-066-ML |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br>Defendants,<br>vs. | : | |
| CERTIFIED POWER SYSTEMS, INC.<br>Defendant on Counterclaim/Third-Party Plaintiff,<br>vs. | : | |
| ZAMPELL REFRACTORIES, INC.<br>Third-Party Defendants. | : | |

**PLAINTIFF's MOTION TO COMPEL DEFENDANT TO FILE A FURTHER RESPONSE TO PLAINTIFF's REQUEST FOR PRODUCTION**

On July 21, 2005, plaintiff propounded a request for production to defendant. (Attached as Exhibit 1 is a copy of the request for production). Defendant asked for several extensions of time to respond to the request and was given up to September 26, 2005 to respond. On September 26, 2005, defendant provided the following response to the request for production which is attached as Exhibit 2. At that time no documents were produced with the written response on September 26, 2005.

The only documents defendant produced as of September 26, 2005 were defendants response to third-party defendant's request for production which was responded to on September 1, 2005. Third-party defendant propounded six (6) requests for production. (Attached is the written response of defendant to third-party defendant's request for production labeled as plaintiff's Exhibit 3).

Defendant's reply to plaintiff's request for production is deficient as it does not identify what document is being produced to respond to the specific enumerated request. The deficiencies in the

response was outlined in a letter to defendant's counsel on September 29, 2005 which is attached as plaintiff's Exhibit 4. Defendant's response of "none other than those previously produced" does not identify what documents are responsive to the request by description, date or identifying method. There have been only two requests for production propounded to defendants in this case. Zampell propounded a six category request and plaintiff propounded a 38 category request.

Defendants have recently sent some additional documents not identifying which request for production the documents relate to. Plaintiff is entitled to know what documents are being produced in response to what request and defendant should be compelled to supplement its responses to identify the documents and the request to which the documents comply. The deficient responses are request Nos. 2, 3, 4, 5, 6, 9, 10, 12, 13, 15, 16, 17, 27, 29, 31 and 32.

The following requests for production defendant identified documents will be produced and plaintiff would like a time frame that the documents be produced within ten (10) days as the request has been outstanding for approximately 3 months and plaintiff needs the documents to conduct depositions in this case and to provide to plaintiff's expert witnesses in this case. Thus, defendant should be ordered to produce within ten (10) days the documents corresponding with request for production Nos. 13, 18, 23, 24, 25, 26, 30, 34, 35 and 38.

The information sought in the request for production is relevant and material to the issues pending in this lawsuit. Defendants own and control the power plant located in Johnston, Rhode Island and hired plaintiff to install heating coils on the air inlet plenums at CT101 and CT201 on September 1, 2004. Third-party defendant, Zampell Refractories, Inc. was the subcontractor hired to install the insulation on the air inlet structure and while an employee of Zampell was welding iron brackets on CT101, a fire erupted on December 3, 2004 causing property damage to the plant. Defendant is seeking approximately $5,000,000.00 in property damage loss from the fire and plaintiff is seeking $2,300,000.00 owed on its contract for work performed. The evaporative cooling media located inside

the duct at CT101 caught on fire on December 3, 2004. The hot work permit issued on December 3, 2004 which authorized the welding on the structure did not mention or list the evaporative cooling media as being a flammable hazard.

Plaintiff is requesting that this court order defendants to supplement its response to plaintiff's request for production to identify what documents are being produced to correspond with the particular request for production and to produce all documents in defendant's possession, custody and/or control that defendant stated it would produce but has not as of this motion. Plaintiff requests a ten (10) day order for the documents to be produced.

Plaintiff,
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

Girard R. Visconti, Esq. (#0566)
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302

***Pro hac vice counsel***
Mark Robert Vespole
***Tressler, Soderstrom, Maloney & Priess***
Attorneys for
CERTIFIED POWER SYSTEMS, INC.,
Defendant on Counterclaim/Third-Party Plaintiff

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true copy of the foregoing has been furnished by U.S. Mail, postage prepaid, this 12th day of October, 2005 to:

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Mark W. Freel, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903