**EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SEP 2 8 2005

CERTIFIED POWER SYSTEMS, INC. :

v. :

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC. :

v. : C.A. No. 05-066-ML

CERTIFIED POWER SYSTEMS, INC. :

v. :

ZAMPELL REFRACTORIES, INC. :

**DEFENDANTS' RESPONSES AND OBJECTIONS TO CERTIFIED POWER SYSTEMS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed.R.Civ.P. 34, Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P. and FPLE Rhode Island State Energy GP, Inc. (collectively, "FPLE") hereby respond to Plaintiff Certified Power Systems, Inc.'s ("CPS") First Request for Production of Documents as follows:

**DOCUMENTS REQUESTED**

1. All reports and current curriculum vitae of all experts whom you intend to use at trial, including all drafts of all reports.

**RESPONSE:** FPLE refers to its previous reports from Thielsch Engineering, and reserves the right to supplement this response.

2. All documents, correspondence, memoranda, pleadings, discovery, records, reports, industry or government standards, treatises, textbooks, authorities, and any and all written or graphic material submitted to, relied upon or reviewed by any and all experts informing his/her opinion in this case.

**RESPONSE:** None other than those documents already produced. FPLE also reserves the right to supplement this response further.

3. All records, invoices, bills, cancelled checks and any other documents which verify, dispute, quantify, describe or in any way relate to the damages claimed by defendants in their counterclaim in this case.

**RESPONSE:** None other than those previously produced.

4. All police, fire or other municipal, county, state or federal investigative and/or administrative reports pertaining to the fire which is the subject of the counterclaim.

**RESPONSE:** None other than those previously produced.

5. All statements obtained from plaintiff, its agents, servants or employees regarding any allegation stated in the pleadings.

**RESPONSE:** None other than those previously produced.

6. Laser copies of all photographs taken which depict the property damage sustained by defendants, which have not already been provided in conjunction with an expert's report.

**RESPONSE:** None other than those previously produced.

7. All standards, industry standards, statutes, ordinances, codes, rules, regulations, texts, treatises, or any other written or published material which you claim either were violated by CPS or are evidence of negligence, breach of contract or liability on the part of CPS.

**OBJECTION:** Said request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery, in that this request seeks documents which are publicly available and therefore are as accessible to CPS as to any other party in this litigation.

8. All standards, industry standards, statutes, ordinances, codes, rules, regulations or any other published material which you claim either were violated by Zampell Refractories, Inc. ("Zampell") or are evidence of negligence or liability on the part of Zampell.

**OBJECTION:** Said request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery, in that this request seeks documents which are publicly available and therefore are as accessible to CPS as to any other party in this litigation.

9. All written communications between and among all parties to this lawsuit pertaining to flammable material contained within the air inlet plenum structures, welding procedures, hot work permits and the operations manual for the intake air filter system prepared by the manufacturer.

**RESPONSE:** None other than those previously produced.

10. All written communications between and among all parties to this lawsuit pertaining to the cause, origin or responsibility for the Occurrence.

**RESPONSE:** None other than those previously produced.

11. Full and complete copy of all insurance policies in effect on December 3, 2004 providing first party or other insurance coverage to the Defendants/Counterclaimants for the damages claimed as a result of the Occurrence, including all endorsements, together with a

summary of all benefits paid to date and all documents reflecting communications with any insurers.

**OBJECTION:** To the extent that CPS is seeking information regarding insurance benefits paid to date or communication with insurers, said request is beyond the scope of permissible discovery. Beyond that, FPLE refers to its interrogatory responses on this subject.

12. Copies of all daily reports, logs, diaries relative to any job meeting and/or discussion pertaining to hot work permits for welding, the operations manual for the intake air filter system, welding procedures to be utilized for the insulation material or flammable materials contained within the air inlet plenum structure.

**OBJECTION:** Said request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, as it requests daily logs, diaries and discussions without reference to whether those items have any bearing on the instant litigation.

**RESPONSE:** Without waiving the foregoing objection, FPLE is not currently aware of any responsive documents other than those previously produced.

13. All incident and investigative reports either prepared by defendants or in their possession pertaining to the Occurrence.

**RESPONSE:** Certain responsive documents have previously been produced, and FPLE will produce additional responsive documents.

14. All incident and investigative reports prepared by Zampell pertaining to the December 3, 2004 fire.

**RESPONSE:** None other than those previously produced.

15. All documents which reflect the identities of all of third-party defendants' employees or any other persons who had or claim to have had discussions with CPS or any of the Defendants/Counterclaimants prior to the Occurrence on December 3, 2004 concerning the existence of air filters and/or evaporative cooling media on the inside of the air inlet plenum.

**RESPONSE:** None other than those previously produced.

16. All documents in defendants' possession, custody or control in any way arising out of, or relating to the cause of the fire that occurred on December 3, 2004.

**RESPONSE:** Certain responsive documents have been previously produced. Additional documents will be produced in response to Request No. 13.

17. All documents in defendants' possession, custody or control in any way arising out of or relating to any contractor or subcontractor deviating from the plans and specifications on the Project as it pertained to installing insulation at CT-101 or CT-102 and the welding operations to be performed on the air inlet plenum relative to the attachment of iron brackets.

**RESPONSE:** Certain responsive documents have been previously produced. Additional documents will be produced in response to Request No. 13.

