UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CERTIFIED POWER SYSTEMS, INC. :
:
v. :
:
RHODE ISLAND STATE ENERGY :
STATUTORY TRUST 2000, FPLE :
RHODE ISLAND STATE ENERGY, :
L.P. and FPLE RHODE ISLAND :
STATE ENERGY GP, INC. :
:
v. : C.A. No. 05-066-ML
:
CERTIFIED POWER SYSTEMS, INC. :
:
v. :
:
ZAMPELL REFRACTORIES, INC. :

**DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO CERTIFIED POWER SYSTEMS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed.R.Civ.P. 34, Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P. and FPLE Rhode Island State Energy GP, Inc. (collectively, "FPLE") hereby supplements its response to Plaintiff Certified Power Systems, Inc.'s ("CPS") First Request for Production of Documents as follows:

**DOCUMENTS REQUESTED**

3. All records, invoices, bills, cancelled checks and any other documents which verify, dispute, quantify, describe or in any way relate to the damages claimed by defendants in their counterclaim in this case.

**SUPPLEMENTAL RESPONSE:** See documents previously produced bearing Bates numbers FPL001108-88.

4. All police, fire or other municipal, county, state or federal investigative and/or administrative reports pertaining to the fire which is the subject of the counterclaim.

**SUPPLEMENTAL RESPONSE:** See documents previously produced, specifically the report by the State Fire Marshal.

5. All statements obtained from plaintiff, its agents, servants or employees regarding any allegation stated in the pleadings.

**SUPPLEMENTAL RESPONSE:** None.

6. Laser copies of all photographs taken which depict the property damage sustained by defendants, which have not already been provided in conjunction with an expert's report.

**SUPPLEMENTAL RESPONSE:** All responsive photographs in FPLE's custody, possession and control are contained in the Thielsch Engineering report, a copy of which was previously produced.

9. All written communications between and among all parties to this lawsuit pertaining to flammable material contained within the air inlet plenum structures, welding procedures, hot work permits and the operations manual for the intake air filter system prepared by the manufacturer.

**SUPPLEMENTAL RESPONSE:** See documents previously produced bearing Bates numbers FPL000001-23, FPL000821-1107, FPL001113-14, FPL001121-86 and FPL001194-1254.

10. All written communications between and among all parties to this lawsuit pertaining to the cause, origin or responsibility for the Occurrence.

**SUPPLEMENTAL RESPONSE:** Other than expert reports, and other than correspondence exchanged between counsel during litigation, FPLE is not aware of any such documents.

12. Copies of all daily reports, logs, diaries relative to any job meeting and/or discussion pertaining to hot work permits for welding, the operations manual for the intake air filter system, welding procedures to be utilized for the insulation material or flammable materials contained within the air inlet plenum structure.

**OBJECTION:** Said request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, as it requests daily logs, diaries and discussions without reference to whether those items have any bearing on the instant litigation.

**SUPPLEMENTAL RESPONSE:** Without waiving the foregoing objection, see documents previously produced bearing Bates numbers FPL000024-93, FPL000094-139, FPL000140-820, FPL000821-1107, FPL001113-14 and FPL001187-93.

13. All incident and investigative reports either prepared by defendants or in their possession pertaining to the Occurrence.

**SUPPLEMENTAL RESPONSE:** FPLE refers to reports already produced from Thielsch Engineering and the State Fire Marshal. See also documents previously produced bearing Bates numbers FPL001117-20.

14. All incident and investigative reports prepared by Zampell pertaining to the December 3, 2004 fire.

**SUPPLEMENTAL RESPONSE:** FPLE is not aware of anything that Zampell or its counsel would consider an "incident and investigative report". To the extent that

any such documents were produced in this litigation by Zampell, FPLE assumes that counsel for CPS would have received copies.

15. All documents which reflect the identities of all of third-party defendants' employees or any other persons who had or claim to have had discussions with CPS or any of the Defendants/Counterclaimants prior to the Occurrence on December 3, 2004 concerning the existence of air filters and/or evaporative cooling media on the inside of the air inlet plenum.

**SUPPLEMENTAL RESPONSE:** FPLE does not know what discussions any employee of the third-party defendant may claim to have had. Otherwise, see documents previously produced bearing Bates numbers FPL000024-93, FPL000094-139.

16. All documents in defendants' possession, custody or control in any way arising out of, or relating to the cause of the fire that occurred on December 3, 2004.

