**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CERTIFIED POWER SYSTEMS, INC. :
Plaintiff, :

vs. : C.A. No. 05-066-ML

RHODE ISLAND STATE ENERGY
STATUTORYTRUST 2000,
FPLE RHODE ISLAND STATE
ENERGY, L.P. and FPLE RHODE ISLAND
STATE ENERGY GP, INC :
Defendants, :

vs. :

CERTIFIED POWER SYSTEMS, INC. :
Defendant on Counterclaim/Third-Party Plaintiff, :

vs. :

ZAMPELL REFRACTORIES, INC. :
Third-Party Defendants :

vs. :

SARGENT & LUNDY, LLC and PREMIER
ENGINEERING SERVICES, INC. :
Fourth-Party Defendants :

**MOTION**

Plaintiff, Certified Power Systems, Inc., hereby moves pursuant to Rule 42(b) to sever the fourth party complaints filed in this case which add two (2) new parties, Sargent & Lundy, LLC and Premier Engineering Services, Inc. as fourth party defendants to a claim for indemnification and contribution filed by Zampell Refractories, Inc.

The basis for the severance is that CPS is owed 2.1 million dollars on its contract with the defendants and due to precarious finances, it does not have the ability to carry this large account

receivable and maintain its liability as a corporation which is at risk of being put into bankruptcy by its lender. Thus, any delay in the trial of this case will be detrimental to plaintiffs but will not prejudice the other parties to the same degree as no other party is at risk of going into bankruptcy and there is adeqate insurance to cover any property damage claim that the defendants are asserting in this case arising out of the fire that occurred at the Johnston power plant on December 3, 2004.

Due to the fact that the parties recently added to the case will most likely be seeking reasonable time to conduct discovery, the most practical solution would be to sever the fourth party complaint and allow the main complaint, counterclaim and third party complaint to be tried on this court's calendar in March of 2006. The trial of that case could be dispositive to the fourth party complaint.

In support of its motion to sever the fourth party complaint, plaintiff refers this court to the attached memorandum of law and exhibits.

Plaintiff/Third-Party Counterclaim Defendant,
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

Girard R. Visconti, Esq. (#0566)
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302

**Pro hac vice counsel**
Mark Robert Vespole
***Tressler, Soderstrom, Maloney & Priess***
Attorneys for CERTIFIED POWER SYSTEMS, INC., Defendant on Counterclaim/Third-Party Plaintiff

***CERTIFICATION***

The undersigned hereby certifies that a true copy of the within document was forwarded on this 11th day of January, 2006 via First Class Mail, postage pre-paid to the following counsel of record:

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Mark W. Freel, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Warren D. Hutchison, Esq.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CERTIFIED POWER SYSTEMS, INC. :
Plaintiff, :
vs. : C.A. No. 05-066-ML

RHODE ISLAND STATE ENERGY
STATUTORYTRUST 2000,
FPLE RHODE ISLAND STATE
ENERGY, L.P. and FPLE RHODE ISLAND
STATE ENERGY GP, INC :
Defendants, :
vs. :

CERTIFIED POWER SYSTEMS, INC. :
Defendant on Counterclaim/Third-Party Plaintiff, :
vs. :

ZAMPELL REFRACTORIES, INC. :
Third-Party Defendants :
vs. :

SARGENT & LUNDY, LLC and PREMIER
ENGINEERING SERVICES, INC. :
Fourth-Party Defendants :

**PLAINTIFF's MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO SEVER THE FOURTH PARTY COMPLAINT**

Plaintiff filed this law suit on or about February 18, 2005 seeking a claim for breach of contract and quantum meruit arising out of work performed at defendant's power plant. Plaintiff was hired as the general contractor on September 1, 2004 to install heating coils on the air inlet filters at defendants power plant in Johnston, Rhode Island. Plaintiff hired third-party defendant, Zampell Refractories, Inc. as the subcontractor to install the insulation on the air inlet plenums. While Zampell Refractories, Inc. was performing welding work pertaining to the installation of the insulation on the combustion turbine #1 (CT-101) at the power plant, a fire erupted inside the duct and defendants are claiming approximately five (5) million dollars in property damage.

