UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SCANNED

CERTIFIED POWER SYSTEMS, INC.

VS.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE
RHODE ISLAND STATE ENERGY GP, INC.

VS.

CERTIFIED POWER SYSTEMS, INC. C.A. NO.: 05-066-ML

VS.

ZAMPELL REFRACTORIES, INC.

VS.

SARGENT & LUNDY, L.L.C. and
PREMIER ENGINEERING SERVICES, INC.

**ZAMPELL REFRACTORIES, INC.'s OBJECTION TO SARGENT & LUNDY, LLC's MOTION TO SEVER**

Now comes the third-party defendant/fourth-party plaintiff, Zampell Refractories, Inc., and hereby objects to the fourth-party defendant, Sargent & Lundy, LLC's, motion to sever the Fourth-Party Complaints. As grounds for said objection, the objecting party refers to the Memorandum of Law attached hereto and incorporated herein by reference.

ZAMPELL REFRACTORIES, INC.,
BY ITS ATTORNEY,

JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 – Telephone
(401) 331-7373 – Fax

CERTIFICATION

I hereby certify that on the 26th day of January, 2006 I mailed a true copy of the within to Joseph J. Reale, Jr., Esq., 30 Kennedy Plaza, Suite 400, Providence, RI 02903; Mark W. Freel, Esq., Edwards & Angell, LLP, 2800 Financial Plaza, Providence, RI 02903; Jessica Papazian-Ross, Esq., Visconti & Boren, 55 Dorrance Street, Providence, RI 02903; Mark Robert Vespole, Esq., Theresa E. Mullen, Tressler, Soderstrom, Maloney & Priess, 744 Broad Street, 14th Floor, Newark, NJ 07102-3812 and Warren D. Hutchison, Esq., Donovan Hatem, LLP, Two Seaport Lane, Boston, MA 02210.

Lisa Ann Soucy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CERTIFIED POWER SYSTEMS, INC.

VS.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE
RHODE ISLAND STATE ENERGY GP, INC.

VS.

CERTIFIED POWER SYSTEMS, INC. C.A. NO.: 05-066-ML

VS.

ZAMPELL REFRACTORIES, INC.

VS.

SARGENT & LUNDY, L.L.C. and
PREMIER ENGINEERING SERVICES, INC.

**MEMORANDUM OF LAW**
**IN SUPPORT OF ZAMPELL REFRACTORIES, INC.'s OBJECTION TO SARGENT & LUNDY, LLC's MOTION TO SEVER**

Zampell Refractories, Inc. does not take issue with the facts as recited in the moving party's motion to sever. The fire in issue occurred approximately fourteen (14) months ago on December 3, 2004. Zampell Refractories, Inc. answered the Third-Party Complaint filed in this case approximately eight and a half months ago on May 18, 2005.

Despite the number of parties in this case, the factual issues are simple. Factual issue one pertains to whether there was negligent welding that took place during a construction project at the defendant's power plant. The second factual issue exists, irrespective of whether there was negligent welding. That issue pertains to what party or parties were responsible for removing flammable material that allegedly ignited as a result of the welding.

During the course of discovery, it was revealed by late October or early November, 2005 that Sargent & Lundy, LLC, the architect/engineer allegedly should have been aware of the

flammable material and should have provided specifications and a cost assessment with regard to removal or, at the very least, protection of that flammable material. By late November, 2005 it was revealed that Premier Engineering Services, Inc. had been the Project Manager on this construction job. As a result of these disclosures in discovery, both of these parties have now been added as fourth-party defendants.

Consequently, one or more of the five parties in this case should have removed or taken precautions with regard to the flammable material in issue. If this action had been undertaken there would have been no fire.

Rule 42(b) of the Federal Rules of Civil Procedure reads as follows:

> **Separate Trials.** The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The First Circuit Court of Appeals in Franchi Construction Co., Inc. vs. Combined Insurance Company of America, 580 F.2d 1 (1978) wrote in regard to a trial judges decision with reference to ordering the separation of trials:

> We have also indicated that the procedure (ordering separate trials) selected by the trial court should be conducive to expedition and economy. Franchi Construction Co., Inc., supra 7.

