**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CERTIFIED POWER SYSTEMS, INC.,

Plaintiff,

v.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.,

Defendants,

v.

CERTIFIED POWER SYSTEMS, INC.,

Defendant on Counterclaim/Third-Party Plaintiff,

v.

ZAMPELL REFRACTORIES, INC.,

Third-Party Defendants/Fourth-Party Plaintiff,

v.

SARGENT & LUNDY, LLC and PREMIER ENGINEERING,

Fourth-Party Defendants.

**C.A. No. 05-066-ML**

**CERTIFIED POWER SYSTEMS, INC.'S, AS COUNTERCLAIM DEFENDANT, REQUEST TO ALLOW DISCOVERY BEYOND THE DISCOVERY END DATE OF FEBRUARY 14, 2006**

Defendant on Counterclaim, CERTIFIED POWER SYSTEMS, INC. ("CPS"), hereby moves that certain discovery be allowed between the parties beyond the discovery end date of February 14, 2006 on the following grounds:

1. CPS must complete the deposition of Peter Holzapfel, the plant manager for the Johnston, RI plant and the Rule 30(b)(6) designated witness on behalf of the FPL defendants. Mr. Holzapfel was initially produced for deposition beginning on November 7, 2005 and his continued deposition was scheduled for January 6, 2006. The January 6, 2006 deposition was adjourned due to the witness having sustained serious injuries in an accident just prior to January 6. By letter dated January 23, 2006, Mr. Freel, counsel for the FPL defendants, advised counsel in writing that Mr. Holzapfel will be unavailable until at least the end of February to appear for the continuation of his deposition. (A copy of Mr. Freel's January 23, 2006 letter is annexed hereto as Exhibit A.)

2. The depositions of the recently added parties, fourth-party defendants Sargent & Lundy and Premier Engineering, Inc., must be taken. CPS had scheduled the depositions of three witnesses from Sargent & Lundy within the discovery end date but we have now been told that these witnesses will only be produced in Chicago, Illinois. CPS is in the process of arranging to accommodate these witnesses accordingly; however, it is unlikely that the depositions can be completed by February 14, 2006.

3. It is further necessary that CPS take the deposition of Ed Alarcon of Premier Engineering, Inc. Premier Engineering was served with the summons and fourth-party complaint on January 19, 2006 and has not yet filed its answer to the fourth-party complaint. Premier's answer will barely be due by February 14, 2006, and it is, therefore, unlikely that the deposition of Mr. Alarcon can be completed by February 14, 2006.

4. By agreement of the original three parties in this lawsuit, CPS, the FPL defendants and Zampell Refractories, we were going to complete the depositions of experts by stipulation beyond the discovery end date. However, because there have been two new fourth-party defendants added to the case, one of which has not yet answered, it has become necessary to

formalize this understanding with the Court's approval of the continuation of expert depositions after the discovery end date.

5. The Court has ruled that the fourth-party action will not be severed from the case at trial. The fourth-party defendants must therefore produce their witnesses and respond to interrogatories and requests for production of documents in short order. It is unlikely that Sargent & Lundy and Premier Engineering, Inc. will be able to comply with a February 14, 2006 deadline.

6. CPS will rely for this application upon the memorandum of law being simultaneously submitted in opposition to the FPL defendants' motion for a protective order.

CERTIFIED POWER SYSTEMS, INC.
By their Attorneys,

Girard R. Visconti, Esq. (#0566)
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302

**Pro hac vice counsel**
Mark Robert Vespole
Tressler, Soderstrom, Maloney & Priess
Attorneys for CERTIFIED POWER SYSTEMS, INC., Defendant on Counterclaim/Third-Party Plaintiff

Dated: 2/1/06

NEWARK-#17409-v1

<u>Order:</u> This motion is hereby ____________________.

______________________________
U.S. District Judge

Date:__________________________

CERTIFICATION OF SERVICE

The undersigned hereby certifies that a true copy of the within document was sent, via First Class Mail, postage pre-paid, on this 1st of February, 2006 to the following:

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Mark W. Freel, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903

Warren D. Hutchison, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210