**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CERTIFIED POWER SYSTEMS, INC.
Plaintiff,
vs.

C.A. No. 05-066-ML

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.
Defendants,
vs.

CERTIFIED POWER SYSTEMS, INC.
Defendant on Counterclaim/Third-Party Plaintiff,
vs.

ZAMPELL REFRACTORIES, INC.
Third-Party Defendants.

vs.

SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.
Fourth-Party Defendants

**PLAINTIFF'S CERTIFIED POWER SYSTEMS, INC. OBJECTION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants have moved for a Protective Order seeking to prevent Plaintiff from deposing fact witnesses that have relevant information pertaining to the claims and defenses being asserted in this case. Defendants have failed to establish "good cause" as required by Rule 26 to warrant a Protective Order. There are no grounds whatsoever under Rule 26 and/or Rule 30 to prevent Plaintiff from deposing representatives of Premier Engineering Services, Inc. and Sargent & Lundy, LLC who were recently being added to the case on a Fourth Party Complaint filed by Third Party Defendant Zampell Refractories, Inc.

Plaintiff refers this Court to the attached Memorandum of Law in Support of Plaintiff's Objection to Defendant's Motion for Protective Order.

Plaintiff,

***CERTIFIED POWER SYSTEMS, INC.***
By its Attorneys,

_______________________
Girard R. Visconti, Esq. (#0566)
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302

***Pro hac vice counsel***
Mark Robert Vespole
***Tressler, Soderstrom, Maloney & Priess***
Attorneys for
CERTIFIED POWER SYSTEMS, INC.,
Defendant on Counterclaim/Third-Party Plaintiff

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true copy of the foregoing has been furnished by U.S. Mail, postage prepaid, this 1st day of February, 2006 to:

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Warren D. Hutchison, Esq.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Mark W. Freel, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903

_______________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.<br>Plaintiff,<br>vs.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br>Defendants,<br>vs.<br><br>CERTIFIED POWER SYSTEMS, INC.<br>Defendant on Counterclaim/Third-Party Plaintiff,<br>vs.<br><br>ZAMPELL REFRACTORIES, INC.<br>Third-Party Defendants.<br><br>vs.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.<br>Fourth-Party Defendants | : | C.A. No. 05-066-ML |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF IT'S OBJECTION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Under Rule 26(b)(1), a party can seek discovery regarding any matter that is not privileged that is relevant to a claim or defense being asserted in the lawsuit. The information sought does not have to be admissible at trial but merely has to be reasonably calculated to lead to the discovery of admissible evidence. A party seeking a Protective Order must establish "good cause" as to why there should be a limitation on discovery. The Defendant has the burden of establishing good cause which has not met in this case.

Premier Engineering Services, Inc. was hired by Defendants to act as the construction

manager for the heating coil project at the Johnston power plant. The principal from Premier Engineering that was involved in this project was Ed Alarcon. Ed Alarcon was involved in every aspect of the project and was the liaison and/or point person between Defendants and the contractors working on the project. Ed Alarcon directly spoke with the engineer and architect hired by Florida Power and Light which was Sargent & Lundy and directly spoke with representatives from CPS on the project. Ed Alarcon had an e-mail address at Florida Power and Light and all communications and correspondence regarding the project that needed to be addressed to Defendants were presented to Ed Alarcon who was the construction manager for Defendants. Ed Alarcon would respond to contractors regarding the position of Florida Power and Light on whatever issue was being addressed. In essence, Ed Alarcon was acting as the agent for the disclosed principal, Florida Power and Light.

CPS is seeking $2.1 million on its pre and post-fire contracts with Defendants relative to work performed at the Johnston Power Plant pertaining to CT-101 air inlet duct. In defense of Plaintiff's claim for breach of contract and quantum meriut, Defendants have asserted affirmative defenses alleging that Plaintiff breached its contract and that it was responsible for the fire that occurred on December 3, 2004. Defendants are claiming that CPS failed to supervise the work of Zampell Refractories (welding on CT-101 when the fire occurred) and under the contract is entitled to set off monies that it contractually owes CPS based on the property damage sustained by Defendants as a result of the fire. There is adequate insurance to cover the property damage claim being alleged in this case by Defendants. In the amended counterclaim being asserted by Defendants, Defendants are claiming that CPS breached its contract by failing to supervise the work of Zampell Refractories and in failing to perform its work in a skillful, careful and prudent manner which resulted in the fire that occurred on December 3, 2004. Defendants have also

asserted a negligence claim in its amended counterclaim and is asserting the right to set off monies on the main contract based on the property damage sustained by Defendants. Defendants' property damage claim is approximately $5 million.

