UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br>Plaintiff,<br><br>vs.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.,<br>Defendants,<br><br>vs.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br>Defendant on Counterclaim/<br>Third-Party Plaintiff,<br><br>vs.<br><br>ZAMPELL REFRACTORIES, INC.,<br>Third-Party Defendant,<br><br>vs.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.,<br>Fourth-Party Defendants. | : | C.A. No. 05-066-ML |

**DEFENDANTS RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. AND FPLE RHODE ISLAND STATE ENERGY GP, INC.'S ANSWER TO CROSS-CLAIM OF FOURTH-PARTY DEFENDANT PREMIER ENGINEERING CORP.**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P. and FPLE Rhode Island State Energy GP, Inc. (collectively, "FPL") hereby respond as follows, through their undersigned counsel, as and for their Answer to the allegations made by Fourth-Party Defendant Premier Engineering Corp. ("Premier") in

its Cross-Claim, styled as a Counterclaim, against FPL (the "Cross-Claim") in this action. FPL respectfully submits that it is obliged to respond to claims initiated by Premier in this action notwithstanding Premier's Chapter 7 Petition for Bankruptcy filed on April 21, 2006 in the U.S. Bankruptcy Court for the Western District of Texas and the automatic stay associated with that filing.

**ANSWER**

FPL hereby responds as follows to the correspondingly numbered factual allegations of Premier's Cross-Claim against FPL:

1. FPL admits that it is a defendant in a suit brought by Certified Power Systems, Inc. ("CPS") regarding work to be performed by CPS and its subcontractors at the Rhode Island State Energy Center ("RISE"), 24 Shun Pike in Johnston, Rhode Island. FPL denies the balance of the allegations contained in Paragraph 1.

2. FPL admits that Premier served as its owner representative. FPL further states the allegations of Paragraph 2 contain legal conclusions to which no responsive pleading is required, and that the terms of the alleged Contract itself are the best evidence thereof, and speak for themselves.

3. The allegations of Paragraph 3 contain legal conclusions to which no responsive pleading is required. To the extent that Paragraph 3 contains factual allegations, those allegations are denied.

4. FPL denies the allegations contained in Paragraph 4.

5. FPL admits that Premier has been added to the instant suit as a Fourth-Party Defendant by Zampell Refractories, Inc. ("Zampell"). FPL further admits that Zampell

provided welding services at RISE, and denies the balance of the allegations contained in Paragraph 5.

6. FPL denies the allegations contained in Paragraph 6.

7. FPL denies the allegations contained in Paragraph 7. Replying further, FPL denies that it has any contractual or common law obligation to protect, defend, indemnify or hold Premier harmless.

8. FPL denies the allegations contained in Paragraph 8.

**First Affirmative Defense**

Premier's Cross-Claim fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Premier's Cross-Claim fails because there is no contractual right of indemnification and/or contribution between Premier and FPL.

WHEREAS, FPL requests an Order of this Court denying and dismissing all claims and prayers for relief contained in the Cross-Claim of Premier, and requests a Judgment against Premier, and in favor of FPL, awarding FPL their costs of suit and reasonable attorneys' fees.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE
RHODE ISLAND STATE ENERGY, L.P.
and FPLE RHODE ISLAND STATE
ENERGY GP, INC.

By their Attorneys,

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 25th day of May, 2006, I caused a true copy of the within Answer be served by first class mail, postage prepaid, to the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Janet R. Davis, Esq.
Andrew M. Hutchison, Esq.
Georgene M. Wilson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

Matthew T. Oliverio, Esq.
Oliverio & Marcaccio LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

Michael J. O'Connor, Esq.
322 West Woodlawn
San Antonio, TX 78212

Johnny W. Thomas, Esq.
St. Paul Square
1153 East Commerce
San Antonio, TX 78205