UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br>Plaintiff,<br><br>v.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.,<br>Defendants,<br><br>v.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br>Defendant on Counterclaim/<br>Third-Party Plaintiff,<br><br>v.<br><br>ZAMPELL REFRACTORIES, INC.,<br>Third-Party Defendant,<br><br>v.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.,<br>Fourth-Party Defendants | : | C.A. No. 05-066-ML |

**MOTION FOR PROTECTIVE ORDER**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P., and FPLE Rhode Island State Energy GP, Inc. (collectively, "FPL") hereby move this Court for the issuance of a Protective Order prohibiting the resumption of any further deposition testimony from Peter G. Holzapfel ("Holzapfel") of FPL, except to the extent that counsel for Fourth-Party Defendant Sargent & Lundy, L.L.C. ("S&L"), at their option and

election, have non-repetitive factual questions relevant to their defenses in this case. In support of this motion, FPL submits the accompanying memorandum of law.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

By their Attorneys,

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 5th day of June 2006, I caused a true copy of the within Motion for Protective Order to be served by telecopy and regular mail, postage prepaid, to the following counsel of record:

Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street, 2nd Floor
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Janet Davis, Esq.
Meckler Bulger & Tilson LLP
123 North Wacker Drive
Suite 1800
Chicago, IL 60606

Matthew Oliverio, Esq.
55 Dorrance Street, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Marlene Freel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br>Plaintiff,<br><br>v.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.,<br>Defendants,<br><br>v.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br>Defendant on Counterclaim/<br>Third-Party Plaintiff,<br><br>v.<br><br>ZAMPELL REFRACTORIES, INC.,<br>Third-Party Defendant,<br><br>v.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.,<br>Fourth-Party Defendants. | : | C.A. No. 05-066-ML |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P., and FPLE Rhode Island State Energy GP, Inc. (collectively, "FPL") hereby move this Court for the issuance of a Protective Order prohibiting the resumption of any further deposition testimony from Peter G. Holzapfel ("Holzapfel") of FPL, except to the extent that

counsel for Fourth-Party Defendant Sargent & Lundy, L.L.C. ("S&L"), at their option and election, have non-repetitive factual questions relevant to their defenses in this case.

**Background**

FPL is the owner of a combustion turbine power plant in Johnston, Rhode Island, known as the Rhode Island State Energy Center ("RISEC"). RISEC engaged Plaintiff Certified Power Systems, Inc. ("CPS") to perform certain construction services at the site, including the installation of a heating system and associated insulation on two large air intake units. CPS engaged the services of Third-Party Defendant Zampell Refractories, Inc. ("Zampell") as an insulation subcontractor. S&L performed architectural and engineering services for FPL.

Work on the project commenced in the fall of 2004. On December 3, 2004, while CPS was performing services at the site, and while Zampell employees were welding on one of the air inlet units, a serious fire occurred, causing substantial damage to the plan. As a result, FPL has retained certain sums otherwise allegedly due and owing to CPS, in the amount of approximately $1.8 million, pursuant to set-off language in the construction contract between FPL and CPS. FPL is also seeking additional damages for losses sustained as a result of the fire. At issue in this case is ultimate responsibility for the fire, and for any steps necessary to address welding in proximity to flammable materials.

On or about October 13, 2005, Zampell noticed the deposition of Holzapfel, the Plant Manager for the RISEC plant. Thereafter, CPS served a notice of deposition pursuant to Rule 30(b)(6), seeking certain testimony from a designated FPL representative. Holzapfel was FPL's designee on many of those topics. Accordingly, Holzapfel's deposition commenced on November 7, 2005, with questioning by Attorney John Mahoney, counsel for Zampell. On that

date, Holzapfel's deposition commenced at 10:19 a.m., and concluded at 3:00 p.m.[1] The deposition terminated early that day because the undersigned counsel's infant son had been hospitalized the previous night, and FPL agreed to re-produce Holzapfel on a subsequent date mutually agreeable to all parties. However, before adjourning on November 7, counsel for Zampell questioned Holzapfel for a total of 141 pages, and was able to cover considerable ground.

Holzapfel's deposition continued on December 8, 2005. On that occasion, the deposition commenced at 10:15 a.m. and continued until 4:45 p.m. Counsel for Zampell posed another approximately 108 pages of questions. Immediately thereafter, Attorney Mark Vespole, counsel for CPS, posed questions for approximately 74 pages, until the deposition was concluded for the day. It was agreed that Holzapfel would be produced on yet another occasion for the conclusion of his testimony.

The deposition of Holzapfel reconvened for a third and presumably final day on May 31, 2006.[2] Holzapfel and the undersigned counsel for FPL arrived promptly at 9:30 a.m., as requested. However, the deposition did not commence until approximately 10:00 a.m., because other counsel were not prepared to begin and had not made copies of certain relevant exhibits. Attorney Vespole, insurance counsel for CPS, then completed his questioning of Holzapfel,

---

[1] The undersigned counsel for FPL does not wish to burden this Court unnecessarily with full transcripts of Holzapfel's three (3) days of deposition testimony. However, if the Court ultimately concludes that a review of all such testimony is necessary to address the issues raised by this motion, those transcripts can be made readily available. The undersigned counsel respectfully submits that any factual assertions made in this memorandum can be supported by reference to those deposition transcripts.

