# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CERTIFIED POWER SYSTEMS, INC.,

Plaintiff,

v.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

Defendants,

v.

CERTIFIED POWER SYSTEMS, INC.,

Defendant on Counterclaim/Third-Party Plaintiff,

v.

ZAMPELL REFRACTORIES, INC.

Third-Party Defendants.

**C.A. No. 05-066-ML**

**PLAINTIFF/ COUNTERCLAIM DEFENDANT/ THIRD-PARTY PLAINITFF'S AMENDED ANSWER TO COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

Plaintiff/Counterclaim Defendant/Third-Party Plaintiff, CERTIFIED POWER SYSTEMS, INC. ("CPS"), responds to the allegations made by Defendants, RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC., ("R.I. STATE ENERGY DEFENDANTS") in their Counterclaim as follows:

**Factual Allegations Common to All Counts**

1. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

2. CPS admits it entered into a sub-contract with Zampell Refractories, Inc. and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

3. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

4. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

5. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

6. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

7. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

8. CPS admits that there was a fire at the project but denies that this fire took place on December 2, 2004. CPS leaves R. I. STATE ENERGY DEFENDANTS to their proofs as to the remainder of the allegations.

9. CPS denies the allegations set forth in this paragraph.

10. CPS denies the allegations set forth in this paragraph.

11. CPS denies the allegations set forth in this paragraph.

12. CPS denies the allegations set forth in this paragraph.

13. CPS denies the allegations set forth in this paragraph.

**COUNT I**
**(Breach of Contract)**

14. As to the allegations of Paragraph 14, CPS repeats the answers to the allegations of Paragraphs 1-13 as if specifically set forth herein at length.

15. CPS denies the allegations set forth in this paragraph.

16. CPS denies the allegations set forth in this paragraph.

17. CPS denies the allegations set forth in this paragraph.

18. CPS admits it entered into a contract with R. I. STATE ENERGY DEFENDANTS and states that the terms of the contract itself are the best evidence thereof and speak for themselves.

19. CPS denies the allegations set forth in this paragraph.

20. CPS denies the allegations set forth in this paragraph.

21. CPS denies the allegations set forth in this paragraph.

22. CPS denies the allegations set forth in this paragraph.

23. CPS denies the allegations set forth in this paragraph.

24. CPS denies the allegations set forth in this paragraph.

**COUNT II**
**(Negligence)**

25. As to the allegations of Paragraph 14, CPS repeats the answers to the allegations of Paragraphs 1-25 as if specifically set forth herein at length.

26. CPS denies the allegations set forth in this paragraph.

27. CPS denies the allegations set forth in this paragraph.

28. CPS denies the allegations set forth in this paragraph.

29. CPS denies the allegations set forth in this paragraph.

**WHEREFORE**, CPS demands judgment against R.I. STATE ENERGY DEFENDANTS, dismissing their Complaint together with the cost of suit, counsel fees and other such relief as this Court may deem appropriate.

## AFFIRMATIVE DEFENSES

1. If the R.I. STATE ENERGY DEFENDANTS suffered damages, the same were caused by R.I. STATE ENERGY DEFENDANTS' contributory negligence.

2. If the R.I. STATE ENERGY DEFENDANTS suffered damages, the same were caused by third persons over whom this Defendant had no control.

3. R.I. STATE ENERGY DEFENDANTS' Counterclaim fails to state a cause of action upon which relief can be granted.

4. Plaintiff/Third-Party Counterclaim Defendant CPS did not violate any duty owed to the R.I. STATE ENERGY DEFENDANTS under common law, statute, regulations or standards.

5. Plaintiff/Third-Party Counterclaim Defendant CPS' conduct was not negligent.

6. Plaintiff/Third-Party Counterclaim Defendant CPS' conduct was not a proximate cause of R.I. STATE ENERGY DEFENDANTS' alleged damages.

7. The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of Plaintiff/Third-Party Counterclaim Defendant CPS.

8. Plaintiff/Third-Party Counterclaim Defendant CPS owed no duty of care to the R.I. STATE ENERGY DEFENDANTS.

9. Plaintiff/Third-Party Counterclaim Defendant CPS breached no duty of care to the R.I. STATE ENERGY DEFENDANTS.

10. If the R.I. STATE ENERGY DEFENDANTS suffered damages, the same were caused by the negligence, breach of contract or breach of express or implied warranty of others jointly, severally or in the alternative.

