UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br>Plaintiff,<br><br>vs.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.,<br>Defendants,<br><br>vs.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br>Defendant on Counterclaim/<br>Third-Party Plaintiff,<br><br>vs.<br><br>ZAMPELL REFRACTORIES, INC.,<br>Third-Party Defendant,<br><br>vs.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.,<br>Fourth-Party Defendants. | C.A. No. 05-066-ML |

**RISE DEFENDANTS' MOTION IN LIMINE TO PRECLUDE CERTAIN EXPERT TESTIMONY BY CPS EXPERT PETER SCHWALJE**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P. and FPLE Rhode Island State Energy GP, Inc. (collectively, "RISE") submit this motion in limine to preclude the admission of into evidence of certain expert testimony concerning welding safety issues, and certain fire prevention and safety issues, from Peter Schwalje ("Schwalje"), a trial expert designated by Plaintiff Certified Power

Systems, Inc.'s ("CPS"). In support hereof, RISE submits the accompanying memorandum of law.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

By their Attorneys,

/s/ Mark W. Freel

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2006, I caused a true copy of the foregoing to be served on the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Janet R. Davis, Esq.
Andrew M. Hutchison, Esq.
Georgene M. Wilson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

/s/ Mark W. Freel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br>Plaintiff, | : | |
| vs. | : | C.A. No. 05-066-ML |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.,<br>Defendants, | : | |
| vs. | : | |
| CERTIFIED POWER SYSTEMS, INC.,<br>Defendant on Counterclaim/<br>Third-Party Plaintiff, | : | |
| vs. | : | |
| ZAMPELL REFRACTORIES, INC.,<br>Third-Party Defendant, | : | |
| vs. | : | |
| SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.,<br>Fourth-Party Defendants. | : | |

**RISE DEFENDANTS' MEMORANDUM OF LAW SUPPORTING THEIR MOTION IN LIMINE TO PRECLUDE CERTAIN EXPERT TESTIMONY BY CPS EXPERT PETER SCHWALJE**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P. and FPLE Rhode Island State Energy GP, Inc. (collectively, "RISE") submit this memorandum of law in support of their motion in limine to preclude the admission of into evidence of certain expert testimony concerning welding safety issues,



PRV_831729_1/MFREEL

and certain fire prevention and safety issues, from Peter Schwalje ("Schwalje"), a trial expert designated by Plaintiff Certified Power Systems, Inc.'s ("CPS").

## Introduction

This case arises out of a fire (the "Fire") that occurred at a power plant (the "Plant") in Johnston, Rhode Island, owned and operated by RISE on December 3, 2004. The ultimate question is who bears responsibility for the Fire, and for the substantial damage that it caused. CPS has proffered Schwalje as an expert witness who will attempt to testify, based on certain allegedly applicable industry standards and codes, that the Fire is ultimately RISE's responsibility.

In sum, Schwalje lacks sufficient expertise or credentials regarding the subject matters about which he is expected to testify. Schwalje intends to testify regarding the interpretation and application of certain standards promulgated by the National Fire Protection Association ("NFPA") that relate to welding and fire safety. However, Schwalje admittedly has no specific training or expertise related to NFPA § 51B, the critical section in this case, or to welding fire safety generally. In fact, this case represents that first time that Schwalje has ever offered expert opinions regarding section 51B, or any issues related to welding fire safety. As a result, RISE has filed the instant motion in limine to preclude testimony from Schwalje on these subjects.

## Background

According to Schwalje's expert report, his expected testimony will center on his interpretation of NFPA § 51B. (See Letter of Peter J. Schwalje to Attorney Mark Vespole, June 11, 2006 ("Schwalje Report"), attached hereto as Exhibit A). Specifically, Schwalje purports to assign responsibility for the subject fire at the Plant to RISE, as owner, based

upon his interpretation of NFPA § 51B. (See Schwalje Report at 6-9). During his deposition, Schwalje stated that he also expects to testify regarding certain customs and practices in the power plant industry related to "work relationships" between owners and contractors, as those relationships impact welding fire safety. (See Deposition of Peter Schwalje ("Schwalje Dep."), attached hereto as Exhibit B, at p. 18).

NFPA guidelines are a multi-volume set of fire safety standards that relate to a multiplicity of different contexts. (See Schwalje Dep. at p. 11). For instance, Schwalje has expertise with respect to NFPA § 79, governing machine control and safeguards. NFPA § 51B is an unrelated section that relates to welding fire safety, and contains certain safety protocols for welding operations, including definitions unique to that section. At his deposition, Schwalje disclosed no knowledge, skill, training, or education in interpretation or application of NFPA § 51B. Rather, Schwalje is a mechanical engineer whose expertise is machine design:

> Q. [H]ave you developed any particular specialties in the engineering field?
>
> A. Well, I limit my practice to the area of mechanical engineering and primarily machine design.

