UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC., Plaintiff, | : | |
| vs. | : | C.A. No. 05-066-ML |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC., Defendants, | : | |
| vs. | : | |
| CERTIFIED POWER SYSTEMS, INC., Defendant on Counterclaim/ Third-Party Plaintiff, | : | |
| vs. | : | |
| ZAMPELL REFRACTORIES, INC., Third-Party Defendant, | : | |
| vs. | : | |
| SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC., Fourth-Party Defendants. | : | |

**RISE DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P. and FPLE Rhode Island State Energy GP, Inc. (collectively, "RISE") submit this motion in limine to preclude the admission of any evidence at trial regarding subsequent remedial measures, including modifications to RISE's procedures governing

hot work, after the fire that is the subject of this litigation. In support hereof, RISE submits the accompanying memorandum of law.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE
RHODE ISLAND STATE ENERGY, L.P.
and FPLE RHODE ISLAND STATE
ENERGY GP, INC.

By their Attorneys,

/s/ Mark W. Freel

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2006, I caused a true copy of the foregoing to be served on the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Janet R. Davis, Esq.
Andrew M. Hutchison, Esq.
Georgene M. Wilson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

/s/ Mark W. Freel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br>Plaintiff,<br><br>vs.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.,<br>Defendants,<br><br>vs.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br>Defendant on Counterclaim/ Third-Party Plaintiff,<br><br>vs.<br><br>ZAMPELL REFRACTORIES, INC.,<br>Third-Party Defendant,<br><br>vs.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.,<br>Fourth-Party Defendants. | : | C.A. No. 05-066-ML |

**<u>RISE DEFENDANTS' MEMORANDUM OF LAW SUPPORTING THEIR MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES</u>**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P. and FPLE Rhode Island State Energy GP, Inc. (collectively, "RISE") submit this memorandum of law in support of their motion <u>in</u> <u>limine</u> to preclude the admission of any evidence at trial regarding subsequent remedial measures, including any modifications to RISE's procedures, after the fire that is the subject of this litigation.



PRV_831749_1/MFREEL

**<u>Background</u>**

This case arises out of a fire (the "Fire") that occurred at a power plant (the "Plant") in Johnston, Rhode Island, owned and operated by RISE on December 3, 2004. The ultimate question is who bears responsibility for the Fire, and for the substantial damage that it caused.

On or about September 1, 2004, RISE and CPS entered into a contract (the "Contract") whereby CPS agreed to perform certain construction services at the Plant. That Contract incorporated certain General Conditions and other job specifications by reference. The Contract places the responsibility of compliance with any relevant industry standards or government statutes, codes or regulation <u>solely</u> on CPS and its subcontractors.

Section 4.1 of the General Conditions provides, among other things, that: "[CPS] hereby represents that it has, by careful examination, satisfied itself as to the nature and location of the Work ... the character, quality and quantity of the materials to be encountered both above and below ground …." Further, Section 103.1 of the job specifications, which were also incorporated by reference in the Contract, provides: "Prior to performing any Work, in any part of the Project Site, . . . [CPS] shall make a thorough field check at the Project Site for the purposes of verifying existing conditions that may affect the Work." The Contract does not place upon RISE any corresponding obligations to ensure that CPS and/or its subcontractors adhered to contractual, industry or government standards, or were knowledgeable regarding field conditions -- rather, CPS bore those obligations exclusively.

On December 3, 2004, CPS' welding subcontractor, Third-Party Party Defendant Zampell Refractories, Inc. ("Zampell"), was welding on a section of the Plant when the



PRV_831749_1/MFREEL

Fire broke out, causing substantial damage to RISE and to the Plant. RISE contends that Zampell's improper welding techniques, and the failure of CPS and its subcontractors to acquaint themselves thoroughly with all relevant site conditions, including the presence of flammable materials, proximately caused the Fire. On the morning of the Fire, RISE and CPS cooperated in the issuance of a so-called “hot work permit,” which required CPS and/or its subcontractors to “remove flammable materials” prior to welding in the subject area. RISE further contends that CPS and/or its subcontractors violated the conditions of that permit, thereby causing the Fire

After the Fire, RISE instituted new procedures governing the issuance of hot work permits, including the use of a new hot work permit form. Those changes were made solely for the protection of RISE, and do not diminish the collective fault of CPS and Zampell in causing the Fire or in failing to fulfill their contractual obligations to adhere to certain standards and to familiarize themselves with work site conditions.

It is anticipated that at trial, CPS and Zampell will attempt to shift the burden of identifying and removing the flammable materials onto RISE. As part of those efforts, RISE anticipates that CPS and/or Zampell will seek to introduce RISE's subsequent modifications to its hot work procedures and permit form, in an attempt to demonstrate RISE's alleged negligence at the time of the Fire. RISE has consequently filed this motion in limine to preclude the admission into evidence of any such subsequent remedial measures.

## Argument

Fed. R. Evid. 407 prohibits the introduction of evidence of subsequent remedial measures. It provides in pertinent part:

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event.

Fed. R. Evid. 407; see also Rollins v. Board of Governors of Higher Education, 761 F. Supp. 939, 941 (D.R.I. 1991) ("Defendants should not fear that if litigation ensues after a particular incident, any remedial measures taken will be admitted to prove their negligence."). This rule includes “changes in company rules” and policies. See Fed. R. Evid. 407, Advisory Committee Notes.

In contravention of this well-established rule, it is anticipated CPS and/or Zampell will attempt to introduce evidence of subsequent, post-Fire modifications to RISE's hot work permit procedures and form, for the sole purpose of attempting to demonstrate RISE's alleged negligence and responsibilities at earlier times surrounding the Fire. Rule 407 clearly prohibits the introduction of such evidence for that purpose, and the introduction of any such evidence would serve no other legitimate purpose other than to unfairly prejudice the jury. See Fed.R.Evid. 403.

## Conclusion

The Federal Rules of Evidence are unequivocal -- evidence of subsequent remedial measures is inadmissible to prove prior negligence. This Court should consequently preclude the admission of evidence of any such subsequent remedial measures by RISE

after the subject Fire, including any post-Fire changes to RISE's hot work permit procedures or form.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

By their Attorneys,

/s/ Mark W. Freel

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2006, I caused a true copy of the foregoing to be served on the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Janet R. Davis, Esq.
Andrew M. Hutchison, Esq.
Georgene M. Wilson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

/s/ Mark W. Freel