**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC., | ) | |
| vs. | ) | |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY GP, INC., | ) | |
| vs. | ) | C.A. NO.: 05-066-ML |
| CERTIFIED POWER SYSTEMS, INC. | ) | |
| vs. | ) | |
| ZAMPELL REFRACTORIES, INC. | ) | |
| vs. | ) | |
| SARGENT & LUNDY, LLC. | ) | |

**SARGENT & LUNDY, LLC'S MOTION *IN LIMINE* TO BAR THE EXPERT TESTIMONY OF PETER J. SCHWALJE**

Pursuant to Federal Rule of Evidence 401, 402, 403, 702 and 704, fourth-party defendant Sargent & Lundy, LLC ("S&L"), by its attorneys, Stephen B. Lang of Higgins, Cavanagh & Cooney, LLP and Janet R. Davis of Meckler, Bulger & Tilson LLP, hereby moves the Court for an order *in limine* to bar the expert testimony of Peter J. Schwalje. S&L adopts and joins in the motion *in limine* filed with this court by the RISE Defendants and in further support of this motion, S&L states:

Certified Power Systems, Inc. ("CPS") seeks to introduce the expert report and testimony of Mr. Schwalje. Federal Rule of Evidence 702 requires that a

putative expert be qualified to testify by knowledge, skill, experience, training or education. Diefenbach v. Sheridan Transp., 229 F.3d 27, 30 (1st Cir. 2000). The expert should have achieved a meaningful threshold of expertise in the given area. Prado Alvarez v. R.J. Reynolds Tobacco Co., Inc., 405 F.3d 36, 40 (1st Cir. 2005). The court has broad discretion in determining the qualification of an expert witness and the admissibility of expert testimony. Tokio Marine & Fire Ins. Co. v. Grove Mfg. Co., 958 F.2d 1169, 1173 (1st Cir. 1992).

Mr. Schwalje is not qualified to provide an opinion in this case because, as he testified at his deposition, he has not worked in the power plant industry since ***1975***. The power plant industry is unique and constantly changing. The incident at issue occurred on December 2, 2004, nearly thirty years since Mr. Schwalje last worked in the industry. His practice is limited to mechanical engineering and primarily machine design. His testimony and background do not demonstrate an expert knowledge of current industry standards for engineering for power plants. Id. at 1174 (barring testimony of proffered expert who lacked experience, training or education in the particular field and equipment). Therefore, the court should bar Mr. Schwalje from testifying in this case.

WHEREFORE, fourth-party defendant Sargent & Lundy, LLC hereby moves the court for an order *in limine* barring the expert testimony of Peter J. Schwalje as it relates to Sargent & Lundy, LLC.

SARGENT & LUNDY, L.L.C.

By its Attorneys,

/s/___________________________________
Stephen B. Lang (#0145)
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
Tel: 401-272-3500
Fax: 401-273-8780
- and –
Janet R. Davis, Esq.
Georgene Wilson, Esq.
Andrew M. Hutchinson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: 312-474-7947
Fax: 312-474-7898

**CERTIFICATION**

I hereby certify that on this 29th day of August, 2006 a true copy of the foregoing was mailed, postage pre-paid, to:

Co-Counsel for Plaintiff
Jessica Papazian-Ross, Esq.
Visconti & Boren Limited
Providence Square Building
55 Dorrance Street
Providence, RI 02903

Co-Counsel for Zampell
John R. Mahoney, Esq.
Asquith Mahoney, LLP
155 South Main Street
2nd Floor
Providence, RI 02903

Co-Counsel for Plaintiff
Mark Robert Vespole, Esq.
Theresa M. Mullen, Esq.
Tressler, Soderstrom Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

Counsel for Trust 2000, FPLE
Mark W. Freel, Esq.
Armando E. Batastini, Esq.
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903

Co-Counsel for Zampell
Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza
Suite 400
Providence, RI 02903

/s/ ______________________________