**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC., | ) | |
| vs. | ) | |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY GP, INC., | ) | |
| vs. | ) | C.A. NO.: 05-066-ML |
| CERTIFIED POWER SYSTEMS, INC. | ) | |
| vs. | ) | |
| ZAMPELL REFRACTORIES, INC. | ) | |
| vs. | ) | |
| SARGENT & LUNDY, LLC. | ) | |

**SARGENT & LUNDY, LLC'S MOTION *IN LIMINE* TO LIMIT THE EXAMINATION OF EACH WITNESS TO ONE ATTORNEY FOR EACH PARTY**

Pursuant to Local Rule of General Application 103 and Federal Rule of Evidence 611, fourth-party defendant Sargent & Lundy, LLC ("S&L"), by its attorneys, Stephen B. Lang of Higgins, Cavanagh & Cooney, LLP and Janet R. Davis of Meckler, Bulger & Tilson LLP, hereby moves the Court for an order *in limine* to limit each party's examination of any witnesses to that conducted by a single attorney. In support of this motion, S&L states:

Certified Power Systems, Inc. ("CPS") has employed attorneys, Jessica Papazian-Ross of Visconti & Boren, Ltd. and Mark Vespole of Tressler Soderstrom Maloney & Priess. Ms. Papazian-Ross represents CPS as a plaintiff

in its breach of contract action and Mr. Vespole represents CPS as the counter-defendant in the counterclaims filed by the other parties. Similarly, John R. Mahoney of Asquith & Mahoney LLP and Joseph Reale Jr. both appeared for Zampell Refractories, Inc. ("Zampell"). Mr. Mahoney represents Zampell in its capacity as fourth-party defendant and Mr. Reale represents Zampell on Zampell's breach of contract action against CPS. While each attorney has a different role with respect to the claims being made by and against their respective clients, it does not alter the fact that only one attorney for each party should be allowed to examine witnesses and elicit testimony during trial. Indeed, the use of multiple attorneys has had a detrimental impact on discovery in this case. In many depositions, both attorneys for CPS and Zampell have each questioned the witness which resulted in CPS and Zampell taking "two bites at the apple," prolonging the length and contentiousness of the depositions.

Local Rule of General Application 103(c) provides that "[n]o witness may be examined by more than one attorney representing a party unless the Court otherwise permits." L.R. Gen 103(c). In addition, Federal Rule of Evidence 611(a) provides that "the court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting witnesses so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Civ. P. 611(a).

This court should not permit multiple attorneys on behalf of the same party to question any witness in order to avoid a chaotic trial with unduly lengthy examinations. Fed. R. Civ. P. 611(a) empowers this Court to take the steps reasonably necessary to avoid unfair prejudice, to aid in the ascertainment of the truth and avoid needless consumption of time.

CPS and Zampell should not be permitted a second opportunity to question the same witness solely because that party chose to employ two separate firms and attorneys in the same case. Indeed, were that so, any party could employ multiple attorneys and obtain the unbridled ability to continue to question each witness *ad infinitum* through a different attorney. Surely this is not a result this court is willing to endorse. Therefore, the court should limit the examination of each witness to one attorney for each party.

WHEREFORE, fourth-party defendant Sargent & Lundy, LLC seeks the entry of an order *in limine* limiting examination of each witness to one attorney for each party.

SARGENT & LUNDY, L.L.C.

By its Attorneys,

/s/________________________________

Stephen B. Lang (#0145)
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
Tel: 401-272-3500

Fax: 401-273-8780
- and –
Janet R. Davis, Esq.
Georgene Wilson, Esq.
Andrew M. Hutchinson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: 312-474-7947
Fax: 312-474-7898

**CERTIFICATION**

I hereby certify that on this 29th day of August, 2006 a true copy of the foregoing was mailed, postage pre-paid, to:

Co-Counsel for Plaintiff
Jessica Papazian-Ross, Esq.
Visconti & Boren Limited
Providence Square Building
55 Dorrance Street
Providence, RI 02903

Co-Counsel for Plaintiff
Mark Robert Vespole, Esq.
Theresa M. Mullen, Esq.
Tressler, Soderstrom Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

Counsel for Trust 2000, FPLE
Mark W. Freel, Esq.
Armando E. Batastini, Esq.
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903

Co-Counsel for Zampell
John R. Mahoney, Esq.
Asquith Mahoney, LLP
155 South Main Street
2nd Floor
Providence, RI 02903

Co-Counsel for Zampell
Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza
Suite 400
Providence, RI 02903

/s/ ______________________