**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC., | ) | |
| vs. | ) | |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY GP, INC., | ) | |
| vs. | ) | C.A. NO.: 05-066-ML |
| CERTIFIED POWER SYSTEMS, INC. | ) | |
| vs. | ) | |
| ZAMPELL REFRACTORIES, INC. | ) | |
| vs. | ) | |
| SARGENT & LUNDY, LLC. | ) | |

**SARGENT & LUNDY, LLC'S MOTION *IN LIMINE* TO BAR THE EXPERT TESTIMONY OF DR. THOMAS EAGAR REGARDING SARGENT & LUNDY'S DUTIES AND STANDARD OF CARE**

Pursuant to Federal Rule of Evidence 401, 402, 403, 702 and 704, fourth-party defendant Sargent & Lundy, LLC ("S&L"), by its attorneys, Stephen B. Lang of Higgins, Cavanagh & Cooney, LLP and Janet R. Davis of Meckler, Bulger & Tilson LLP, hereby moves the Court for an order *in limine* to bar the expert testimony of Dr. Thomas Eagar regarding S&L's duties and standard of care. In support of this motion, S&L states:

Zampell Refractories, Inc. ("Zampell") seeks to introduce the expert report and/or testimony of Dr. Thomas Eagar. Dr. Eagar purports to be an expert in welding. However, at his deposition, Dr. Eagar also testified regarding S&L's obligations as an engineer. Dr. Eagar cannot testify at trial regarding S&L's obligations for two reasons. First, S&L's contract is unambiguous and cannot be the subject of expert testimony. Second, although Dr. Eagar is a metallurgical engineer, he is not a mechanical or structural engineer which are the engineering disciplines associated with S&L's project responsibilities. Furthermore, Dr. Eagar is not experienced in the engineering disciplines associated with the power plant industry and has not reviewed the S&L contract, the S&L specifications, or the testimony of witnesses concerning S&L's activities on the site. Dr. Eagar is therefore not qualified to testify as to S&L's standard of care.

It is well settled that an engineer's duties are determined by the terms of its contract. Lutz Engineering v. Industrial Louvers, 585 A.2d 631, 635 (R.I. 1991). The construction of unambiguous contract terms is strictly a judicial function. A.F. Lusi Construction, Inc. v. Peerless Insurance Co. 847 A.2d 254 (R.I. 2004). Thus, the opinions of expert witnesses regarding the meaning of contractual provisions are irrelevant and inadmissible. Id.; see also Garden City Treatment Ctr. v. Coordinated Health, 852 A.2d 535, 542 (R.I. 2004) ("In situations in which the language of a contractual agreement is plain and unambiguous, its meaning should be determined without reference to facts or

aids.") Accordingly, Dr. Eagar cannot testify regarding S&L's contractual obligations.

Expert testimony is required to establish any matter that is not obvious to a lay person and thus lies beyond common knowledge. Mills v. State Sales, Inc., 824 A.2d 461, 468 (R.I. 2003). In order to prove S&L was negligent in this case, a party must introduce expert testimony as to S&L's standard of care. *See,* Bogosian v. Mercedes-Benz of North America, Inc., 104 F.3d 472 (1st Cir. 1997). When faced with a proffer of expert testimony, the district court must first determine whether the expert witness is qualified and has specialized knowledge that will "assist the trier of fact to understand the evidence or to determine a fact in issue." Bogosian, 104 F.3d at 476. To do so, the court first determines if the putative expert is qualified by knowledge, skill, experience, training or education. Id. In order to be qualified the expert should have achieved a meaningful threshold of expertise in the area in which he is to testify. Prado Alvarez v. R.J. Reynolds Tobacco Co., Inc., 405 F.3d 36, 40 (1st Cir. 2005). "Just as a lawyer is not by general education and experience qualified to give an expert opinion on every subject of the law, so too a scientist or medical doctor is not presumed to have expert knowledge about every conceivable scientific principle or disease." Sutera v. The Perrier Group of America, Inc., 986 F. Supp. 655, 660 (D. Mass. 1997). Tokio Marine & Fire Insurance Co. v. Grove Manufacturing Co., 958 F.2d 1169 (1st Cir. 1992)

In determining the admissibility of expert opinions, the court also determines whether the proffered testimony concerns scientific, technical or

other specialized knowledge. Bogosian 104 F.3d at 476. Finally, the court performs "its gatekeeping function, by assessing whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." Id. The court must determine whether the expert's proposed testimony, including the methodology used to arrive at the proffered opinion, "rests on a reliable foundation and is relevant to the facts of the case." Id.

Here, there is no foundation whatsoever for Dr. Eagar's proposed testimony. Dr. Eagar is a material science engineer. This engineering specialty is different from the mechanical and structural engineering specialties and services which were rendered by S&L. Moreover, Dr. Eagar has no engineering experience in the unique arena of power plants. Thus, Dr. Eagar does not have the requisite engineering training knowledge, skill, or experience to qualify as an expert concerning S&L's standard of care. Additionally, Dr. Eagar testified that he did not review any facts upon which to base an opinion concerning S&L. Indeed, Dr. Eagar did not review the S&L specifications because they were not relevant to his opinions. (Eagar Dep. pgs. 54, 60, 117-121 attached as Exhibit "A"). Based on this lack of information, Dr. Eagar's opinions have insufficient factual foundation. Accordingly, Dr. Eagar's proposed testimony cannot "assist the trier of fact to understand the evidence or to determine a fact in issue."

WHEREFORE, fourth-party defendant Sargent & Lundy, LLC seeks the entry of an order *in limine* barring the expert testimony of Dr. Thomas Eagar regarding Sargent & Lundy, LLC's duties and standard of care.

SARGENT & LUNDY, L.L.C.

By its Attorneys,

/s/___________________________________
Stephen B. Lang (#0145)
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
Tel: 401-272-3500
Fax: 401-273-8780
- and –
Janet R. Davis, Esq.
Georgene Wilson, Esq.
Andrew M. Hutchinson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: 312-474-7947
Fax: 312-474-7898

**CERTIFICATION**

I hereby certify that on this 29th day of August, 2006 a true copy of the foregoing was mailed, postage pre-paid, to:

Co-Counsel for Plaintiff
Jessica Papazian-Ross, Esq.
Visconti & Boren Limited
Providence Square Building
55 Dorrance Street
Providence, RI 02903

Co-Counsel for Zampell
John R. Mahoney, Esq.
Asquith Mahoney, LLP
155 South Main Street
2nd Floor
Providence, RI 02903

Co-Counsel for Plaintiff
Mark Robert Vespole, Esq.
Theresa M. Mullen, Esq.
Tressler, Soderstrom Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

Co-Counsel for Zampell
Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza
Suite 400
Providence, RI 02903

Counsel for Trust 2000, FPLE
Mark W. Freel, Esq.
Armando E. Batastini, Esq.
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903

/s/ ______________________________