UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CERTIFIED POWER SYSTEMS, INC.

VS.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE RHODE
RHODE ISLAND STATE ENERGY GP, INC.

VS. C.A. NO.: 05-066-ML

CERTIFIED POWER SYSTEMS, INC.

VS.

ZAMPELL REFRACTORIES, INC.

VS.

SARGENT & LUNDY, LLC and
PREMIER ENGINEERING SERVICES, INC.

**ZAMPELL REFRACTORIES, INC.'s,**
**OBJECTION TO RISE's MOTION TO BAR EXPERT**
**TESTIMONY OF THOMAS EAGAR**

The fourth-party defendant, Sargent & Lundy, LLC, (hereinafter referred to as "S&L") filed a motion in limine to bar the expert testimony of Zampell Refractories, Inc.'s (hereinafter referred to as "Zampell") expert, Dr. Thomas Eagar. Zampell has not responded to this motion because this party does not intend to elicit testimony from Dr. Eagar that relates to Sargent & Lundy, LLC.

Defendant, Rhode Island State Energy Statutory Trust 2000, (hereinafter referred to as "RISE") then filed a motion in limine to bar expert testimony from Dr. Eagar and simply chose to adopt and join S&L's motion with respect " . . . to standards of care or interpretation of the various contractual documents at issue in this litigation . . . ". This motion is confusing because

the basis of S&L's motion in limine with regard to Dr. Eagar was predicated on the fact that 1.) Dr. Eagar could not address contract terms because they were unambiguous and therefor not the proper subject of expert testimony and 2.) Dr. Eagar was not a mechanical or structural engineer. S&L did not address in their memorandum “standards of care” that are referenced by RISE in their motion.

RISE does not take issue with Dr. Eagar's qualification to testify as an expert. RISE wants to incorporate S&L's argument within its motion that suggests that Dr. Eagar cannot address in his testimony unambiguous contract terms.

It is the intent of Zampell to elicit testimony from Dr. Eagar that industry standards applicable to welding operations imposed upon RISE the obligation to inspect and, if applicable, remove flammable material before RISE issued a Hot Work Permit. A central issue in the case is what party or parties had the underlying obligation to isolate flammable material before welding commenced. Rule 704(a) reads:

> Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier-of-fact.
> Rule 704 - Federal Rules of Evidence.

Contrary to the moving party's motion, Dr. Eagar will not interpret contractual documents but will rather address the issue of what party had the responsibility to make the job place safe before welding took place irrespective of what the contractual documents may have addressed, if anything, with regard to this topic.

ZAMPELL REFRACTORIES, INC.
BY ITS ATTORNEY,

/s/ JOHN R. MAHONEY, ESQ.
JOHN R. MAHONEY, ESQ. - #1940

JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 - Telephone
(401) 331-7373 - Fax
JackMahoney@amlawllp.com

CERTIFICATION

I hereby certify that on the 5th day of September, 2006 I electronically filed the within to Joseph J. Reale, Jr., Esq., 30 Kennedy Plaza, Suite 400, Providence, RI 02903; Mark W. Freel, Esq., Edwards & Angell, LLP, 2800 Financial Plaza, Providence, RI 02903; Jessica Papazian-Ross, Esq., Visconti & Boren, 55 Dorrance Street, Providence, RI 02903; Warren D. Hutchison, Esq., Donovan Hatem, LLP, Two Seaport Lane, Boston, MA 02210; Matthew T. Oliverio, Esq., Oliverio & Marcaccio, LLP, 55 Dorrance Street, Suite 400, Providence, RI 02903; Stephen B. Lang, Esq., Higgins, Cavanagh & Cooney, LLP, 123 Dyer Street, Providence, RI 02903; Armando E. Batastini, Esq., Edwards & Angell, LLP, 2800 Financial Plaza, Providence, RI 02903; Janet R. Davis, Esq., Meckler, Bulger & Tilson, LLP, 123 N. Wacker Drive, Suite 1800, Chicago, IL 60606 and to Girard R. Visconti, Esq., Visconti & Boren, 55 Dorrance Street, Providence, RI 02903 and mailed a true copy of the within to Mark Robert Vespole, Esq., Theresa E. Mullen, Tressler, Soderstrom, Maloney & Priess, 744 Broad Street, 14th Floor, Newark, NJ 07102-3812; Andrew M. Hutchison, Esq., Meckler, Bulger & Tilson, LLP, Suite 1800, 123 North Wacker Drive, Chicago, IL 60606; Theresa E. Mullen, Esq., Tressler, Soderstrom, Maloney & Priess, 744 Broad Street, Suite 1510, Newark, NJ 07102 and to Georgene M. Wilson, Meckler, Bulger & Tilson, LLP, 123 North Wacker Drive, Suite 1800, Chicago, IL 60606.

/s/ JOHN R. MAHONEY, ESQ.

JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 - Telephone
(401) 331-7373 - Fax
JackMahoney@amlawllp.com