**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CERTIFIED POWER SYSTEMS, INC.<br>Plaintiff,<br><br>vs.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br>Defendants,<br><br>vs.<br><br>CERTIFIED POWER SYSTEMS, INC.<br>Defendant on Counterclaim/Third-Party Plaintiff,<br><br>vs.<br><br>ZAMPELL REFRACTORIES, INC.<br>Third-Party Defendant/Fourth-Party Plaintiff,<br><br>vs.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.<br>Fourth-Party Defendant | C.A. No. 05-066-ML |

**PLAINTIFF, CERTIFIED POWER SYSTEMS, INC.'S OBJECTION TO SARGENT & LUNDY, LLC'S MOTION *IN LIMINE* TO LIMIT THE EXAMINATION OF EACH WITNESS TO ONE PARTY**

Sargent& Lundy has filed a Motion *in Limine* on the basis of Local Rule 103(c) seeking to prevent the two attorneys representing CPS and the two attorneys representing Zampell from representing their client's interest. For the reasons set forth in the attached Memorandum of Law in support of this objection, this Court should deny the Motion *in Limine*. This Court can

adequately control cumulative testimony if that were to occur under Rule 611, but a party should not be precluded from zealously representing their client's interest when the interests are distinct. Due process should not foreclose a question before it is even asked.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.<br>Plaintiff,<br><br>vs.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br>Defendants,<br><br>vs.<br><br>CERTIFIED POWER SYSTEMS, INC.<br>Defendant on Counterclaim/Third-Party Plaintiff,<br><br>vs.<br><br>ZAMPELL REFRACTORIES, INC.<br>Third-Party Defendant/Fourth-Party Plaintiff,<br><br>vs.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.<br>Fourth-Party Defendant | : | C.A. No. 05-066-ML |

**PLAINTIFF, CERTIFIED POWER SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO SARGENT & LUNDY, LLC'S MOTION TO LIMIT THE EXAMINATION OF A WITNESS TO ONE ATTORNEY FOR EACH PARTY**

This is not a case where two attorneys in the same firm are representing one party in the litigation and seek to have both attorneys question a witness. This is a case where CPS retained the services of Visconti & Boren, Ltd. to represent its interests arising out of two contracts CPS entered into with FPLE. In the contract action that was pursued, CPS is seeking contractual

damages. In defense of the contract claim, FPLE has asserted seven (7) affirmative defenses including defective work, failure to supervise subcontractors, risk of loss and a setoff provision. CPS' counsel, Jessica Papazian-Ross, has a right to examine any witness regarding the contract claim and defenses to the contract claim as recovering on the contract claim is not an interest, right or concern with Mark Vespole counsel hired by CPS' insurance company to defend the counterclaim alleging negligence.

A negligence claim pertains to whether FPLE can recover monies under CPS' insurance policy for the approximate $3.4 million in damages FPLE is seeking after setting off the contract balance. CPS has $4,000,000 in insurance coverage under its primary and excess insurance policies. The claims, interest and burden of proof are completely different on the contract claim and on the tort claim.

The contract claim will be presented first and then defendants will pursue their counterclaim. The witnesses will be called and presented at different times based on the claims being asserted and the evidence being presented to the court. Mark Vespole doesn't have to cross-examine a witness until defendants have put on their direct testimony which will be when the counterclaim is pursued. CPS has a right to call the witnesses it feels it needs on its contract claim to prove that CPS did not breach any of the contractual provisions of the contract and executed its work pursuant to its obligations under the contract. Thus, this court should not limit the examination of a witness to one attorney per party in the context of this case for the reasons set forth above. This court has adequate means to control repetitive and/or cumulative testimony should that occur.

In this case, there are different interests and claims being represented by the two attorneys representing CPS. Thus, the Motion *in Limine* filed by Sargent& Lundy should be denied.

Plaintiff/Third-Party Counterclaim Defendant,
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd***.
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
JLPR@visontilaw.com

**Pro hac vice counsel**
Mark Robert Vespole
Tressler, Soderstrom, Maloney & Priess
74 4 Broad Street, Suite 1510
Newark, NJ 07102
Tel. No. (973) 848-2900
Fax No. (973)623-0405

***CERTIFICATION OF SERVICE***

The undersigned hereby certifies that this document has been filed electronically on this 5th day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Armando E. Batastini**
abatastini@eapdlaw.com rjil@eapdlaw.com

**Janet R. Davis**
janet.davis@mbtlaw.com

**Mark W. Freel**
Mfreel@eapdlaw.com

**John R. Mahoney**
JackMahoney@amplawllp.com

**Matthew Thomas Oliverio**
mto@om-rilaw.com

**Joseph John Reale, Jr**
reale@conversent.net

**Stephen B. Lang**
slang@hcc-law.com