**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br><br>Defendants,<br><br>v.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br><br>Defendant on Counterclaim/Third-Party Plaintiff,<br><br>v.<br><br>ZAMPELL REFRACTORIES, INC.<br><br>Third-Party Defendants. | **C.A. No. 05-066-ML** |

**PLAINTIFF/COUNTERCLAIM DEFENDANT/THIRD-PARTY PLAINTIFF, CERTIFIED POWER SYSTEMS, INC.'S OPPOSITION TO MOTION TO BAR TESTIMONY EVIDENCE OF NFPA STANDARDS OR OTHER STANDARDS**

Certified Power Systems Inc. ("CPS"), by and through its attorneys, Jessica L. Papazian-Ross of Visconti & Boren Limited and Mark Robert Vespole of Tressler, Soderstrom, Maloney & Priess, LLP hereby oppose the motion *in limine* on behalf of FPLE, to bar the admission of NFPA or other standards. A memorandum of law in opposition to this motion is submitted herewith.

WHEREFORE, Plaintiff/Third-Party Counterclaim Defendant**,** CPS respectfully requests that this Honorable Court deny the request by FPLE to bar evidence of NFPA or other standards.

Plaintiff/Counterclaim Defendant/Third-Party
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd***.
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
JLPR@visontilaw.com

**Pro hac vice counsel**
Mark Robert Vespole
Tressler, Soderstrom, Maloney & Priess
74 4 Broad Street, Suite 1510
Newark, NJ 07102
Tel. No. (973) 848-2900
Fax No. (973)623-0405

*CERTIFICATION OF SERVICE*

The undersigned hereby certifies that this document has been filed electronically on this 31st day of August, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Armando E. Batastini**
abatastini@eapdlaw.com rjil@eapdlaw.com

**Janet R. Davis**
janet.davis@mbtlaw.com

**Mark W. Freel**
Mfreel@eapdlaw.com

**John R. Mahoney**
JackMahoney@amplawllp.com

**Matthew Thomas Oliverio**
mto@om-rilaw.com

**Joseph John Reale, Jr**
reale@conversent.net

**Stephen B. Lang**
slang@hcc-law.com

The undersigned hereby certifies that on this 31st day of August, 2006 a true copy of the within document was forwarded via U.S. Mail, postage pre-paid, to the following counsel of record:

**Via U.S. Mail, postage pre-paid:**

**Georgene M. Wilson**
**Andrew M. Hutchison**
Meckler Bulger & Tilson LLP
Suite 1800
123 North Wacker Drive
Chicago, IL 60606

**Mark Robert Vespole**
**Theresa E. Mullen**
Tressler Soderstrom Maloney & Priess
744 Broad St.
Suite 1510
Newark, NJ 07102

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross (#3905)
*Visconti & Boren Ltd.*
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
jlpr@viscontilaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br><br>Defendants,<br><br>v.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br><br>Defendant on Counterclaim/Third-Party Plaintiff,<br><br>v.<br><br>ZAMPELL REFRACTORIES, INC.<br><br>Third-Party Defendants. | **C.A. No. 05-066-ML** |

**CPS MEMORANDUM OF LAW IN OPPOSITION TO FPLE'S MOTIONS IN LIMINE TO BAR EVIDENCE OF NFPA AND OTHER STANDARDS**

Defendants collectively referred to as "FPLE" seek to bar reference to the National Fire Prevention Association standards or other related standards, arguing that the admission of such standards is an attempt to vary the terms of the written contract with Certified Power Services

(hereinafter "CPS"), ostensibly in violation of the parol evidence rule. In reality, FPLE's motion is nothing more than a backdoor attempt by FPLE to argue that it can somehow contract away its legal obligations under state and federal statutes, and somehow obtain dispositive relief on the applicability of those obligations, propositions for which no caselaw has been cited, and undoubtedly none exists. For these reasons, as well as those set forth below, this motion is both procedurally inappropriate and substantively erroneous and, therefore, it must be denied..

