**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br><br>Defendants,<br><br>v.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br><br>Defendant on Counterclaim/Third-Party Plaintiff,<br><br>v.<br><br>ZAMPELL REFRACTORIES, INC.<br><br>Third-Party Defendants. | **C.A. No. 05-066-ML** |

**PLAINTIFF/COUNTERCLAIM DEFENDANT/THIRD-PARTY PLAINTIFF CERTIFIED POWER SYSTEMS, INC.'S OPPOSITION TO FPLE'S MOTION TO BAR EVIDENCE OF CHANGES TO THE HOT WORK PERMIT APPLICATION**

Certified Power Systems Inc ("CPS"), by and through its attorneys, Jessica L. Papazian-Ross of Visconti & Boren Limited and Mark Robert Vespole of Tressler, Soderstrom, Maloney & Priess, LLP Hereby oppose the motions *in limine* to bar Evidence Of Changes To The Hot Work Permit Application of behalf of defendants referred to as FPLE. A memorandum of law in support of this opposition is submitted herewith.

WHEREFORE, Plaintiff/Third-Party Counterclaim Defendant**,** CPS respectfully

requests that this Honorable Court deny the request by FPLE to bar Evidence Of Changes To The Hot Work Permit Application .

Plaintiff/Third-Party Counterclaim Defendant,
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross, Esq. (#3905)
*Visconti & Boren Ltd.*
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
JLPR@visontilaw.com

**Pro hac vice counsel**
Mark Robert Vespole
Tressler, Soderstrom, Maloney & Priess
74 4 Broad Street, Suite 1510
Newark, NJ 07102
Tel. No. (973) 848-2900
Fax No. (973) 623-0405

*CERTIFICATION OF SERVICE*

The undersigned hereby certifies that this document has been filed electronically on this 31st day of August, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Armando E. Batastini****abatastini@eapdlaw.com** rjil@eapdlaw.com

**Janet R. Davis**
janet.davis@mbtlaw.com
**Mark W. Freel****Mfreel@eapdlaw.com**
**John R. Mahoney**
JackMahoney@amplawllp.com

**Matthew Thomas Oliverio****mto@om-rilaw.com**
**Joseph John Reale, Jr****reale@conversent.net**

**Stephen B. Lang**
**slang@hcc-law.com**

The undersigned hereby certifies that on this 31st day of August, 2006 a true copy of the within document was forwarded via U.S. Mail, postage pre-paid, to the following counsel of record:

**Via U.S. Mail, postage pre-paid:**

**Georgene M. Wilson**
**Andrew M. Hutchison**
Meckler Bulger & Tilson LLP
Suite 1800
123 North Wacker Drive
Chicago, IL 60606

**Mark Robert Vespole**
**Theresa E. Mullen**
Tressler Soderstrom Maloney & Priess
744 Broad St.
Suite 1510
Newark, NJ 07102

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross (#3905)
*Visconti & Boren Ltd.*
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
jlpr@viscontilaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br><br>Defendants,<br><br>v.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br><br>Defendant on Counterclaim/Third-Party Plaintiff,<br><br>v.<br><br>ZAMPELL REFRACTORIES, INC.<br><br>Third-Party Defendants. | **C.A. No. 05-066-ML** |

**MEMORANDUM OF LAW IN OPPOSITION TO FPLE'S MOTION IN LIMINE TO BAR EVIDENCE OF CHANGES TO THE HOT WORK PERMIT APPLICATION**

FPLE argues that the changes to the Hot Work Permit application are not admissible because it is a "subsequent remedial measure" and therefore not admissible under the Federal Rules of Evidence, specifically Rule 407. However, it is clear that Rule 407 only precludes the admission of the remedial measure where the purpose of the admission is to prove negligence. These measures can clearly be admitted for other purposes such as proof of control of the instrumentality by a party or feasibility of the change.

The First Circuit has addressed this issue in Clausen v. Sea-3, Inc. 21 F.3d 1181, 1191 (1st Cir.1994), in which it held:

> Although Fed.R.Evid. 407 proscribes the admission of evidence of subsequent remedial measures to "prove negligence or culpable conduct," it allows such evidence, as already noted, "when offered for another purpose, such as proving ··· control." Fed.R.Evid. 407. The parties agree that control of the ramp area where Clausen's injury occurred was a material issue in this case.

