**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br><br>Defendants,<br><br>v.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br><br>Defendant on Counterclaim/Third-Party Plaintiff,<br><br>v.<br><br>ZAMPELL REFRACTORIES, INC.<br><br>Third-Party Defendants. | **C.A. No. 05-066-ML** |

**PLAINTIFF/COUNTERCLAIM DEFENDANT/THIRD-PARTY PLAINTIFF, CERTIFIED POWER SYSTEMS, INC.'S OPPOSITION TO SARGENT & LUNDY. LLC MOTION TO BAR EVIDENCE OR ARGUMENT REGARDING THE INTERPRETATION OF THE "CONSTRUCTION MANAGEMENT" TERMS AND CONDITIONS OF THE S&L/FPLE CONTRACT**

Certified Power Systems Inc. ("CPS"), by and through its attorneys, Jessica L. Papazian-Ross of Visconti & Boren Limited and Mark Robert Vespole of Tressler, Soderstrom, Maloney & Priess, LLP hereby oppose the motions in limine on behalf of Sargent & Lundy to bar the admission of evidence or argument regarding the interpretation of the Construction Management Terms and Conditions of the S&L/FPLE contract. A memorandum of law in support of this opposition is submitted herewith.

WHEREFORE, Plaintiff/Counterclaim Defendant/Third-Party Plaintiff**,** CPS respectfully requests that this Honorable Court deny Sargent & Lundy's motion in limine to bar the admission of evidence or argument regarding he interpretation of the Construction Management Terms and Conditions of the contract between S&L and FPLE.

Plaintiff/Counterclaim Defendant/Third Party
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd***.
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
JLPR@visontilaw.com

**Pro hac vice counsel**
Mark Robert Vespole
Tressler, Soderstrom, Maloney & Priess
74 4 Broad Street, Suite 1510
Newark, NJ 07102
Tel. No. (973) 848-2900
Fax No. (973) 623-0405

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **CERTIFIED POWER SYSTEMS, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.**<br><br>**Defendants,**<br><br>**v.**<br><br>**CERTIFIED POWER SYSTEMS, INC.,**<br><br>**Defendant on Counterclaim/Third-Party Plaintiff,**<br><br>**v.**<br><br>**ZAMPELL REFRACTORIES, INC.**<br><br>**Third-Party Defendants.** | **C.A. No. 05-066-ML** |

**MEMORANDUM OF LAW IN OPPOSITION TO SARGENT & LUNDY LLP'S MOTION IN LIMINE TO BAR THE ADMISSION OF EVIDENCE OR ARGUMENT REGARDING THE INTERPRETATION OF THE CONSTRUCTION MANAGEMENT TERMS AND CONDITIONS**

Sargent & Lundy (hereinafter "S&L") seek to bar evidence and argument regarding the interpretation of the "Construction Management Terms and Conditions" section or other terms defined in the S&L /FPLE contract. However the motion gives no indication as to what terms they seek to protect. Absent some indication of what language is at

issue, a cogent argument cannot be made as to whether or not evidence or arguments should be allowed.

To the extent there are any questions regarding the interpretation of the contract the court would have to look at the language in question and then make a determination if the language is clear or if it is ambiguous. This determination by the court, would dictate whether the meaning of the contract terms can be decided by the judge as a matter of law or if it must go to the jury as a question of fact. S&L has not provided any indication as to what language is at issue so this threshold issue cannot be determined.

Sargent & Lundy has a burden of proving "what should be excluded" and "why." Sargent & Lundy has mentioned the construction management terms of its contract without appending any document for the court to review. Nevertheless, the language in the contract does not exclude documentation written by Sargent & Lundy further defining the scope of their duties and obligations under the contract. In fact, the construction management section of the contract specifically stated that it is the "minimum" of what Sargent & Lundy was to do on the project. The language used in the contract states in pertinent part "The construction management effort will include, at a minimum:…."

