**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.<br><br>Defendants,<br><br>v.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br><br>Defendant on Counterclaim/Third-Party Plaintiff,<br><br>v.<br><br>ZAMPELL REFRACTORIES, INC.<br><br>Third-Party Defendants. | **C.A. No. 05-066-ML** |

**PLAINTIFF/COUNTERCLAIM DEFENDANT/THIRD-PARTY PLAINTIFF, CERTIFIED POWER SYSTEMS, INC.'S OPPOSITION TO FPLE AND SARGENT & LUNDY'S MOTIONS IN LIMINE TO BAR TESTIMONY OF PETER SCHWALJE**

Certified Power Systems Inc. ("CPS"), by and through its attorneys, Jessica L. Papazian-Ross of Visconti & Boren Limited and Mark Robert Vespole of Tressler, Soderstrom, Maloney & Priess, LLP hereby oppose the motions *in limine* to bar the testimony of Peter J. Schwalje, brought on behalf of FPLE and Sargent & Lundy. A memorandum of law in support of this opposition is submitted herewith.

WHEREFORE, Plaintiff/Counterclaim Defendant/Third-Party Plaintiff**,** CPS respectfully requests that this Honorable Court deny the motions *in limine* by Florida Power & Light and

Sargent & Lundy to limit or bar the testimony of Peter J. Schwalje.

Plaintiff/Third-Party Counterclaim Defendant,
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
JLPR@visontilaw.com

**Pro hac vice counsel**
Mark Robert Vespole
Tressler, Soderstrom, Maloney & Priess
74 4 Broad Street, Suite 1510
Newark, NJ 07102
Tel. No. (973) 848-2900
Fax No. (973)623-0405

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CERTIFIED POWER SYSTEMS, INC.,

Plaintiff,

v.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

Defendants,

v.

CERTIFIED POWER SYSTEMS, INC.,

Defendant on Counterclaim/Third-Party Plaintiff,

v.

ZAMPELL REFRACTORIES, INC.

Third-Party Defendants.

**C.A. No. 05-066-ML**

**Memorandum Of Law In Opposition To The Motions In Limine Brought By FPLE and Sargent & Lundy to Bar the Testimony Of Peter J. Schwalje**

Defendants collectively referred to as "FPLE" and Sargent & Lundy (hereinafter "S&L"), both seek to limit or bar the testimony of Peter J. Schwalje. FPLE argues that Schwalje has insufficient experience working with NFPA §51B to render an opinion in this matter. S&L argues that his experience is too remote in time. Neither of these arguments, either jointly or separately, present a sufficient basis to bar the testimony of Mr. Schwalje, who has excellent credentials as an engineer with significant experience in the power plant industry.

Mr. Schwalje holds both a Bachelor of Science in Engineering and a Master of Science in Industrial Health and Safety Engineering. He is a Professional Engineer licensed in New Jersey, New York, Florida, California and South Carolina. He is the author of an ASME Paper on Design and Construction of Prototype Power Plants. (Schwalje Resume, FPL Exhibit A).

In addition, he was an engineer for PSE&G in its Sewaren, New Jersey power plant. While not asked at the deposition, he was responsible for the issuance of hot work permits. He is intimately familiar with the NFPA standards not only from his Masters Degree work but also from his 40 years of engineering experience.

**A. Determination Of The Admissibility Of Peter Schwalje's Testimony May Not Be Made By Way Of A Motion In Limine**

The moving parties seek to bar or limit the testimony of Peter Schwalje based on testimony from his deposition, a deposition taken by the moving parties. It would be neither necessary nor proper for counsel for CPS to question Mr. Schwalje at that time regarding his qualifications. Consequently, the dismal picture of Mr. Schwalje's qualifications painted by the movants is clearly not an accurate depiction of Mr. Schwalje's actual qualifications to serve as an expert in this matter.

The proper challenge to Schwalje's quailifications should come at a hearing under Rule 104 of The Federal Rules of Evidence prior to his trial testimony. In Hall v. Eklof Marine Corp. 339 F.Supp.2d 369 (D.R.I. 2004) the United States District Court for the District of Rhode Island stated that a *Daubert* hearing would be the proper forum to challenge the admissibility of a party's proffered expert testimony. This way, the court has the benefit of an evidentiary hearing under Rule 104(a) of the Federal Rules of Evidence and is not considering evidentiary rulings based on the filing of motion papers. In Hall, the court explained its reasoning as follows:

> The Court refuses to make evidentiary rulings on the admissibility of proffered expert testimony in a vacuum and without the benefit of the expert's testimony or that of any expert offered to oppose it. McConaghy, 294 F.Supp.2d at 169. A Rule 104(a) evidentiary hearing is the proper vehicle to evaluate the admissibility of a plaintiff's proffered expert testimony. Id. at 381.

Under Rule 104 of the Federal Rules of Evidence, the court must make the threshold determination of admissibility. The rule provides:

> a) Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.

In this case, if the admissibility of the Schwalje's expertise is thought to be an issue, this court as the gatekeeper of expert testimony should hold a Rule 104 evidentiary hearing at the time of the trial.

