UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br>Plaintiff,<br><br>vs.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.,<br>Defendants,<br><br>vs.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br>Defendant on Counterclaim/<br>Third-Party Plaintiff,<br><br>vs.<br><br>ZAMPELL REFRACTORIES, INC.,<br>Third-Party Defendant,<br><br>vs.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.,<br>Fourth-Party Defendants. | : | C.A. No. 05-066-ML |

**RISE DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES**

In its objection to the instant motion in limine filed by the RISE Defendants ("RISE"), Plaintiff Certified Power Systems, Inc.'s ("CPS") claims that it seeks the admission of certain evidence of post-fire policy changes at RISE only to prove RISE's "control" of those procedures. However, RISE does not dispute that it drafted and "controlled" the content of the subject hot work permit procedures. As a result, CPS is

unable to establish any necessary predicate for the admission of such evidence of any such subsequent remedial measures, which is clearly being sought to establish fault, in violation of Federal Rule of Evidence 407.

As acknowledged in CPS' objection to the instant motion, Rule 407 prohibits the introduction of evidence of post-accident safety improvements to prove negligence. See Fed. R. Evid. 407; Hochen v. Bobst Group, Inc., 193 F.R.D. 22, 23 (D. Mass. 2000). Rule 407 contains an exception permitting the introduction of a subsequent remedial measure for purposes other than proving negligence, including proof of control -- but only if control is disputed or “controverted.” See Fed. R. Evid. 407.

In order to fit itself within this exception, CPS contends that RISE disputes its control of the hot work permit procedures at issue in this motion, and points to unspecified deposition testimony of RISE's expert witness Florence Cone and to RISE's Pretrial Memorandum. (See CPS Objection at 5). However, RISE does not dispute that it drafted and had control over the contents of its hot work permit procedures. Cone's testimony and the relevant sections of RISE's Pretrial Memorandum relate to certain requirements in RISE's procedures that contractors, such as CPS, ensure that areas in proximity to hot work are free from flammable materials. This requirement dovetails with the RISE-CPS Contract, whereby CPS agreed to be responsible for compliance with any relevant industry standards or government regulation related to hot work.

Ultimately, CPS's dispute is about the content of the RISE hot work procedures, and their implementation in this case, not about RISE's “control” over those procedures. This is not like a broken set of steps that someone fixed after an accident, proving that they “control” those premises. There is a critical distinction between “control” over the content

of procedures and the subsequent implementation of those procedures in a given case. CPS takes issue only with the latter, and that controversy does not place in dispute the identity of who had control of the content of these procedures.

In sum, RISE does not dispute its control over the subject hot work permit procedures. Accordingly, evidence of post-fire revisions to those procedures, and to the hot work permit form, are inadmissible for the purposes of proving "control." Any effort to admit such evidence can only be for purposes of establishing culpability or fault, and therefore should not be permitted pursuant to Rule 407.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE
RHODE ISLAND STATE ENERGY, L.P.
and FPLE RHODE ISLAND STATE
ENERGY GP, INC.

By their Attorneys,

/s/ Mark W. Freel

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of September, 2006, I caused a true copy of the foregoing to be served on the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Janet R. Davis, Esq.
Andrew M. Hutchison, Esq.
Georgene M. Wilson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

/s/ Mark W. Freel