**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC., | ) | |
| vs. | ) | |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY GP, INC., | ) | |
| vs. | ) | C.A. NO.: 05-066-ML |
| CERTIFIED POWER SYSTEMS, INC. | ) | |
| vs. | ) | |
| ZAMPELL REFRACTORIES, INC. | ) | |
| vs. | ) | |
| SARGENT & LUNDY, LLC. | ) | |

**SARGENT & LUNDY, LLC'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO BAR EVIDENCE AND ARGUMENT REGARDING THE INTERPRETATION OF "CONSTRUCTION MANAGEMENT TERMS AND CONDITIONS SECTION" OR OTHER TERMS DEFINED IN THE S&L/FPLE CONTRACT**

Fourth party defendant, Sargent & Lundy LLC ("S&L") submits the following reply in further support of its motion *in limine* regarding the interpretation of the S&L/FPLE contract.

Certified Power Systems, Inc.'s ("CPS") and Zampell Refractories, Inc.'s ("Zampell") responses make it clear that, even though neither CPS nor Zampell are parties to the S&L/FPLE contract, they intend to introduce extrinsic evidence to change the unambiguous language of the

contract. The introduction of this evidence would be improper because the defined terms on the S&L/FPLE contract are not ambiguous and neither CPS nor Zampell are parties to the S&L/FPLE contract.

Whether a contract's terms are ambiguous is a question of law. Garden City Treatment Ctr. v. Coordinated Health, 852 A.2d 535, 542 (R.I. 2004). "In situations in which the language of a contractual agreement is plain and unambiguous, its meaning should be determined without reference to extrinsic facts or aids." Id.(quoting Clark-Fitzpatrick, Inc. v. Gill, 652 A.2d 440, 443 (R.I. 1994). In determining if a contract is ambiguous the contract must be considered in its entirety with the terms being given their plain and ordinary meanings. Dubis v. East Greenwich Fire Dist., 754 A.2d 98, 100 (R.I. 2000). Merely stating that a contract is ambiguous is insufficient. Rather the contract must be subject to more than one reasonable interpretation. Id. A breach of contract claim on the basis that the contract is ambiguous may be asserted by the parties in privity to the contract. Dunn v. Shannon, No. 99-2533, 2005 WL 1125315 (R.I. Super. May 11, 2005)[1]

In the instant matter, neither FPLE nor S&L, the two parties to the contract, dispute the meaning of the defined contract terms or the contract scope. Thus, there is no contention between parties to the contract, i.e. S&L and FPLE, that the contract terms are subject to more than one reasonable interpretation. Because neither CPS nor Zampell

[1] A copy of the opinion available on Westlaw is attached as Exhibit "A".

are parties to the contract they can not assert that the contract between S&L and FPLE is ambiguous

Despite that fact, Zampell erroneously attempts to argue that an ambiguity was created because "S&L prepared an exhibit outlining their duties." This argument ignores the fact that the exhibit was an internal S&L document, and that it neither modified nor affected the terms of the S&L/FPLE contract. CPS erroneously argues that S&L's motion is not sufficiently specific because it does not recite the terms of the S&L/FPLE contract. This argument must also be rejected because the contract, when considered as whole, is not ambiguous. [2] Thus, there is no need for S&L to cite specific terms of the contract in support of their motion to preclude the introduction of extrinsic evidence seeking to modify the clear and unambiguous language of the contract. Accordingly, there is no basis for CPS' nor Zampell's arguments that the contract should be interpreted using extrinsic evidence.

It is CPS' and Zampell's burden to show that the S&L/FPLE contract is subject to more than one reasonable interpretation. They have failed in this attempt. Thus, the S&L/FPLE contract interpretation is a matter of law and it would be improper to allow the introduction of extrinsic or parol evidence.

WHEREFORE, fourth-party defendant Sargent & Lundy, LLC seeks the entry of an order *in limine* barring evidence and argument regarding

[2] To assist the court a copy of the contract is attached as Exhibit "B".

the interpretation of the "Construction Management Terms and Conditions" section or other terms defined in the S&L/FPLE contract.

SARGENT & LUNDY, L.L.C.

By its Attorneys,

/s/ Stephen B. Lang
Stephen B. Lang (#0145)
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
Tel: 401-272-3500
Fax: 401-273-8780
slang@hcc-law.com

- and –

Janet R. Davis, Esq.
Georgene Wilson, Esq.
Andrew M. Hutchinson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: 312-474-7947
Fax: 312-474-7898
janet.davis@mbtlaw.com
georgene.wilson@mbtlaw.com

**CERTIFICATION**

I hereby certify that a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

Co-Counsel for Plaintiff
Jessica Papazian-Ross, Esq.
Visconti & Boren Limited
Providence Square Building
55 Dorrance Street
Providence, RI 02903
jlpr@viscontilaw.com

Co-Counsel for Zampell
John R. Mahoney, Esq.
Asquith Mahoney, LLP
155 South Main Street
2nd Floor
Providence, RI 02903
JackMahoney@amlawllp.com

Counsel for Trust 2000, FPLE
Mark W. Freel, Esq.
Armando E. Batastini, Esq.
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903
MFreel@eapdlaw.com

Co-Counsel for Zampell
Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza
Suite 400
Providence, RI 02903
reale@conversent.net

I also certify that a true copy of the foregoing (along with a copy of the ECF receipt), was mailed, postage pre-paid, to:

Co-Counsel for Plaintiff
Mark Robert Vespole, Esq.
Theresa M. Mullen, Esq.
Tressler, Soderstrom Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102
mvespole@tsmp.com

/s/ ______________________________
Stephen B. Lang