UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CERTIFIED POWER SYSTEMS, INC.

VS.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE RHODE
RHODE ISLAND STATE ENERGY GP, INC.

VS. C.A. NO.: 05-066-ML

CERTIFIED POWER SYSTEMS, INC.

VS.

ZAMPELL REFRACTORIES, INC.

VS.

SARGENT & LUNDY, LLC and
PREMIER ENGINEERING SERVICES, INC.

**THIRD-PARTY DEFENDANT, ZAMPELL REFRACTORIES, INC.'s, MOTION IN LIMINE TO EXCLUDE ANY OF FLORIDA POWER & LIGHT's EXPERT WITNESSES FROM TESTIFYING WITH REGARD TO NEGLIGENT WELDING AS BEING THE PROXIMATE CAUSE OF THE DECEMBER 3, 2004 FIRE**

Now comes the third-party defendant, Zampell Refractories, Inc., and moves the court to enter a Pre-Trial Order preventing any of Florida Power & Light's three (3) experts, Michael Cooney, Ara Nalbandian and Florence Cone, from testifying about the quality of the welds performed by Bruce Crossman of Zampell Refractories, Inc. As grounds for said motion, the moving party refers to the Memorandum of Law attached hereto and incorporated herein by reference.

ZAMPELL REFRACTORIES, INC.
BY ITS ATTORNEY,

/s/ JOHN R. MAHONEY, ESQ.
JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 - Telephone
(401) 331-7373 - Fax
JackMahoney@amlawllp.com

CERTIFICATION

I hereby certify that on the 22nd day of September, 2006 I electronically filed the within to Joseph J. Reale, Jr., Esq., 30 Kennedy Plaza, Suite 400, Providence, RI 02903; Mark W. Freel, Esq., Armando E. Batastini, Esq., Edwards & Angell, LLP, 2800 Financial Plaza, Providence, RI 02903; Jessica Papazian-Ross, Esq., Girard R. Visconti, Esq., Visconti & Boren, 55 Dorrance Street, Providence, RI 02903; Warren D. Hutchison, Esq., Donovan Hatem, LLP, Two Seaport Lane, Boston, MA 02210; Matthew T. Oliverio, Esq., Oliverio & Marcaccio, LLP, 55 Dorrance Street, Suite 400, Providence, RI 02903; Stephen B. Lang, Esq., Higgins, Cavanagh & Cooney, LLP, 123 Dyer Street, Providence, RI 02903 and Janet R. Davis, Esq., Meckler, Bulger & Tilson, LLP, 123 N. Wacker Drive, Suite 1800, Chicago, IL 60606 and mailed a true copy of the within to Mark Robert Vespole, Esq., Theresa E. Mullen, Esq., Tressler, Soderstrom, Maloney & Priess, 744 Broad Street, 14th Floor, Newark, NJ 07102-3812 and to Georgene J. Wilson, Esq., Andrew M. Hutchison, Esq., Meckler, Bulger & Tilson, LLP, Suite 1800, 123 North Wacker Drive, Chicago, IL 60606.

/s/ JOHN R. MAHONEY, ESQ.
JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 - Telephone
(401) 331-7373 - Fax
JackMahoney@amlawllp.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CERTIFIED POWER SYSTEMS, INC.

VS.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE RHODE
RHODE ISLAND STATE ENERGY GP, INC.

VS. C.A. NO.: 05-066-ML

CERTIFIED POWER SYSTEMS, INC.

VS.

ZAMPELL REFRACTORIES, INC.

VS.

SARGENT & LUNDY, LLC and
PREMIER ENGINEERING SERVICES, INC.

**MEMORANDUM OF LAW**
**IN SUPPORT OF THIRD-PARTY DEFENDANT,**
**ZAMPELL REFRACTORIES, INC.'s,**
**MOTION IN LIMINE TO EXCLUDE ANY OF**
**FLORIDA POWER & LIGHT's EXPERT WITNESSES**
**FROM TESTIFYING WITH REGARD TO NEGLIGENT WELDING**
**AS BEING THE PROXIMATE CAUSE OF THE DECEMBER 3, 2004 FIRE**

The issue in this case relates to the identity of the party who had the responsibility, under all of the circumstances of this case, to remove the evaporative cooler media that ignited while welding was ongoing on the southerly wall of Combustion Turbine Unit 1. Florida Power & Light has retained three (3) experts, all of whom, are employed by Thielsch Engineering of Cranston, Rhode Island. All three of these experts, Michael Cooney, Ara Nalbandian and Florence Cone, have testified in depositions regarding this case. All three of these individuals are engineers.

Mr. Nalbandian, who testified on June 22, 2006, is prepared to testify with regard to his investigation of the causation of the fire. Michael Cooney, who testified on July 12, 2006, has experience in metallurgical engineering and he is prepared to testify as to the quality of the welds and the specific weld that caused the fire. Ms. Florence Cone testified on August 24, 2006. She is a member of the American Society of Nondestructive Testing and has Level II qualifications. She is also prepared to testify with regard to the quality of the welds.

Not one of these witnesses was able to testify with any degree of certainty that this fire would not have occurred but for negligent welding.

