UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC., Plaintiff, | : | |
| vs. | : | C.A. No. 05-066-ML |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC., Defendants, | : | |
| vs. | : | |
| CERTIFIED POWER SYSTEMS, INC., Defendant on Counterclaim/ Third-Party Plaintiff, | : | |
| vs. | : | |
| ZAMPELL REFRACTORIES, INC., Third-Party Defendant, | : | |
| vs. | : | |
| SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC., Fourth-Party Defendants. | : | |

**RISE DEFENDANTS' OPPOSITION TO CERTIFIED POWER SYSTEMS, INC.'S MOTION *IN LIMINE* TO PRECLUDE THE EXPERT TESTIMONY OF MICHAEL COONEY**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P., and FPLE Rhode Island State Energy GP, Inc. hereby opposes Plaintiff Certified Power Systems, Inc.'s motion in limine to preclude the expert testimony of Michael Cooney, and submit the accompanying memorandum of law in support of their opposition.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

By their Attorneys,

/s/ Mark W. Freel

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 25th day of September, 2006, I caused a true copy of the within Opposition to be served on the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Janet R. Davis, Esq.
Andrew M. Hutchison, Esq.
Georgene M. Wilson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

/s/ Mark W. Freel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br>Plaintiff,<br><br>vs.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.,<br>Defendants,<br><br>vs.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br>Defendant on Counterclaim/<br>Third-Party Plaintiff,<br><br>vs.<br><br>ZAMPELL REFRACTORIES, INC.,<br>Third-Party Defendant,<br><br>vs.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.,<br>Fourth-Party Defendants. | : | C.A. No. 05-066-ML |

**RISE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO CERTIFIED POWER SYSTEMS, INC.'S MOTION IN LIMINE TO PRECLUDE THE EXPERT TESTIMONY OF MICHAEL COONEY**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P., and FPLE Rhode Island State Energy GP, Inc. (sometimes collectively, "RISE") submit this memorandum of law in support of their opposition to Plaintiff Certified Power



PRV_837012_1/ABATASTINI

Systems, Inc.'s ("CPS") motion in limine to preclude the expert testimony of RISE's metallurgical expert Michael Cooney ("Cooney").

**Background**

RISE intends to present Cooney, of Thielsch Engineering ("Thielsch"), as an expert witness at trial. Cooney is a Senior Metallurgical Engineer with Thielsch. (Cooney Dep. at 7, excerpted portions of which are attached hereto as Exh. A). In that capacity, Cooney is an expert in the analysis of welds, and has expensive experience with the interpretation of microstructures associated with welds and with the determination of defective weld conditions. (Cooney Dep. at 27; see also Cooney CV, attached hereto as Ex. B). Cooney has worked continuously as a metallurgical engineer for seventeen years (with the exception of one six-month period). (Cooney Dep. at 7). He is a graduate of the University of Notre Dame with a degree in Metallurgical Engineering, and holds a Connecticut Professional Engineering License in Metallurgical Engineering. (Cooney CV; Cooney Dep. at 16-17).[1]

Cooney's expected testimony, consistent with the January 18, 2005 Thielsch report and his deposition testimony, relates to his metallurgical analysis of certain critical welds at issue in this case. (Cooney Dep. at 27-28). Specifically, Cooney will opine to a reasonable degree of engineering certainty that three welds exhibited "burn-through," a condition whereby the welded metal burns through the plate metal on which the welding is occurring, causing penetration of the obverse side of the welded surface by molten weld metal. (Id. at 55-56). Cooney will further opine that burn-through is evidence of negligent welding. (Id. at 56-57). Cooney bases his expert opinions on his field observations at the Rhode Island State Energy Center immediately following the subject fire, and his laboratory analysis of these three welds, including through

[1] Cooney does not hold such a license in Rhode Island simply because Rhode Island does not offer a certification in that specific area of expertise.

optical microscopy, which revealed microstructural conditions consistent with burn-through. (Id. at 55-59). Cooney will also provide testimony about the collection of metallurgical and other physical evidence from the fire, the subsequent analysis of that evidence, and the juxtaposition of certain critical components within the area where the fire began – all of the foregoing based on his own firsthand personal observations.

CPS' objection to Cooney's expert opinions is difficult to discern. CPS' motion seeks to bar Cooney's testimony in full. However, CPS' supporting memorandum states alternatively that Cooney's "testimony regarding the weld[s] should not be allowed, or at the very least, restricted to his metallurgical analysis," (CPS Memo. in Supp. at 5), while the memorandum's conclusion seeks to bar Cooney's testimony "to either the cause and origin of the plenum fire and all testimony regarding any causal connection between the welding and the December 3, 2004 fire." (Id. at 8). As discussed below, Cooney's expert opinions regarding the quality of the subject welds are based upon sound factual and scientific foundations, and are therefore admissible.

