UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br>Plaintiff,<br><br>vs.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.,<br>Defendants,<br><br>vs.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br>Defendant on Counterclaim/<br>Third-Party Plaintiff,<br><br>vs.<br><br>ZAMPELL REFRACTORIES, INC.,<br>Third-Party Defendant,<br><br>vs.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.,<br>Fourth-Party Defendants. | : | C.A. No. 05-066-ML |

**RISE DEFENDANTS' OPPOSITION TO ZAMPELL REFRACTORIES, INC.'S MOTION TO INTRODUCE CERTAIN EVIDENCE CONCERNING PREMIER ENGINEERING**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P., and FPLE Rhode Island State Energy GP, Inc. (collectively "RISE Defendants") hereby oppose the motion of Third-Party Defendant Zampell Refractories, Inc. ("Zampell") to introduce certain evidence concerning Fourth-Party Defendant Premier Engineering Services,

Inc. (“Premier”). RISE Defendants hereby submit the accompanying memorandum of law in support of their opposition.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE RHODE
ISLAND STATE ENERGY, L.P. and FPLE
RHODE ISLAND STATE ENERGY GP, INC.

By their Attorneys,

/s/ Mark W. Freel

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br>Plaintiff,<br><br>vs.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.,<br>Defendants,<br><br>vs.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br>Defendant on Counterclaim/<br>Third-Party Plaintiff,<br><br>vs.<br><br>ZAMPELL REFRACTORIES, INC.,<br>Third-Party Defendant,<br><br>vs.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.,<br>Fourth-Party Defendants. | : | C.A. No. 05-066-ML |

**RISE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO ZAMPELL REFRACTORIES, INC.'S MOTION TO INTRODUCE CERTAIN EVIDENCE CONCERNING PREMIER ENGINEERING**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P., and FPLE Rhode Island State Energy GP, Inc. (collectively "RISE Defendants") hereby submit this memorandum of law in support of their opposition to the motion of Third-Party Defendant Zampell Refractories, Inc. ("Zampell") to introduce certain evidence concerning Fourth-Party Defendant Premier Engineering Services, Inc. (“Premier”).

**Background**

During the course of the subject construction job at a power plant owned and operated by RISE, Premier served as an owner's representative. In that capacity, Premier acted as a liaison between the owner and the plant, on the one hand, and Plaintiff Certified Power Systems, Inc. ("CPS") and its subcontractors, on the other hand. One of those subcontractors, Zampell, added Premier as a Fourth-Party Defendant under the theory that Premier owed Zampell a duty to inform it of the presence of the flammable evaporative cooling media that ignited, starting the subject fire on December 3, 2004.

Ed Alarcon ("Alarcon") was Premier's sole shareholder and employee. He was present at the site throughout the job. He sat for his deposition on March 6 and 7, 2006. Counsel for Zampell led that examination. Alarcon's testimony, in part, touched upon Premier's role with respect to the subject project, and its relationship with RISE. (See, e.g., Alarcon Dep. at pp. 9-24, excerpted portion of which is attached hereto as Exhibit 1). Zampell could have, but did not, ask Alarcon any questions regarding his personal interest or stake in this action with regard to any alleged bias that may have affected his testimony.

Premier filed for bankruptcy in the Western District of Texas on April 16, 2006, and filed a Notice of Bankruptcy with this Court on April 24, 2006. This Court severed the claims against Premier on April 25, 2006. Zampell took no steps to secure additional testimony from Alarcon thereafter.

Alarcon resides in Texas, and has indicated through counsel that he will not voluntarily make himself available to testify at the upcoming trial. He is therefore an unavailable witness. As a result, RISE and Sargent & Lundy, LLC ("S&L") designated certain portions of Alarcon's

deposition transcript to be read at trial. Zampell objected to certain portions of those designations, but did not designate any of Alarcon's testimony for itself.

Zampell's motion seeks to have this Court instruct the jury, prior to reading Alarcon's deposition testimony into evidence, that Premier was a party to this lawsuit at the time of Alarcon's deposition but is no longer a party because it filed bankruptcy. Zampell, citing to Rule 607 regarding the impeachment of witnesses, claims that the necessity for such an instruction springs from the fact that the jury may treat Alarcon as a disinterested witness. However, as discussed in detail below, (1) Zampell had an opportunity to develop any bias evidence during its examination of Alarcon, but did not, (2) Premier's bankrupt status is not relevant to the material issues in this case, and (3) an instruction to the jury regarding Alarcon's alleged bias, especially just before the reading of his deposition testimony into evidence, is unduly prejudicial.