18. All documents which set forth, refer to or in any way memorialize your document retention policy during the Relevant Period.

**RESPONSE:** FPLE will produce any such responsive documents.

19. All documents which set forth, refer to or in any way memorialize the spoliation of any documents, things or tangible objects during the Relevant Period that potentially would have become evidence in this lawsuit.

**RESPONSE:** None.

20. All documents which set forth, refer to or in any way memorialize your storage of data by the users of your computers (such as word processing files and e-mail) and any and all backup systems, including all related hardware and software, during the Relevant Period.

**OBJECTION:** This request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that this request apparently seeks information regarding every computer used by FPLE without reference to whether any of those computers store any information relevant to this controversy. Without waiving the foregoing objection, FPLE states that it purges e-mails in employee mail boxes that are over sixty (60) days in age. Individual employees may, at their discretion, archive e-mails for longer than 60 days.

21. All documents which set forth, refer to or in any way memorialize the identity of all personnel responsible for maintaining computer hardware, data storage, or information systems on your computers, during the Relevant Period.

**OBJECTION:** Said request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, as this request would require FPLE to produce all documents, without limitation, bearing the name of any person responsible for maintaining computer systems, without regard to their relevance to this matter.

22. All documents which set forth, relate to or in any way memorialize the identity of the persons who maintain or with whom you have contracts to maintain inventory of data resources such as a Disaster Recovery Plan or a plan addressing the recover of deleted electronic data during, the Relevant Period.

**OBJECTION:** Said request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, as this request would require FPLE to produce all documents, without limitation, bearing the name of any person responsible for data resources, without regard to their relevance to this matter.

23. Copies of all documents from the Control Room that would register whether the electrical pumps were on and operational on CT-101 when the fire occurred on December 3, 2004.

**RESPONSE:** FPLE will produce any such responsive documents.

24. Copies of all documents that would register whether air was flowing through CT-102 in October or November of 2004 when Zampell performed its welding work and attached the iron brackets to the insulation on CT-102.

**RESPONSE:** FPLE will produce any such responsive documents.

25. Copies of all documents that would reveal whether air was flowing through CT-101 when the welding work was performed by Zampell on December 3, 2004.

**RESPONSE:** FPLE will produce any such responsive documents.

26. Copies of all documents from the Control Room or other location that would indicate whether the circuit breaker for CT-101 pump motor and/or heater was on or off at the time the fire occurred on December 3, 2004.

**RESPONSE:** FPLE will produce any such responsive documents.

27. Copies of all written documents relative to any instructions to employees relative to the issuance of hot work permits prior to December 3, 2004 that was in effect when the contract was entered into in this case on September 1, 2004.

**RESPONSE:** FPLE has already produced responsive documents.

28. Copies of all documents relative to any change in the method by which Defendants would issue hot work permits since the fire occurred on December 3, 2004.

**RESPONSE:** None.

29. Copies of all incident reports obtained from any employee of Defendants who was working on December 3, 2004, that was taken within seven (7) days of the fire occurring on December 3, 2004.

**RESPONSE:** None other than those previously produced.

30. Copies of all documents from the Control Room that would indicate whether an alarm went off or not when the fire occurred on December 3, 2004, which would have registered a high temperature emanating from CT-101.

**RESPONSE:** FPLE will produce any such responsive documents.

31. Copies of all letters or written communication between Defendants and the engineer on the Project relative to flammable material contained within the air inlet plenum structures, welding procedures, hot work permits and the operations manual for the intake air filter system prepared by the manufacturer.

**RESPONSE:** None other than those previously produced.

32. Copies of all documents relative to discussions that occurred during pre-bid meetings between Defendants and Plaintiff relative to flammable material within the air inlet structures, welding procedures to be utilized when installing the insulation on the air inlet plenum and any discussion relative to whether the air inlet structures contained evaporative cooling media.

**RESPONSE:** None other than those previously produced.

33. Copies of all material safety data sheets provided to plaintiff relative to the project.

**OBJECTION:** FPLE objects to a request for any material safety data sheets for the entire project, or the entire plant, as such request is overly broad and is not reasonably related to the limited facts at issue in this action.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, FPLE states that there are no material safety data sheets for the evaporative cooling media.

34. Copies of all documents evidencing the evaporative cooling media in CT-102 in October, November and December of 2004.

**RESPONSE:** FPLE will produce any such responsive documents.

35. Copies of all invoices, MSDS, brochures and instructional manuals regarding the purchase of the motor for the pump that was installed in CT-101 within 6 months of December 3, 2004.

**RESPONSE:** FPLE will produce any such documents still in its custody, possession or control.

36. Copies of all documents referring or relating to training of defendants' employees in the operation of Pneumafil's air inlet filter system.

**OBJECTION:** Said request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, as it requests documents that have no bearing on the instant litigation.

37. Copies of all documents by and between defendants' employees which relate or refer to the flammability of the evaporative cooling media.

**RESPONSE:** FPLE is not currently aware of any responsive documents.

38. Copies of all operation, maintenance and/or instructional manuals pertaining to the intake air filter system.

**RESPONSE:** FPLE will produce any such responsive documents.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

By their Attorneys,

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 26th day of September 2005, I caused a true copy of the within Responses and Objections to Certified Power Systems, Inc.'s First Request for Production of Documents to be served by first class mail, postage prepaid, to the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street, 2nd Floor
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

[signature]