**SUPPLEMENTAL RESPONSE:** FPLE refers to reports previously produced from Thielsch Engineering and the State Fire Marshal. See also documents previously produced bearing Bates numbers FPL000001-1254.

17. All documents in defendants' possession, custody or control in any way arising out of or relating to any contractor or subcontractor deviating from the plans and specifications on the Project as it pertained to installing insulation at CT-101 or CT-102 and the welding operations to be performed on the air inlet plenum relative to the attachment of iron brackets.

**SUPPLEMENTAL RESPONSE:** See documents previously produced bearing Bates numbers FPL000001-23, FPL000024-93, FPL000094-139, FPL000821-1107, FPL001113-20.

23. Copies of all documents from the Control Room that would register whether the electrical pumps were on and operational on CT-101 when the fire occurred on December 3, 2004.

**SUPPLEMENTAL RESPONSE:** See documents previously produced bearing Bates numbers FPL001187-93.

24. Copies of all documents that would register whether air was flowing through CT-102 in October or November of 2004 when Zampell performed its welding work and attached the iron brackets to the insulation on CT-102.

**OBJECTION:** Said request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the events giving rise to this action occurred on December 3, 2004, as a result, the status of air flow during November 2004 has no bearing on this controversy.

25. Copies of all documents that would reveal whether air was flowing through CT-101 when the welding work was performed by Zampell on December 3, 2004.

**SUPPLEMENTAL RESPONSE:** See documents previously produced bearing Bates numbers FPL001187-93.

26. Copies of all documents from the Control Room or other location that would indicate whether the circuit breaker for CT-101 pump motor and/or heater was on or off at the time the fire occurred on December 3, 2004.

**SUPPLEMENTAL RESPONSE:** See documents previously produced bearing Bates numbers FPL001187-93.

27. Copies of all written documents relative to any instructions to employees relative to the issuance of hot work permits prior to December 3, 2004 that was in effect when the contract was entered into in this case on September 1, 2004.

**SUPPLEMENTAL RESPONSE:** See documents previously produced bearing Bates numbers FPL000001-23, FPL000024-93, FPL000094-139, FPL000140-820, and FPL000821-1107.

29. Copies of all incident reports obtained from any employee of Defendants who was working on December 3, 2004, that was taken within seven (7) days of the fire occurring on December 3, 2004.

**SUPPLEMENTAL RESPONSE:** None, other than log entries. (See FPL001187-93).

30. Copies of all documents from the Control Room that would indicate whether an alarm went off or not when the fire occurred on December 3, 2004, which would have registered a high temperature emanating from CT-101.

**OBJECTION:** FPLE objects to the foregoing request to the extent that it seeks or implies a legal or scientific conclusion regarding the events of December 3, 2004.

**SUPPLEMENTAL RESPONSE:** Notwithstanding the foregoing objection, see documents previously produced bearing Bates numbers FPL001187-93.

31. Copies of all letters or written communication between Defendants and the engineer on the Project relative to flammable material contained within the air inlet plenum structures, welding procedures, hot work permits and the operations manual for the intake air filter system prepared by the manufacturer.

**SUPPLEMENTAL RESPONSE:** See documents previously produced bearing Bates numbers FPL000001-23, FPL000024-93, FPL000094-139, FPL000140-820, FPL000821-1107 and FPL001115-16.

32. Copies of all documents relative to discussions that occurred during pre-bid meetings between Defendants and Plaintiff relative to flammable material within the air inlet structures, welding procedures to be utilized when installing the insulation on the air inlet plenum and any discussion relative to whether the air inlet structures contained evaporative cooling media.

**SUPPLEMENTAL RESPONSE:** See documents previously produced bearing Bates numbers FPL000001-23 and FPL000821-1107.

34. Copies of all documents evidencing the evaporative cooling media in CT-102 in October, November and December of 2004.

**SUPPLEMENTAL RESPONSE:** See documents previously produced bearing Bates numbers FPL001121-86 and FPL001194-1254.

38. Copies of all operation, maintenance and/or instructional manuals pertaining to the intake air filter system.

**RESPONSE:** See documents previously produced bearing Bates numbers FPL001121-86 and FPL001194-1254.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

By their Attorneys,

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 12th day of October, 2005, I caused a true copy of the within Supplemental Responses and Objections to Certified Power Systems, Inc.'s First Request for Production of Documents to be served by first class mail, postage prepaid, to the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street, 2nd Floor
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

[signature]