Plaintiff performed both pre and post fire work on the air inlet structures and, combined, is owed approximately 2.1 million dollars for the work performed. Under the contract, defendants are claiming a setoff to the monies owed to the main contract based on the five (5) million dollars sustained in property damage. Defendants expert has opined that the fire was caused by Zampell's improper welding, which caused the evaporative cooling media contained inside the duct to catch fire. Under the contract, CPS had a duty to supervise the work of its subcontractors. Thus, defendants are claiming that CPS is responsible for the loss that occurred.

CPS denies that it knew about or was ever told that evaporative cooling media was contained inside the air inlet structure and that the evaporative cooling media was flammable. The defendants, who own the power plant, had knowledge that the air inlet structure contained evaporative cooling media and that the evaporative cooling media was flammable. The issue in the case is was the owner obligated to convey to the contractor known hazards in the plant that could impact and/or affect the scope of the work being performed by the contractor and/or should the contractor have independently searched for and discovered known hazards within the plant before it commenced its work.

Sargent & Lundy was hired as the architect and/or engineer by defendants and Sargent & Lundy prepared the specifications, plans and drawings for the project and approved the plans submitted by Zampell for how the insulation was going to be attached to the duct. Zampell submitted insulation drawings that called for angle iron brackets to be welded to the structure. Thereafter, the insulation would be placed on the outside of the structure, aluminum lagging would be placed on the outside of the insulation and a pin would be placed through the lagging to

hold the insulation in place. While the angle iron clips were being welded to the duct by Zampell's employee, the fire erupted on December 3, 2004.

Premier Engineering Services, Inc. was hired by defendants to act as the construction manager for the project. Ed Alarcon of Premier Engineering was the point person between the plant, the engineer and the contractors regarding the work that was being performed at the plant relative to the heating coil project.

Discovery to date has revealed that defendants had in their possession at the time the project began in September of 2004 an operations and maintenance manual by the manufacturer of the air inlet plenum that revealed that no welding could take place on the duct unless the evaporative media was isolated (removed) and/or the evaporative media was kept wet while the welding occurred. This operations and maintenance manual, that was in the possession of the owner of the plant, was not given to CPS and/or known to CPS at the time the project began in September of 2004. CPS did not discover and/or learn about the operations and maintenance manual until after the fire occurred on December 3, 2004.

Relative to the claims being asserted in this case, plaintiff has liability insurance coverage of up to three (3) million dollars. Third-party defendant, Zampell Refractories, Inc., has liability insurance of up to twenty-five (25) million dollars. At this time, plaintiff does not know the insurance coverage of Sargent & Lundy and/or Premier Engineering. Defendants' property damage claim is five (5) million dollars. The monies owed to CPS on its contract do not involve insurance monies but involve contractual monies that defendants, as the owner of the power plant, is obligated to pay. Defendants have ample funds to pay the 2.1 million dollars, but is refusing to pay the monies based on the setoff provision contained in the contract. None of the

other parties in this case risk being placed in bankruptcy if the trial in this case is delayed. Plaintiff will suffer the ultimate prejudice if this trial is delayed because it cannot maintain the large account receivable owed in this case and pursue new projects based on its precarious financial positions with its lender, BankNorth, as set forth in the attached affidavit of Brian Flynn. (See Exhibit A)

The main case has been pending since February of 2005 and plaintiff is requesting that this case be tried in March of 2006 on the jury calendar subject to the court's availability. Plaintiff is requesting that the fourth-party complaints be severed so that the new parties recently added to the case will not be prejudiced in having to try the case in sixty (60) days. Depending on the outcome of the main case, the fourth-party complaint may be rendered moot depending on the findings that are made by the trier of fact.

For the reasons set forth above, plaintiff is requesting that this court pursuant to Rule 42(b) sever the fourth-party complaints from this case and allow the case to go forward on the trial calendar for March of 2006.

Plaintiff/Third-Party Counterclaim Defendant,
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

Girard R. Visconti, Esq. (#0566)
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302

**Pro hac vice counsel**
Mark Robert Vespole
***Tressler, Soderstrom, Maloney & Priess***
Attorneys for CERTIFIED POWER SYSTEMS, INC., Defendant on Counterclaim/Third-Party Plaintiff

***CERTIFICATION***

The undersigned hereby certifies that a true copy of the within document was forwarded on this 11th day of January, 2006 via First Class Mail, postage pre-paid to the following counsel of record:

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Mark W. Freel, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Warren D. Hutchison, Esq.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210