> The same court wrote:

> While the concerns advanced by the trial judge are undoubtedly important, they should not control the decision to conduct separate trials before different juries if the issues to be so tried are not separate and distinct. Franchi Construction Co., Inc., supra 7.

The Tenth Circuit Court in addressing the issue of the bifurcation of trial issues wrote in York v. American Telephone and Telegraph Co., 95 F.3d 948 (1996):

> Nor did the court abuse its wide discretion in denying York's motion to bifurcate the trial. Such decisions must be made with regard to judicial efficiency, judicial resources and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury. York, supra 958.

A review of Rule 42(b) and the aforesaid cases suggests that the courts address when considering the issue of whether a matter should proceed in one or separate trials, expedition of claim resolution, judicial efficiency, judicial resources and whether a single proceeding will unduly prejudice any of the parties or confuse the jury.

Zampell Refractories, Inc. respectfully suggests that since the factual issues as stated above are simple there would be no jury confusion in resolving this case in one trial. There will definitely be a second trial regarding the same factual issue if this motion for separate trials is granted and Certified Power Systems, Inc. is found to have breached its contract with the defendant. Furthermore, it is conceivable that if Certified Power Systems, Inc. is not found to have breached it's contract with the defendant, the defendant would still have a direct action against either one of the fourth-party defendants, both of whom worked for it during this construction project. To hold one trial regarding the simple factual issues will forever dispose of this case. Bifurcating the same issue will almost certainly result in more than one trial.

Furthermore, granting the moving party's motion will create more confusion than proceeding to disposition of this case with all the parties present. It will be necessary for the jury to hear from both fourth-party defendants' representatives. It would be the intention of Zampell Refractories, Inc. and Certified Power Systems, Inc., who has filed a direct indemnification and contribution claim against the fourth-party defendants, to take depositions of the fourth-party defendants whether separate trials are ordered or not.

Zampell Refractories, Inc. respectfully suggests that if this case was tried in June, 2006, a trial would occur one and a half years after the fire and thirteen months after this case was filed. Under those circumstances, all of the parties would have sufficient time to have prepared for this case. The fourth-party defendants have benefit of much discovery to readily acquaint themselves

with the issues in the case while still having the option to take any depositions that may have already been taken if they deem it appropriate to do so.

The fourth-party defendant's motion to sever should be denied. If a trial in this matter is scheduled in May or June, 2006, it will provide all parties with sufficient time to review past discovery and undertake future discovery so as to be ready for trial. In the event a meaningful mediation session can be held in April or May, 2006 with all of the parties present, the case may settle. If the case does not settle, it will proceed to trial where one trial will resolve all issues. If the fourth-party defendant's motion to sever is granted, mediation will not be meaningful, the likelihood of settlement remote and the distinct probability exists that a second trial involving the same factual issues in the Federal Court will be necessary.

ZAMPELL REFRACTORIES, INC.,
BY ITS ATTORNEY,

JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 – Telephone
(401) 331-7373 – Fax

CERTIFICATION

I hereby certify that on the 26th day of January, 2006 I mailed a true copy of the within to Joseph J. Reale, Jr., Esq., 30 Kennedy Plaza, Suite 400, Providence, RI 02903; Mark W. Freel, Esq., Edwards & Angell, LLP, 2800 Financial Plaza, Providence, RI 02903; Jessica Papazian-Ross, Esq., Visconti & Boren, 55 Dorrance Street, Providence, RI 02903; Mark Robert Vespole, Esq., Theresa E. Mullen, Tressler, Soderstrom, Maloney & Priess, 744 Broad Street, 14th Floor, Newark, NJ 07102-3812 and Warren D. Hutchison, Esq., Donovan Hatem, LLP, Two Seaport Lane, Boston, MA 02210.

Lisa Ann Soucy