Ed Alarcon of Premier Engineering will be a main witness called by Defendants on Plaintiff's main complaint as Ed Alarcon has the most knowledge regarding this project as he was the construction manager hired by Defendants for this project. Ed Alarcon is a material witness and CPS has every right to depose this witness. As of this writing, Premier Engineering has not filed an answer to the Fourth Party Complaint. Plaintiff is seeking the Court's permission to conduct depositions of Fourth Party Defendant witnesses after the discovery deadline of February 14, 2006.

Defendants have alleged in this case that Ed Alarcon who conducted the pre-bid meeting for the contractors that was held for this project, told the contractors that there were flammable filters in the CT air inlet structures and that precautions would have to be taken when working in that area. Ed Alarcon's direct contact at FPLE was Walt Smith and Peter Holzapfel. There has been no testimony that CPS, the general contractor on the project, was told that the inlet air filter system contained evaporative cooling media or that the evaporative cooling media was flammable. The inlet air filter system contained air filters that were located near the weather hoods which CPS knew were flammable. Precautions were taken when work was performed near the weather hoods and flame retardant blankets were hung during any welding work that occurred near the weather hoods of CT-101 and CT-201.

After the fire occurred, CPS obtained a copy of an operation and maintenance manual by the manufacturer of the air intake system that was in the possession of Defendants which stated that no welding could occur on the exterior of the air inlet structure unless the evaporative

cooling media was isolated (removed) or the material was kept wet. It is unknown whether Ed Alarcon knew about the contents of the manual and gave the manual to Sargent & Lundy who was the engineer and architect who prepared the specifications for the project in this case. What Ed Alarcon knew regarding the evaporative cooling media, whether it was flammable and the precautions stated in the operations and maintenance manual is critical to the claims being asserted in this case as to who knew what and when and who relayed what to whom and when.

CPS witnesses who have testified, Tom Lipinski and Mac Corcoran both knew that the air filters were flammable but did not know that the air intake structure contained evaporative cooling media or that evaporative cooling media was flammable. The welding work that was performed by Zampell on December 3, 2004 on the southerly wall of the CT-101duct was not near the weather hoods and the air filters. The welding work was in the vicinity of the evaporative cooling media which could not be seen as it was on the interior of the duct.

Florida Power and Light issued a hot-work permit on December 3, 2004 which authorized the welding work that occurred on December 3, 2004 and approved of the precautions that had been taken relative to that permit.

Sargent & Lundy prepared the specifications relative to the insulation work that was performed by Zampell. Sargent & Lundy approved of the attachment method that was used to install the insulation that include welding of angle iron clips and angle irons to hold the insulation on the exterior of the duct.

Sargent & Lundy had an engineer on site during the construction on the project and it is important to find out whether Sargent & Lundy knew about the operation and maintenance manual relative to the air intake system, whether Sargent & Lundy knew and/or should have known that the unit contained evaporative cooling media and whether Sargent & Lundy knew or

should have known that the evaporative cooling media was flammable and therefore welding should not have been permitted on the duct unless the evaporative cooling media was isolated and/or kept wet. Neither condition was implemented on December 3, 2004. The fire was caused by the evaporative cooling media igniting. What the proximate cause of the fire was is an issue to be decided by the trier of fact in this case.

Thus, Sargent & Lundy and Premier Engineering have relevant information relative to CPS's claim in this case and the counterclaim being asserted by Defendants. The Rules of Civil Procedure allow a party to depose any person whether a party or not who has relevant information regarding a claim or defense being asserted in the case.

Defendants' Motion for Protective Order should be denied for the reason stated. Defendants have failed to prove "good cause" to warrant a Protective Order in this case.

Plaintiff,

***CERTIFIED POWER SYSTEMS, INC.***
By its Attorneys,

Girard R. Visconti, Esq. (#0566)
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302

***Pro hac vice counsel***
Mark Robert Vespole
***Tressler, Soderstrom, Maloney & Priess***
Attorneys for
CERTIFIED POWER SYSTEMS, INC.,
Defendant on Counterclaim/Third-Party Plaintiff

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a copy of the foregoing has been furnished by U.S. Mail, postage prepaid, this 1st day of February, 2006 to:

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Warren D. Hutchison, Esq.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Mark W. Freel, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903

[signature]