[2] The lengthy delay of several months in continuing and completing Holzapfel's deposition was due to a serious injury that Holzapfel sustained over the holiday period at the end of 2005. That injury caused him to take a sustained leave of absence from his job. The parties subsequently agreed to reconvene for the completion of his deposition on May 31, 2006. In the meantime, counsel for CPS had amended its 30(b)(6) notice to include a topic covering FPL's claim for damages in its Counterclaim in this action. FPL designated Holzapfel as the witness on this topic, and produced certain relevant documents in anticipation of the deposition on May 31.

including issues related to FPL's claimed damages. Upon the completion of that questioning, Attorney Jessica Papazian-Ross, co-counsel for CPS, commenced an additional line of questioning on behalf of CPS. FPL respectfully submits that many of those questions were duplicative of areas of inquiry already covered by Zampell's counsel and by her own co-counsel in two previous days of questioning. Nonetheless, counsel for FPL did not refuse to allow the witness to respond to those questions.[3] Many of those questions sought legal conclusions or factual speculation, and were not reasonably calculated to ascertain facts that had not otherwise been elicited through prior inquiry directed to Holzapfel.

Following the completion of that questioning, Attorney Mahoney, who initiated the deposition of Holzapfel on November 7, 2005, commenced another round of questioning before counsel for S&L, a newly added Fourth-Party Defendant, had the opportunity to pose any questions to Holzapfel. The second round of questioning by Zampell's counsel was not limited to the scope of new issues covered by CPS, but was instead replete with repetitive and argumentative questions concerning ultimate liability issues in this case, most of which were objectionable as to form. At that point, as a result of an increased level of tension between counsel and the witness, who by that point had endured approximately twelve (12) hours of questioning and had taken three (3) days away from his other employment duties, FPL terminated the deposition. Counsel for S&L never had an opportunity to pose any questions to Holzapfel.

---

[3] On several prior occasions in this case, in other depositions, the undersigned counsel for FPL has objected to duplicative questioning by multiple lawyers for CPS and Zampell. Both CPS and Zampell have counsel engaged to pursue unpaid contract balances arising out of the referenced project, and have also engaged insurance defense counsel to defend against negligence claims related to their responsibility for the subject fire. Therefore, both CPS and Zampell have two separate counsel of record in the lawsuit. At several depositions, CPS and Zampell have taken the position that multiple lawyers are entitled to pose questions on behalf of those parties, despite objection by FPL. That has undoubtedly contributed to the length and contentiousness of many of the FPL depositions.

The undersigned counsel is not attempting to limit S&L's ability to pose non-repetitive factual questions related to S&L's defenses in this case. However, FPL respectfully submits that counsel for Zampell and CPS have had more than adequate opportunity to question Holzapfel on any legitimate factual subjects.[4] In fact, CPS has posed questions through multiple lawyers, and counsel for Zampell has posed questions on two separate occasions. Moreover, Holzapfel is just one of a total of seven (7) current or former FPL employees who have been deposed in this case to date, over a total of ten (10) separate days.[5] Any further questioning by CPS or Zampell would be unnecessary, repetitive, counter-productive, and would unfairly prejudice Holzapfel with regard to his other professional duties.

Accordingly, FPL respectfully requests that this Court issue a Protective Order precluding any further deposition testimony of Holzapfel by CPS or Zampell, but permitting S&L, at its option and election, to conduct any necessary and non-repetitive factual inquiry of Holzapfel related to S&L's defenses in this litigation. In that event, counsel will cooperate in good faith in an effort to schedule the deposition at a time, and under circumstances, that will minimize any negative impact upon S&L's out-of-state counsel.

---

[4] FPL notes that Fed.R.Civ.P. 30(d)(2), depositions are supposed to be limited to one (1) day of seven (7) hours. While the parties have not enforced that rule in this case, and are free to stipulate otherwise, see Fed. R.Civ.P. 29(2), FPL respectfully submits that this 7-hour benchmark provides a reasonable guide against which this Court can judge the sheer amount of time already spent in deposition by Holzapfel and other FPL witnesses.

[5] That does not include Ed Alarcon of Fourth-Party Defendant Premier Engineering Services, an independent contractor to FPL on this job, who was deposed for another two (2) full days.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE
RHODE ISLAND STATE ENERGY, L.P.
and FPLE RHODE ISLAND STATE
ENERGY GP, INC.

By their Attorneys,

Mark W. Freel (#4003)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 5th day of June 2006, I caused a true copy of the within Memorandum in Support of Motion for Protective Order to be served by telecopy and regular mail, postage prepaid, to the following counsel of record:

Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street, 2nd Floor
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Janet Davis, Esq.
Meckler Bulger & Tilson LLP
123 North Wacker Drive
Suite 1800
Chicago, IL 60606

Matthew Oliverio, Esq.
55 Dorrance Street, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

[signature]