11. Plaintiff/Third-Party Counterclaim Defendant CPS did not breach its contract with the R.I. STATE ENERGY DEFENDANTS.

12. Plaintiff/Third-Party Counterclaim Defendant CPS reserves the right to amend this Answer and to assert additional defenses and/or otherwise supplement, alter or change this Answer upon the completion of further investigation and discovery.

13. The breach of contract claims of RHODE ISLAND STATE ENERYGY DEFENDANTS are barred because of impossibility of performance.

14. The breach of contract claims of RHODE ISLAND STATE ENERYGY DEFENDANTS are barred by estoppel.

15. The breach of contract claims of RHODE ISLAND STATE ENERYGY DEFENDANTS are barred by waiver.

16. The claims for liquidated damages of RHODE ISLAND STATE ENERYGY DEFENDANTS are barred by unconscionability.

17. The claims for liquidated damages of RHODE ISLAND STATE ENERYGY DEFENDANTS are barred by estoppel and waiver.

18. The breach of contract and liquidated damages claims of RHODE ISLAND STATE ENERYGY DEFENDANTS are barred by their material and substantial breach of contract.

19. The breach of contract and liquidated damages claims of RHODE ISLAND STATE ENERYGY DEFENDANTS are barred by CPS' substantial performance of the contract.

## THIRD-PARTY COMPLAINT

Plaintiff/Counterclaim Defendant/Third Party Plaintiff, CERTIFIED POWER SYSTEMS, INC., ("CPS") by way of Third Party Complaint against Third-Party Defendant, ZAMPELL REFRACTORIES, INC. ("ZAMPELL") says:

## FIRST COUNT

1. Plaintiff/Counterclaim Defendant/Third Party Plaintiff, CERTIFIED POWER SYSTEMS, INC. ("CPS") is being sued as more specifically disclosed in the Counterclaim filed by Defendants, RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC. ("R.I. STATE ENERGY DEFENDANTS") herein.

2. On December 3, 2004, the date on which the fire occurred and the date that R.I. STATE ENERGY DEFENDANTS alleges it suffered damages, ZAMPELL was performing services at the R.I. STATE ENERGY DEFENDANTS site including, but not limited to, welding services pursuant to a contract it entered into with CPS.

3. Although CPS denies breaching any duty owed to R.I. STATE ENERGY DEFENDANTS and denies being obligated to R.I. STATE ENERGY DEFENDANTS in any respect, in the event it is determined that CPS is responsible in any way in this matter, then CPS is entitled to contribution at common law from Third-Party Defendant, ZAMPELL.

## SECOND COUNT

1. CPS repeats each and every allegation of the First Count of its Crossclaim as if specifically set forth herein at length.

2. Pursuant to the aforementioned contract between ZAMPELL and CPS, ZAMPELL was required to name CPS as an additional insured.

3. CPS therefore demands contractual defense and indemnification from Third-Party Defendant, ZAMPELL, based upon the contract.

**WHEREFORE**, CPS demands judgment against ZAMPELL for any and all damages that it may suffer plus interest and attorney's fees.

**JURY DEMAND**

Plaintiff/ Counterclaim Defendant/Third Party Plaintiff, CERTIFIED POWER SYSTEMS, INC., ("CPS") demands a trial by jury as to all issues.

Dated:

CERTIFIED POWER SYSTEMS, INC.
By their Attorneys,

Girard R. Visconti, Esq. (#0566)
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302

*Pro hac vice counsel*
Mark Robert Vespole, Esq.
***Tressler, Soderstrom, Maloney & Priess, LLP***
744 Broad Street, Suite 1510
Newark, NJ 07102
Tel No. (973) 848-2900
Fax No. (973) 623-0405
Attorneys for CERTIFIED POWER SYSTEMS, INC., Plaintiff, Third-Party Counterclaim Defendant/Third-Party Plaintiff

NEWARK-#19959-v2