(Schwalje Dep. at 7).

Consistent with this answer, Schwalje has focused his private engineering consulting practice on issues related to machine design. He therefore has not sought any training related to fire safety and prevention, and in the limited instances where his consulting work has touched upon fire prevention and safety issues, that consultation was directly related to machine design:

> Q. Since you have been working as an engineer in private practice for the last thirty-five years, have you had any formal training in any fire safety and prevention topics?
>
> A. I would say no.
>
> Q. And have you had any professional experience working on fire safety or prevention topics during that thirty-five year period?
>
> A. I've had some. It's not a big part of what I do. For example, I do a fair amount of work with machine tools and occasionally there are fires that have occurred on machine tools that I've investigated. It was not primarily for the fire cause and origin portion of it, but more or less, the mechanics of the equipment and how that may or may not have resulted in the fire.

(Schwalje Dep. at 10).

In fact, Schwalje's background is entirely bereft of any training or experience related to welding fire safety issues or NFPA § 51B. His CV and deposition testimony disclosed no formal or on-the-job training regarding welding fire safety or NFPA § 51B:

> Q. So, since 1977, have you attended or participated in any seminars, continuing ed programs, or professional training of any kind in which subjects related to NFPA standards were covered?
>
> A. I would say, yes, but not the ones with respect to the fire.

(See Schwalje Dep. at 13 & Ex. 30). This case represents that first time that Schwalje has expressed an expert opinion regarding Section 51B or welding safety:

> Q. So, this case is the first time in your career that you have expressed opinions as an expert witness in litigation concering NFPA 51B?
>
> A. That would be correct.
>
> ….

Q. Have you ever testified as an expert witness in litigation before with regard to welding safety issues?

A. No, never been called upon to do that.

(Schwalje Dep. at 14 & 18).[1]

Schwalje also has no training or experience in the power plant industry related to "work relationships" between owners and contractors, as those relationships impact welding safety, with the limited exception of his employment at Public Service Electric and Gas Company in Newark, New Jersey between 1968 and 1975:

Q. So your expertise in the area of welding operations dates back to the 70's; is that fair to say?

A. That's fair to say.

….

Q. And that's your last experience with welding, as it may occur within the power plant industry?

A. That would be fair.

(Schwalje Dep. at 20-21; see also id. at 7-9 & Ex. 30). Schwalje has not disclosed any other experience regarding "custom and practice" in the power plant industry, as those customs and practices relate to welding, or fire safety and prevention, since he entered private practice over thirty years ago. (Schwalje Dep., Ex. 30). Moreover, Schwalje has not disclosed any knowledge, skill, training, or education regarding the state of industry customs and practices at the time of the subject fire in December 2004.

Because of Schwalje's evident lack of expertise, FPL has filed thies motion in limine seeking preclusion of Scwalje's putative expert testimony.

---

1 Schwalje attempts to deal with this glaring admission by stating: "It is quite clear which codes and standards are applicable to this [case]. This requires no specialized expertise to determine this." (Schwalje Dep. at 21). Of course, this is entirely at odds with the applicable rules governing expert testimony.

## Argument

Fed. R. Evid. 702 governs the admissibility of expert testimony. It provides:

> If scientific, technical, or specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliable to the facts of the case.

Fed. R. Evid. 702. Thus, when faced with a proffer of expert testimony, a district court must first determine whether the proposed expert possesses the knowledge, skill, training, or education required to testify as an expert. Bogosian v. Mercedes-Benz of North America, 104 F.3d 472, 476 (1st Cir. 1997).

In this case, Schwalje lacks any expertise to opine regarding NFPA § 51B or welding fire safety in this context. As evidenced above, he has no training, education, or professional experience, either as an expert or otherwise, with respect to these topics. Schwalje has never attended any classes or other training regarding NFPA § 51B, never interpreted or applied that section professionally prior to this case, and apparently has never considered these topics prior to his engagement as an expert in this matter.

Moreover, Schwalje has no experience in the last thirty years regarding power plant "customs and practices." He has not disclosed any knowledge, skill, experience, training, or education with respect to the existence and state of alleged power plant customs and practices as of the date of the subject fire in December 2004. The best that Schwalje can do is testify regarding his understanding of any such alleged customs and practices as they existed thirty years ago, in connection with his employment with one utility company.

**Conclusion**

Schwalje's lack of knowledge, skill, experience, training, or education with respect to NFPA § 51B, welding fire safety, and alleged power plant customs and practices, is abundantly clear. This Court should therefore preclude Schwalje's proffered expert testimony on any and all such topics.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

By their Attorneys,

/s/ Mark W. Freel
Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August, 2006, I caused a true copy of the foregoing to be served on the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Janet R. Davis, Esq.
Andrew M. Hutchison, Esq.
Georgene M. Wilson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

/s/ Mark W. Freel