It is incontrovertible that the NFPA standards at issue in this case have been incorporated into Federal and State law, both independently and as part of the OSHA regulations. Specifically, R.I. Gen Laws.(1956) § 28-20-24(c) & (d) provides in relevant part:

> (c) All codes shall, when adopted, be consistent with accepted safety and health standards of nationally recognized standards-producing organizations, which shall be at least as effective as federal standards, which, in themselves, shall be adopted.

The statute continues:

> (d) Any amendments made to any codes by the commission shall be such that, when adopted, the amended codes shall be consistent with existing accepted safety and health standards and at least as effective as federal standards. All new federal standards and revisions or amendments to federal standards shall be adopted as state codes within six (6) months after their publication in the federal register.

Additionally R.I. Gen. Laws. (1956) § 23-28.1-2 provides

> a) Effective January 1, 2004, the Uniform Fire Code (NFPA 1) and the Life Safety Code (NFPA 101) of the National Fire Protection Association, Inc., 2003 editions, with annexes, except as updated, amended, altered or deleted and by the addition of certain provisions, as indicated in the rules and regulations adopted by the fire safety code board, is hereby adopted as the "Rhode Island Fire Safety Code". This code shall be liberally construed and applied to promote its underlying purposes and policies.

The relevant OSHA standards provide at 29 USC 1910.252 (a)(1):

> Basic precautions. For elaboration of these basic precautions and of the special precautions of paragraph (d)(2) of this section as well as a delineation of the fire protection and prevention responsibilities of welders and cutters, their supervisors (including outside contractors) and those in management on whose property cutting and welding is to be performed, see, Standard for Fire Prevention in Use of Cutting and Welding Processes, NFPA Standard 51B,1962, which is incorporated by reference as specified in Sec. 1910.6.

Section 29 USC 1910.6 (a) 1, specifically allows for incorporation by reference of various standards including the NFPA:

> The standards of agencies of the U.S. Government, and organizations which are not agencies of the U.S. Government which are incorporated by reference in this part, have the same force and effect as other standards in this part. Only the mandatory provisions (i.e., provisions containing the word "shall" or other mandatory language) of standards incorporated by reference are adopted as standards under the Occupational Safety and Health Act.

Among the standards incorporated under this section is NFPA § 51B, which is incorporated though 1910.6 (q) (9) and provides as follows: "NFPA 51B-1962 Standard for Fire Protection in Use of Cutting and Welding Processes, IBR approved for §1910.252(a)(1) introductory text."

It is clear that the standards which FPLE seeks to bar from consideration are in fact the law of Rhode Island as well as the law of the land. In this case, CPS was never warned and/or told that the area in which welding was being performed by Zampell was in close proximity to flammable evaporative cooling media. In fact, in order for CPS and Zampell to undertake any welding operations on December 3, 2004, CPS was specifically required by the hot work permit requirements of FPLE's own safety manual to obtain a hot work permit that could only be issued by an FPLE production tech leader.

As the owner of the plant, FPLE had a duty under the regulations of the Occupation Safety & Health Administration ("OSHA") and the National Fire Protection

Association ("NFPA"), as specifically incorporated into Rhode Island law by **R.I. GEN LAWS.(1956) 23-28.1-2** , **R.I. GEN LAWS.(1956) § 23-28.2-21** & **R.I. GEN LAWS.(1956) § 28-20-24(c) & (d),** to warn CPS of site specific flammable materials and potential fire hazards. Under OSHA, section 1910.252(a)(2)(xiii)(D) "**management shall** advise all contractors about flammable materials or hazardous conditions of which they may not be aware." (Emphasis added). Under NFPA section 51B entitled "Fire Prevention During Welding, Cutting and Other Hot Work" **management** designates the "permit authorizing individual" ("PAI") which is the person who authorizes the hot work to be performed. See, 3.3.5 of 51B. (Emphasis added). Under chapter 4 of 51B, management, that is FPLE, had the following responsibility under section 4.1.7: "**Management shall** advise all contractors about site specific flammable materials, hazardous processes or conditions, or other potential fire hazards." (Emphasis added)

By virtue of their incorporation into the above-cited Rhode Island statutes, OSHA and section 51B of the NFPA take on the authority of statutory law. The courts of this state have long recognized that violations of statutes which are meant to protect the public are admissible as evidence of negligence against the party who fails to act in accordance with the statute. In Sitko v. Jastrzebski, 68 R.I. 207, 27 A.2d 178 (1942) the court stated:

> In other cases, where there is the violation of an ordinance that prohibits the doing of a certain act or commands its performance and a person is injured by reason of the very commission or omission of such act, it has been held that the ordinance may be admitted in evidence and its violation proved as evidence of negligence. In Oates v. Union Railroad Co., 27 R.I. 499, at page 503, 63 A. 675, 677, this court says: "Although the violation of the statute or ordinance may not itself be a ground of action, yet if the violation of the duty imposed for the safety of the public is the cause of the injury evidence of the violation is prima facie evidence of negligence." Id. at 179.

See also, Brodeur v. Desrosiers, 505 A.2d 418 (RI 1986); Czernik v. Heroux, 711 A.2d 641 (R.I. 1998).

While Rhode Island does not go so far as to find that a statutory violation was negligence per se as some states do, it does allow statutory violations to be admitted as prima facie evidence of liability. See, Kay v. Menard, 754 A.2d 760, 768-69 (R.I. 2000).

Moreover, where a duty to the public is imposed by ordinance, statute or regulation, an owner cannot escape liability by delegating the work to an independent contractor. The owner will be liable for injuries resulting from the independent contractor's negligence. Webbier v. Thoroughbred Racing Protective Bureau, Inc., 105 R.I. 605, 254 A.2d 285 (1969); Blount v. Fong, 48 R.I. 453, 138 A. 52 (1927); Restatement (Second) of Torts, §424 (1965). Consequently, even assuming arguendo that FPL's contract attempted to transfer responsibility to CPS for compliance with various codes and regulations, FPL cannot escape liability by means of such an attempted delegation of its legal obligations. Based upon the foregoing, it is clear that the NFPA statutory standards cited above are admissible, and are proper legal standards for jury charges.

## CONTRACT TERMS THAT ARE IN VIOLATION OF STATE LAW ARE UNENFORCEABLE

With respect to contract claims, a party cannot circumvent state or federal law by simply entering a contract inconsistent with state or federal law. FPLE cannot avoid the requirements of the law of the State of Rhode Island or of the United States merely by imposing similar or even

identical responsibilities by contract with a third party. In State v. Rhode Island Alliance of Social Services Employees, Local 580, SEIU 747 A.2d 465, 469 (R.I. 2000), the court held:

> Illegal contracts, ultra-vires arbitration awards, and deviant-past practices of the parties are as unenforceable in the public-employment labor-law context as they are in other settings. Indeed, the result in this case merely conforms to the old and venerable rule that contracts that contravene applicable state statutes are illegal, and therefore no contractual rights can be created or enforced thereunder. See, e.g., Birkett v. Chatterton, 13 R.I. 299, 302 (1881) (holding that a minor plaintiff could not enforce an employment contract where such contract violated Rhode Island's child-labor statute). “The law will not help a [person] get paid for doing what the law says shall not be done.” Id.

Consequently, FPLE cannot abrogate state law by contracting away its statutory responsibilities.

**THE CONTRACT PROVISIONS CITED BY FPLE DO NOT CONTEMPLATE THE FACTS OF THE CASE AND AS SUCH EXTRINSIC EVIDENCE IS NECESSARY TO INTERPRET THE CONTRACTUAL LANGUAGE**

FPLE’s motion is premised on the argument that the terms of the contract are clear and unambiguous. However, when dealing with the actual facts of this case that position clearly does not hold true. The sections cited by FPLE deal generally with the responsibility of CPS under the contract in a myriad of situations. The contract does not address CPS’s reliance on the hot work permit process of FPLE and the omissions and failure of FPLE to warn CPS of hazards on the property during the issuance of the hot work permit on December 3, 2004. The issuance of the hot work permit on December 3, 2004 told CPS that it was safe to do the welding work contemplated on the exterior of the CT1 duct. Nor do the provisions cited by FPLE deal with FPLE’s statutory and common law obligations as a landowner to guard against known hazards, to keep the premises safe for business invitees and to warn of dangerous conditions and latent defects.