Similarly in Provencher v. U.S. 1999 WL 1995211, 4 (D.Me.1999), the United States District Court for the District of Maine held:

> Although not admissible to show negligence, Federal Rule of Evidence 407(a) permits evidence of subsequent remedial measures when offered for another purpose, such as proving ownership or control of the instrumentality in question.

The issue of who controlled the hot work permit process is a significant issue in this case. The permit and the change also are evidence of control by FPLE over where and when hot work will take place. FPLE itself put the issue of control of the hot work permit application and process squarely in issue through the recent deposition testimony of one of its engineering experts, Florence Cone, who suggested that CPS exercised some control over the hot work permit application and process. The deposition transcript of Florence Cone has not been prepared.

In FPLE's pretrial memorandum of law, FPLE sets forth on Page 11 that CPS shared in some responsibility regarding the authorization of the hot work permit. FPLE stated the following: "Second, even assuming that certain evidence of NFPA and other codes and standards are deemed admissible by this Court, RISE will present its own expert testimony that RISE acted with [sic] consistent with those standards at all times, and that ultimately, CPS shared in any responsibility for the authorization of hot work and for the execution of the hot work in a manner consistent with the limitations and precautions stated on the hot work permit."

Under NFPA 51B "permit" is defined under Section 3.3.4 which states in full that it is "[a} document issued by the authority having jurisdiction for the purpose of authorizing performance of a specified activity." Under Section 5.2 of NFPA 51B the hot work is permitted only in areas "authorized by management." Under Section 4.1.2 "management shall designate a permit authorizing individual." The permit authorizing individual is the person designated by management to "authorize the hot work." See, 3.3.5 of NFPA 51B.

FPLE controlled the hot work application form, controlled the process and as management authorized the hot work to be performed on December 3, 2004. FPLE is trying to argue that CPS had some responsibility for the authorization of the hot work permit that issued on December 3, 2004. Thus, the new hot work permit form that was prepared by FPLE after the fire occurred on December 3, 2004 is relevant for the purposes of who controlled the hot work permit process and application.

Thus, for the reasons stated, this court should deny FPLE's Motion *in limine* seeking to bar a relevant piece of evidence from being seen by the jury.

Plaintiff/Third-Party Counterclaim Defendant,
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross, Esq. (#3905)
*Visconti & Boren Ltd.*
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
JLPR@visontilaw.com

**Pro hac vice counsel**
Mark Robert Vespole
Tressler, Soderstrom, Maloney & Priess
74 4 Broad Street, Suite 1510
Newark, NJ 07102
Tel. No. (973) 848-2900
Fax No. (973)623-0405

*CERTIFICATION OF SERVICE*

The undersigned hereby certifies that this document has been filed electronically on this 5th day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Armando E. Batastini** **abatastini@eapdlaw.com** rjil@eapdlaw.com

**Janet R. Davis**
janet.davis@mbtlaw.com
**Mark W. Freel** **Mfreel@eapdlaw.com**
**John R. Mahoney**
JackMahoney@amplawllp.com
**Matthew Thomas Oliverio** **mto@om-rilaw.com**
**Joseph John Reale, Jr** **reale@conversent.net**

**Stephen B. Lang**
**slang@hcc-law.com**

The undersigned hereby certifies that on this 31st day of August, 2006 a true copy of the within document was forwarded via U.S. Mail, postage pre-paid, to the following counsel of record:

**Via U.S. Mail, postage pre-paid:**

**Georgene M. Wilson**
**Andrew M. Hutchison**
Meckler Bulger & Tilson LLP
Suite 1800
123 North Wacker Drive
Chicago, IL 60606

**Mark Robert Vespole**
**Theresa E. Mullen**
Tressler Soderstrom Maloney & Priess
744 Broad St.
Suite 1510
Newark, NJ 07102

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross (#3905)
*Visconti & Boren Ltd.*
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
jlpr@viscontilaw.com