When a contract is construed on its terms alone, only then is the contract interpreted as a question of law. See, Judd Realty, Inc. v. Tedesco, 400 A.2d 952, 955 (R.I. 1979). When the terms of a contract are reasonably and clearly susceptible to more than one interpretation, then there is an ambiguity in the contract and the contract terms become a question of fact for the jury to consider in this case. Furthermore, when terms are ambiguous, the ambiguity is construed against the drafter. See, Judd Realty, Inc. v. Tedesco, 400 A.2d 952, 955 (R.I. 1979); Rivera v. Gagnon, 847 A.2d 280 (R.I. 2004).

Parties can modify, supplement terms of a written document and can testify as to their understanding of their role and duties and if set forth in writing subsequent to the issuance of the contract, that is clearly relevant. See, Lisi v. Marra, 424 A.2d 1052 (R.I. 1981); Industrial National Bank v. Peloso, 121 R.I. 305, 397 A.2d 1312 (1979).

Without the benefit of Sargent & Lundy making any particular argument as to what document Sargent & Lundy seeks to preclude under this motion, or the time frame of when the document was created and the particular section of the contract and language Sargent & Lundy is utilizing to indicate that the document is barred, CPS is left to simply speculate regarding the contents of this motion.

No party has asserted a contract claim against Sargent & Lundy in this case. The claims against Sargent & Lundy are for contribution and indemnification arising out of their negligence on the job site.

Thus, while S&L argues that terms of the an unambiguous contract cannot be varied, it fails to specify the precise terms to which they refer. Whether the terms are clear and unambiguous is a question of law for the court and whether extrinsic facts or aids may be used in its interpretation is an issue that cannot be decided absent an indication of wording that is at issue.

For the foregoing reasons, Sargent & Lundy has failed to present sufficient evidence to this court regarding the basis and contents of its motion *in limine* and CPS should not be in a position to speculate as to what document and/or documents are sought to be excluded and why.

For the foregoing reasons, this court should deny the motion *in limine*.

**Plaintiff/Third-Party Counterclaim Defendant,**
**CERTIFIED POWER SYSTEMS, INC.**
**By its Attorneys,**

**/s/ Jessica L. Papazian-Ross**
**Jessica L. Papazian-Ross, Esq. (#3905)**
***Visconti & Boren Ltd.***
**55 Dorrance Street**
**Providence, RI 02903**
**Tel. No. (401) 331-3800**
**Fax No. (401) 421-9302**
**JLPR@visontilaw.com**

**Pro hac vice counsel**
**Mark Robert Vespole**
**Tressler, Soderstrom, Maloney & Priess**
**74 4 Broad Street, Suite 1510**
**Newark, NJ 07102**
**Tel. No. (973) 848-2900**
**Fax No. (973)623-0405**

*CERTIFICATION OF SERVICE*

The undersigned hereby certifies that this document has been filed electronically on this 5th day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record:
Via Electronic Service/ECF:

Armando E. Batastini
abatastini@eapdlaw.com rjil@eapdlaw.com

Janet R. Davis
janet.davis@mbtlaw.com

Mark W. Freel
Mfreel@eapdlaw.com

John R. Mahoney
JackMahoney@amplawllp.com

Matthew Thomas Oliverio
mto@om-rilaw.com

Joseph John Reale, Jr
reale@conversent.net

Stephen B. Lang
slang@hcc-law.com

The undersigned hereby certifies that on this 31st day of August, 2006 a true copy of the within document was forwarded via U.S. Mail, postage pre-paid, to the following counsel of record:
Via U.S. Mail, postage pre-paid:

Georgene M. Wilson
Andrew M. Hutchison
Meckler Bulger & Tilson LLP
Suite 1800
123 North Wacker Drive
Chicago, IL 60606

Mark Robert Vespole
Theresa E. Mullen
Tressler Soderstrom Maloney & Priess
744 Broad St.
Suite 1510
Newark, NJ 07102

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross (#3905)
*Visconti & Boren Ltd.*
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
jlpr@viscontilaw.com