**B. <u>Peter Schwalje Is Clearly Qualified To Testify To The Positions Asserted In His Report</u>**

Peter Schwalje is clearly competent to serve as an expert in this matter and to offer the opinions set forth in his report and provided at his deposition. The objections made by FPLE, that he has not testified before as an expert with respect to NFPA § 51B, does not mean that he is not qualified as an expert with respect to its application. FPLE's argument is analogous to the defendants' position in <u>DaSilva v. American Brands, Inc</u>., 845 F.2d 356, 361 (1st Cir. 1988), in which it was argued that the expert should not be allowed to testify because he had no experience with the specific machine that was the subject of the lawsuit. The court strongly disagreed and held:

> USM also attacks the qualifications and testimony of Holt, a mechanical engineer and witness who gave his expert opinion regarding the safety design of the machine. It argues that the court should not have allowed Holt to testify since he had no design experience with this particular machine and his only prior exposure to it was briefly as a production line supervisor. Appellant, in essence, is arguing that we should constrain a trial court to admit testimony only from mechanical engineers who have had design experience with the specific machine in question. Such an approach would often mean that the only experts who could testify regarding a machine are those who have an interest in defending its design. We therefore are not persuaded to abandon the general rule that a court should consider all relevant qualifications when ruling on the admissibility of expert testimony. Id. at 361.

The court goes on to describe Holt's qualifications which are not nearly as strong as Mr. Schwalje's. The court further stated:

> We therefore hold that the court below properly exercised its discretion when it admitted the testimony of Mr. Holt after it was shown that he had twenty-three years of experience as an engineer, he was familiar with fundamental engineering principles of machine design, he had extensive experience evaluating and recommending safety devices for machines, and he was familiar from prior experience with the operation of the Banbury. Id. at 361.

Similarly, in Marshall v. Perez Arzuaga, 828 F.2d 845, (1st Cir. 1987), the court considered an objection to the testimony of an expert offered to explain why a tire on an automobile deflated, because the expert had no formal training on that subject. In Marshall, the court stated:

> [R]osenbluth had sufficient "knowledge, skill, experience, training, or education" to testify as an expert on the cause of the tire's deflation. As was brought out at the trial, Rosenbluth's qualifications *include* substantial education in automobile technology and physical sciences; prior ownership of Automobile Technical Services, Inc., a company that was responsible for the maintenance of approximately 250 vehicles; teaching experience at various educational levels of automobile maintenance and servicing; and his employment at the time of the trial as an automotive expert for the State of Arizona. Whether or not Rosenbluth took courses focusing exclusively on tires, his extensive automotive background-and his inevitable exposure to problems of tire maintenance and failure-provided an adequate basis for the district court to exercise its discretion in favor of letting him testify. *See Payton v. Abbott Labs*, 780 F.2d 147, 155 (1st Cir.1985) (that witness was "not a specialist in the field in which he is giving his opinion affects not the admissibility of his opinion but the weight the jury may place on it"). Id. at 851.

Thus, to the extent that FPLE and Sargent & Lundy wish to argue that Mr. Schwalje lacks specific experience with reference to § 51B, they must make that argument to the jury as to the weight to be given the testimony, and not on a motion to limit or bar his testimony because of his qualifications.

Finally, S&L argues that Schwalje's power plant experience is too distant in terms of time to be considered. It is alleged that the power plant industry is unique and constantly changing. While perhaps that unsupported comment is true, that is not to say that the NFPA requirements have changed or that the responsibilities of an owner or general contractor have changed, or that these responsibilities are even unique to the power plant industry. In any event, this too is an argument which goes to the weight and not the admissibility of the proffered testimony, and is not properly raised or considered on a motion in limine.

For the foregoing reasons, this court should deny the motion filed by FPLE & S&L to preclude and bar the expert testimony of Peter Schwalje.

Plaintiff/Third-Party Counterclaim Defendant,
CERTIFIED POWER SYSTEMS, INC.
By its Attorneys,

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
JLPR@visontilaw.com

**Pro hac vice counsel**
Mark Robert Vespole
Tressler, Soderstrom, Maloney & Priess
74 4 Broad Street, Suite 1510
Newark, NJ 07102
Tel. No. (973) 848-2900
Fax No. (973)623-0405

***CERTIFICATION OF SERVICE***

The undersigned hereby certifies that this document has been filed electronically on this 5th day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Armando E. Batastini**abatastini@eapdlaw.com rjil@eapdlaw.com

**Janet R. Davis**
janet.davis@mbtlaw.com

**Mark W. Freel**Mfreel@eapdlaw.com

**John R. Mahoney**
JackMahoney@amplawllp.com
**Matthew Thomas Oliverio**mto@om-rilaw.com

**Joseph John Reale, Jr**reale@conversent.net

**Stephen B. Lang**
slang@hcc-law.com

The undersigned hereby certifies that on this 5th day of September, 2006 a true copy of the within document was forwarded via U.S. Mail, postage pre-paid, to the following counsel of record:

**Via U.S. Mail, postage pre-paid:**

**Georgene M. Wilson**
**Andrew M. Hutchison**
Meckler Bulger & Tilson LLP
Suite 1800
123 North Wacker Drive
Chicago, IL 60606

**Mark Robert Vespole**
**Theresa E. Mullen**
Tressler Soderstrom Maloney & Priess
744 Broad St.
Suite 1510
Newark, NJ 07102

/s/ Jessica L. Papazian-Ross
Jessica L. Papazian-Ross (#3905)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
jlpr@viscontilaw.com