Mr. Nalbandian addressed the causal connection issue at various locations in his deposition testimony. He testified that it would be very difficult to foretell what temperatures would be reached on the inside portion of the stainless steel panel if proper welding occurred. He acknowledged that there would be a temperature differential. He also testified that the evaporative cooler media ignites if the temperature reaches in excess of 350°. (Deposition Pages 69, 70) Importantly, Mr. Nalbandian acknowledged that the temperature reaches 2,600° to 2,700° on the inside of the panel when welding metal mixes with base metal in order to do a proper weld. (Pages 127, 128) Obviously, if this is the case, whether there was a blow through as a result of negligent welding or whether there was proper welding, the temperature on the inside of the weld would be far in excess of that needed to ignite the evaporative cooler media.

On July 12, 2006, Mr. Cooney was directly asked if a proper weld was performed, whether temperatures on the inside of the stainless steel wall could have been in excess of 350°. Mr. Cooney testified, "From my experience, calculations have to be done to show that, but based upon my experience, I believe that could have occurred, yes." A proper weld, according to Mr.

Cooney, could have reached 500° on the inside of the wall. (Pages 89, 90)

Ms. Florence Cone testified on August 24, 2006. She testified that at the very location where the fire is alleged to have occurred, (weld C-3), if welding had been properly undertaken, the temperature on the inside of the panel would have been in excess of 350° Fahrenheit.

In a negligence case, the plaintiff has the burden of establishing that there is a causal relation between the act or omission of the defendant and plaintiff's injury. Such causal connection must be established by competent proof. In the absence of such proof, a verdict for the plaintiff would be based upon conjecture or speculation, and a directed verdict should be granted. Mullaney v. Goldman, 398 A.2d 1133 (RI 1979). The experts for Florida Power & Light did not perform any testing which would have enabled them to know what temperatures were generated on the inside of an identical stainless steel panel when proper welding was performed. The experts from Florida Power & Light either directly acknowledge that proper welding would have or could have resulted in fahrenheit temperatures in excess of 350° on the opposite side of the panel on which welding occurred.

Dr. Thomas Eagar, Zampell's expert, is the only expert who specifically measured temperatures on the other side of an identical stainless steel panel where welding occurred and has opined in his deposition that temperatures would reach in excess of 350° during proper welding and would ignite evaporative cooler media located inside one half inch from the underside of a stainless steel panel. All of Florida Power & Light's experts assumed that the media that ignited was very close to the inside of the stainless steel wall. In Mr. Nalbandian's report, he wrote, “The evaporative cooler media would have been in direct contact with the inside surface of the stainless steel plenum wall.” (Page 67)

Mr. Cooney testified that the very top of the evaporative cooler media would have been immediately adjacent to the very bottom weld associated with C-3, which is the weld coupon that these experts allege caused the fire. (Page 67) Although Ms. Cone professes to be a welding expert, she testified that she was not rendering an opinion concerning the cause and origin of the fire. (Page 28)

None of these experts is in a position to testify with any degree of certainty that a proper weld would not have caused this fire. Since it if Florida Power & Light's obligation to not only demonstrate that negligent welding occurred, but that negligent welding proximately caused the fire, it follows that this party cannot sustain that burden of proof given the testimony of these three witnesses.

Zampell Refractories, Inc. respectfully requests that an Order enter preventing any of these witnesses from testifying with regard to the quality of the weld because none of the witnesses are in a position to testify that but for negligent welding this fire would not have occurred.

ZAMPELL REFRACTORIES, INC.
BY ITS ATTORNEY,

/s/ JOHN R. MAHONEY, ESQ.
JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 - Telephone
(401) 331-7373 - Fax
JackMahoney@amlawllp.com

CERTIFICATION

I hereby certify that on the 22nd day of September, 2006 I electronically filed the within to Joseph J. Reale, Jr., Esq., 30 Kennedy Plaza, Suite 400, Providence, RI 02903; Mark W. Freel, Esq., Armando E. Batastini, Esq., Edwards & Angell, LLP, 2800 Financial Plaza, Providence, RI 02903; Jessica Papazian-Ross, Esq., Girard R. Visconti, Esq., Visconti & Boren, 55 Dorrance Street, Providence, RI 02903; Warren D. Hutchison, Esq., Donovan Hatem, LLP, Two Seaport Lane, Boston, MA 02210; Matthew T. Oliverio, Esq., Oliverio & Marcaccio, LLP, 55 Dorrance Street, Suite 400, Providence, RI 02903; Stephen B. Lang, Esq., Higgins, Cavanagh & Cooney, LLP, 123 Dyer Street, Providence, RI 02903 and Janet R. Davis, Esq., Meckler, Bulger & Tilson, LLP, 123 N. Wacker Drive, Suite 1800, Chicago, IL 60606 and mailed a true copy of the within to Mark Robert Vespole, Esq., Theresa E. Mullen, Esq., Tressler, Soderstrom, Maloney & Priess, 744 Broad Street, 14th Floor, Newark, NJ 07102-3812 and to Georgene J. Wilson, Esq., Andrew M. Hutchison, Esq., Meckler, Bulger & Tilson, LLP, Suite 1800, 123 North Wacker Drive, Chicago, IL 60606.

/s/ JOHN R. MAHONEY, ESQ.
JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 - Telephone
(401) 331-7373 - Fax
JackMahoney@amlawllp.com