## Discussion

When facing a proffer of expert testimony, the case of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993), and its progeny require a three-step analysis: (1) a determination whether the expert witness is qualified and has specialized knowledge that will "assist the trier of fact to understand the evidence or to determine a fact in issue," (2) a determination of whether the proposed subject matter of the expert opinion properly concerns "scientific, technical, or other specialized knowledge," and (3) the gatekeeper function of ascertaining whether the testimony is helpful to the trier of fact, *i.e.*, whether it rests on a reliable foundation and is relevant to the facts of the case. See Vadala v. Teledyne Indus., Inc., 44 F.3d 36, 39 (1st Cir. 1995); see also Daubert, 509 U.S. at 591 (characterizing the final step as one of

"fit.").

CPS' argument focuses on Cooney's alleged lack of expertise to opine regarding the cause and origin of the fire. (CPS Memo. in Supp. at 1-5). While not conceding this point, RISE is offering Ara Nalbandian, and not Cooney, as its cause and origin expert.[2] However, Cooney's opinions certainly do touch upon the cause and origin of the fire from a metallurgical standpoint. CPS has not challenged Cooney's expertise as a metallurgist, or whether metallurgy is an appropriate subject for expert testimony in this matter. Therefore, of the three Daubert steps listed above, CPS' challenge to Cooney's opinions on metallurgy focuses two alleged deficiencies: (1) Cooney is not a welding expert; and (2) Cooney's opinion lacks sufficient foundation because he does not know the proximity of the flammable evaporative cooling media ("ECM") to the critical "C3" weld. (CPS Memo. in Supp. at 4-6). Both of these points are demonstrably untrue.

With respect to welding, CPS claims that "Cooney admits that he is not an expert on welding …." (Id. at 4). Cooney's testimony on this point, however, is that he is an expert regarding the interpretation of microstructures associated with welding and the determination of defective welding conditions. (Cooney Dep. at 27). Cooney has extensive experience with respect to analysis of welds, including serving as an expert in litigation and non-litigation contexts. (See Cooney CV; Cooney Dep. at 18-21).

CPS' also argues that Cooney's opinion is not admissible because he lacks knowledge regarding the proximity of the flammable evaporative cooling media that ignited (the "ECM") to

[2] Ironically, even though CPS' own expert acknowledges that the subject fire originated as a result of the welding being conducted by one of CPS' subcontractors on December 3, 2004, CPS continues to reserve the right to contest that apparently obvious fact at trial, and takes the position that RISE bears the burden of proof on that issue. At the same time, however, CPS resists all efforts by RISE to meet that burden by opposing the proffered expert testimony of Cooney and Nalbandian, both of Thielsch. CPS should not be able to have it both ways. Either the point of origin of the fire (as opposed to the legal cause) should be established as an undisputed fact, as all experts seem to agree, or RISE should be free to introduce evidence to prove that point. In this regard, RISE incorporates by reference the arguments made in its separate opposition to the motion in limine concerning Nalbandian.

the weld at so-called location "C3." This is not so – Cooney clearly testified that he understood that the ECM extended into proximity with the C3 weld through visual examination, review of applicable schematics, and measurements taken of the current plant conditions along with mathematical calculations based upon those measurements. (Id. at 32-34, 53, 66-67, 85-86). Cooney's testimony, supported by all this evidence, is that even if the ECM does not extend past the supporting channel in which it is encased, the ECM was still in sufficient proximity to the C3 weld to cause ignition. (Cooney at 67). His testimony on this point therefore has a sufficient foundation and is stated to a reasonable degree of certainty. CPS is free to challenge these conclusions and opinions in cross-examination, or with contrary opinions, but cannot bar their admission into evidence at trial simply because it disagrees.

**Conclusion**

Cooney is undisputedly qualified to render expert opinions regarding metallurgy as related to the subject fire, and these opinions have sufficient foundation to be admissible at trial. If CPS wants to explore any alleged deficiencies with Cooney's qualifications or opinions, it can do so during cross-examination at trial. See Beacon Mut. Ins. Co., 253 F. Supp. 2d at 223 ("[t]he ultimate credibility determination at the testimony's accorded

weight are the jury's province"). CPS' motion in limine seeking to exclude Cooney's testimony should therefore be denied.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE
RHODE ISLAND STATE ENERGY, L.P. and
FPLE RHODE ISLAND STATE ENERGY GP,
INC.

By their Attorneys,

/s/ Mark W. Freel

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 25th day of September, 2006, I caused a true copy of the within Memorandum of Law to be served on the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Janet R. Davis, Esq.
Andrew M. Hutchison, Esq.
Georgene M. Wilson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

/s/ Mark W. Freel