## Discussion

Zampell's motion – styled a "motion to introduce evidence" – is more akin to a request for judicial notice of facts pursuant to Rule 201. That rule allows a party to request this Court to take notice of certain undisputed facts. See Fed. R. Evid 201(e). There are certain limitations, however, to such requests. "[J]udicial notice is an alternative means of proof, that is subject, like all other offers of evidence, to rules 403 and 611(a)." Knop v. Johnson, 667 F. Supp. 467, 485 (W.D. Mich. 1987); see also Colonial Leasing Co. v. Logistics Control Corp. Int'l, 762 F.2d 454, 461 (5th Cir. 1985) ("it is clear that the court's power to take judicial notice 'at any stage' may be circumscribed by other considerations").

There are many problems with Zampell's request for the "introduction of evidence" in this matter. Fundamentally, Premier's status as a severed party and its bankruptcy are simply irrelevant to the central question posed by this matter – i.e., who bears responsibility for the

subject fire. See Fed. R. Evid. 401.

To the extent that Zampell seeks the introduction of this evidence to show Alarcon's alleged bias, instructing the jury in the manner proposed is doubly prejudicial. Zampell had the opportunity to develop Alarcon's alleged bias at his deposition, but failed to do so. Because of Alarcon's current unavailability, introducing such bias evidence at trial through the vehicle of judicial notice deprives other litigants of the opportunity of rehabilitating Alarcon, which would have existed if Zampell had broached the subject at Alarcon's deposition.

While the parties may have expected Alarcon to attend trial at the time of his deposition, there was a risk (as there is in every case) that intervening circumstances would prevent him from being available. He always resided in Texas. Accordingly, Zampell took a risk by failing to ask bias questions at the deposition, and should not escape from the consequences of a tactical decision through the vehicle of judicial notice or a judicial instruction tending to impugn Alarcon's credibility, especially where such an instruction prejudices the other parties who are not able thereafter to rehabilitate Alarcon.

To guard against late requests for judicial notice, such as Zampell's, certain Federal courts have adopted the rule that a party seeking judicial notice provide opposing parties with "fair notice" of its intention in that respect. See Knop, 667 F. Supp. at 486. The fair notice analysis turns, in part, on whether the timing of the request provides the adverse party with sufficient time to introduce rebuttal evidence to counter the judicially noticed fact. See id. In this case, the timing of Zampell's request denies RISE an ability to counter Zampell's requested bias instruction. On that basis alone, this Court should deny Zampell's motion.

Judicial notice, or a bench instruction, regarding Alarcon's alleged bias is also prejudicial because juries place more credence on declarations from the bench than they do from counsel, as

juries correctly perceive counsel's role as advocates. This is especially true in this case, where Zampell proposes that the Court communicate the bias instruction to the jury just before reading Alarcon's deposition into evidence, thereby unduly coloring that testimony for the jury. If the Court were inclined to give some limited instruction explaining the absence of Premier from this litigation, RISE respectfully suggests that it should do so either at the opening or close of the evidence, but certainly not just prior to Alarcon's testimony, as the timing of such an instruction could easily be misconstrued as judicial comment about the quality of Alarcon's testimony.

Finally, the requested instruction is also unnecessary. Alarcon testified at length about his and Premier's relationship with RISE. (See, e.g., Alarcon Dep. at 9-24). Yet, Zampell chose not to designate Alarcon's testimony on this point.

## Conclusion

Zampell's suggestion that this Court instruct the jury regarding the alleged bias of a witness just prior to the reading of that witness's deposition testimony into evidence is unprecedented and unwarranted. Zampell's "motion to introduce evidence" should therefore be denied.

RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.

By their Attorneys,

/s/ Mark W. Freel

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 2nd day of October, 2006, I caused a true copy of the within Motion and Memorandum of Law to be served on the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Janet R. Davis, Esq.
Andrew M. Hutchison, Esq.
Georgene M. Wilson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

/s/ Mark W. Freel