By presenting this truncated view of the contract on a motion in limine, FPLE is requesting the Court to make a sweeping ruling impacting both the contract and negligence claims. It is not the purpose of a motion *in limine* to decide substantive issues, such as the intent of the party and the contractual responsibilities of each party. In Ferguson v. Marshall Contractors, Inc. 745 A.2d 147, 150 -151 (R.I. 2000) the Rhode Island Supreme court held:

> As it has developed, it has become a tool for narrowing the issues at trial and enhancing the parties' preparation for trial. Despite this development, it seems clear that a motion in limine is not intended to be a dispositive motion. [R]ather, it has been used in this state primarily to "prevent the proponent of potentially prejudicial matter from displaying it to the jury *** in any manner until the trial court has ruled upon its admissibility in the context of the trial itself." State v. Fernandes, 526 A.2d 495, 500 (R.I.1987) (quoting Lagenour v. State, 268 Ind. 441, 376 N.E.2d 475, 481 (1978)); see also State v. Bennett, 122 R.I. 276, 286, 405 A.2d 1181, 1186 (1979). (Emphasis added).
>
> A motion *in limine* is not the proper mechanism to decide a duty owed under the circumstances. A motion *in limine* is to exclude a specific piece of evidence that would be unfairly prejudicial to a party. It is not a proper mechanism to exclude all evidence of a duty owed by one party to another. A motion *in limine* is not a summary judgment motion. *Id*. at 151.

Similarly in BHG, Inc. v. F.A.F., Inc. 784 A.2d 884, (R.I. 2001) the court held:

> A motion *in limine* is "widely recognized as a salutary device to avoid the impact of unfairly prejudicial evidence upon the jury and to save a significant amount of time at the trial." *Ferguson v. Marshall Contractors, Inc.,* 745 A.2d 147, 150 (R.I.2000) (quoting *Gendron v. Pawtucket Mutual Insurance Co.,* 409 A.2d 656, 659 (Me.1979)). It is well settled that "a motion in limine is not intended to be a dispositive motion." *Id.* (citing *Gendron,* 409 A.2d at 660). Instead, "it has been used in this state primarily to 'prevent the proponent of potentially prejudicial matter from displaying it to the jury * * * in any manner until the trial court has ruled upon its admissibility in the context of the trial itself.' " *Id.* at 150- 51 (quoting *State v. Fernandes,* 526 A.2d 495, 500 (R.I.1987) (Emphasis added).

While this motion is presented as a motion *in limine*, it is actually a dispositive

motion in disguise on the issue of FPLE's liability under the NFPA. For this and all of other reasons set forth above, FPLE's motion should be denied.

Plaintiff/Counterclaim Defendant/Third Party
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd***.
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
JLPR@visontilaw.com

**Pro hac vice counsel**
Mark Robert Vespole
Tressler, Soderstrom, Maloney & Priess
74 4 Broad Street, Suite 1510
Newark, NJ 07102
Tel. No. (973) 848-2900
Fax No. (973)623-0405

*CERTIFICATION OF SERVICE*

The undersigned hereby certifies that this document has been filed electronically on this 31st day of August, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Armando E. Batastini**
abatastini@eapdlaw.com rjil@eapdlaw.com

**Janet R. Davis**
janet.davis@mbtlaw.com

**Mark W. Freel**
Mfreel@eapdlaw.com

**John R. Mahoney**
JackMahoney@amplawllp.com

**Matthew Thomas Oliverio**
mto@om-rilaw.com

**Joseph John Reale, Jr**
reale@conversent.net

**Stephen B. Lang**
slang@hcc-law.com

The undersigned hereby certifies that on this 31st day of August, 2006 a true copy of the within document was forwarded via U.S. Mail, postage pre-paid, to the following counsel of record:

**Via U.S. Mail, postage pre-paid:**

**Georgene M. Wilson**
**Andrew M. Hutchison**
Meckler Bulger & Tilson LLP
Suite 1800
123 North Wacker Drive
Chicago, IL 60606

**Mark Robert Vespole**
**Theresa E. Mullen**
Tressler Soderstrom Maloney & Priess
744 Broad St.
Suite 1510
Newark, NJ 07102

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross (#3905)
*Visconti & Boren Ltd.*
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
jlpr@viscontilaw.com