UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC., Plaintiff, | : | |
| vs. | : | C.A. No. 05-066-ML |
| RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC., Defendants, | : | |
| vs. | : | |
| CERTIFIED POWER SYSTEMS, INC., Defendant on Counterclaim/ Third-Party Plaintiff, | : | |
| vs. | : | |
| ZAMPELL REFRACTORIES, INC., Third-Party Defendant, | : | |
| vs. | : | |
| SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC., Fourth-Party Defendants. | : | |

**RISE DEFENDANTS' OPPOSITION TO ZAMPELL REFRACTORIES, INC.'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY REGARDING NEGLIGENT WELDING**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P., and FPLE Rhode Island State Energy GP, Inc. (collectively, "RISE") hereby oppose the motion in limine of Third-Party Defendant Zampell Refractories, Inc. ("Zampell")

seeking to preclude the admission of trial testimony regarding "negligent welding." In support thereof, RISE submits the accompanying memorandum of law.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE
RHODE ISLAND STATE ENERGY, L.P. and
FPLE RHODE ISLAND STATE ENERGY GP,
INC.

By their Attorneys,

/s/ Mark W. Freel

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 4th day of October 2006, I caused a true copy of the within Opposition to be served on the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Janet R. Davis, Esq.
Andrew M. Hutchison, Esq.
Georgene M. Wilson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

/s/ Mark W. Freel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CERTIFIED POWER SYSTEMS, INC.,<br>Plaintiff,<br><br>vs.<br><br>RHODE ISLAND STATE ENERGY STATUTORY TRUST 2000, FPLE RHODE ISLAND STATE ENERGY, L.P. and FPLE RHODE ISLAND STATE ENERGY GP, INC.,<br>Defendants,<br><br>vs.<br><br>CERTIFIED POWER SYSTEMS, INC.,<br>Defendant on Counterclaim/<br>Third-Party Plaintiff,<br><br>vs.<br><br>ZAMPELL REFRACTORIES, INC.,<br>Third-Party Defendant,<br><br>vs.<br><br>SARGENT & LUNDY, LLC and PREMIER ENGINEERING SERVICES, INC.,<br>Fourth-Party Defendants. | : | C.A. No. 05-066-ML |

**RISE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO ZAMPELL REFRACTORIES, INC.'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY REGARDING NEGLIGENT WELDING**

Defendants Rhode Island State Energy Statutory Trust 2000, FPLE Rhode Island State Energy, L.P., and FPLE Rhode Island State Energy GP, Inc. (collectively, "RISE") submit this memorandum of law in support of their opposition to the motion in limine of Third-Party Defendant Zampell Refractories, Inc. ("Zampell") seeking to preclude the admission of trial testimony regarding “negligent welding.”

## Background

Two of RISE's experts, Michael Cooney ("Cooney") and Florence Cone ("Cone"), are expected to testify that three Zampell welds (known as C1, C2 and C3), all located in proximity to the origin of the subject fire, were defective. Cooney, a metallurgist, will opine to a reasonable degree of engineering certainty that the three welds exhibited "burn-through," a condition whereby the welded metal burns through the plate metal on which the welding is occurring, causing penetration of the obverse side of the welded surface by molten metal. (See Cooney Dep. at pp. 55-56, attached hereto as Exhibit A). Cooney will further opine that burn-through is evidence of defective welding. (Id. at 56-57).[1]

Cone is a metallurgical engineer with extensive expertise in the evaluation of welds for conformance with industry standards. She will opine that Zampell's welds at C1, C2 and C3 deviated from contractual specifications and accepted industry standards. In particular, Cone will testify that these welds were defective because they were not to specified length and exhibited an unacceptable profile, excessive undercut, piping porosity and melt-through. (See Cone Dep. at pp. 69-71, attached hereto as Exhibit B). Cone will further testify that these conditions, independent of each other, caused these welds to deviate from the acceptance criteria contained in the American Welding Society Structural Welding Code ("AWS") D1.6, which was incorporated by reference into the RISE-CPS contract. (Id. at pp. 67 & 68-69).

Cone is also expected to testify regarding the responsibilities of welding contractors pursuant to industry standards when welding on vertical surfaces such as the walls of the air inlet units at the Rhode Island State Energy Center. RISE understands that Zampell's motion in limine does not challenge this portion of Cone's expected testimony.

---

[1] RISE's memorandum of law in opposition to CPS's motion in limine seeking to preclude Cooney's testimony discusses at length Cooney's qualifications, expert opinions, and his basis for those opinions, and RISE incorporates that memorandum by reference herein.

RISE's third expert, Ara Nalbandian ("Nalbandian"), is expected to testify about the cause and origin of the subject fire.[2] Nalbandian will testify that the fire was caused by the proximity of welding at C3, which produced a temperature of 2600-2800°F on the opposite side of the stainless steel panel, to the evaporative cooling media ("ECM"), which had an ignition temperature of 350°F. (See Nalbandian Dep. at pp. 17, 65-71 & 127, attached hereto as Exhibit C). Although neither of RISE's other two experts are expected to testify on this point, both Cone and Cooney concur that the actual cause of the fire was the proximity of Zampell's defective welding at C3 to the ECM. The scope of Nalbandian's testimony does not include an analysis of the quality of Zampell's welds.

Zampell's motion in limine seeks to preclude all of RISE's experts from "testifying with regard to the quality of the weld …." (Zampell Memo In Supp. at 4). However, as explained in detail below, that testimony is relevant to the actual cause of the subject fire and CPS's breach of the RISE-CPS contract, and is therefore admissible.

**Discussion**

The admissibility of any evidence concerning Zampell's welding rises or falls on the relevance of that evidence. Rule 402 states that "[a]ll relevant evidence is admissible." In turn, Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence more probable or less probable then it would be without the evidence." Zampell's motion does not appear to present a Daubert challenge to any of RISE's experts,[3] so Zampell's challenge to the admissibility of this evidence must be is limited to question of relevance only.

---

[2] RISE's memorandum of law in opposition to CPS's motion in limine seeking to preclude Nalbandian's testimony provides an extensive review of Nalbandian's qualifications, expert opinions, and his bases for those opinions, and RISE incorporates that memorandum by reference herein.

[3] To the extent that CPS' previous motions in limine concerning Cooney and Nalbandian could arguably be construed as Daubert motions, those motions were denied by this Court.

Evidence of Zampell's defective welding is relevant to the cause of the subject fire and to CPS's failure to fulfill its contractual obligations to RISE. The testimony of Cooney that his analysis of that welds at C1, C2 and C3 evidenced burn-through, and of Cooney and Cone that burn-through was evidence of defective welding, is directly relevant to the actual cause of the subject fire. That testimony places molten weld metal of 2600ºF in close proximity to ECM with an ignition temperature of 350ºF, making it more likely than not that the fire started as a result of Zampell's welding. See Fed. R. Evid. 401 & 402.

Zampell's disagreement with the opinions of RISE's experts does not render those opinions inadmissible. To the extent that Zampell has an alternate theory of causation or seeks to contravert the expert opinions of RISE's witnesses on this point, it may do so on cross-examination or during its own case-in-chief.

Evidence of Zampell's welding is also independently admissible to prove that CPS breached the RISE-CPS contract (the "Contract"). The Contract required that all welds be completed in conformity with the acceptance criteria contained in AWS D1.6, and further required that CPS ensure that its subcontractors, including Zampell, perform their work to contractual specification. (See, e.g., RISE-CPS Contract, General Conditions at §§ 4.1 & 26). As noted above, both Cooney and Cone will testify to the existence of burn-through, and Cone will testify that the welds were not to specified length and exhibited an unacceptable profile, excessive undercut, and piping porosity. (Cooney Dep. at 55-56; Cone Dep. at 69-71). Cone further concludes that these deficiencies were not in accordance with the AWS acceptance criteria. (Cone Dep. at 67-69). This testimony is directly relevant to CPS' breach of contract claim against RISE, and RISE's defenses thereto, including any claims for payment related to Zampell's welding work.

The fundamental flaw of Zampell's motion in limine is the mistaken conflation of standards of admissibility with burdens of proof. While styled as a motion in limine, Zampell's motion is more akin to a Rule 50 motion, citing the alleged lack of sufficiency of RISE's evidence regarding proximate cause as a basis to challenge the admissibility of evidence related to other aspects of RISE's claims and defenses concerning CPS and the work of its subcontractors. RISE is unaware of, and Zampell fails to cite to any case standing for, the proposition that evidence on one element of a cause of action is rendered inadmissible due to a party's perceived failure to present evidence related to other elements. Rather, evidence of defective welding relates, at a minimum, to CPS' breach of any duties owed to RISE, to the actual cause of the fire, and to CPS' breach of contract – all necessary elements to RISE's claims or defenses against CPS. Any and all such evidence is therefore admissible.

Zampell further errs in its implicit assumption that RISE must present expert evidence on proximate cause. This is demonstrably not so. "Rhode Island case law supports the view that, even in the absence of expert witness testimony, a jury of laypeople exercising their common knowledge could arrive at the conclusion that the proximate cause requirement is satisfied." Butler v. McDonald's Corp., 110 F. Supp.2d 62, 70 (D.R.I. 2000). Rather, causation may be proved by inference. See id. at 71; Cribb v. Augustyn, 696 A.2d 285, 289 (R.I. 1997) (jury could properly infer the cause of fire from totality of trial evidence, including testimony that fire originated in location where defendant had left cardboard box containing embers).

Zampell also missteps in assuming that the only critical issue in this case is its failure to remove the ECM prior to the commencement of welding. RISE's theory of this case is far broader, and encompasses the undisputed fact that CPS was contractually responsible for making itself aware of all site conditions, including potential hazards, and that Zampell and CPS were solely in control of the means and methods of their work, including the location of welding on

the walls of the air inlet units. As a result, CPS and Zampell could have taken any number of remedial steps, perhaps even including the location of welds somewhere other than on the stainless steel transition panel in direct proximity to the ECM. In any event, responsibility for any such decisions rested firmly with CPS and/or its subcontractors, in accordance with clear and unambiguous Contract language.

## Conclusion

Evidence of Zampell's welds is relevant and therefore admissible. Zampell's motion in limine seeking to exclude evidence of that welding should therefore be denied.

RHODE ISLAND STATE ENERGY
STATUTORY TRUST 2000, FPLE
RHODE ISLAND STATE ENERGY, L.P. and
FPLE RHODE ISLAND STATE ENERGY GP,
INC.

By their Attorneys,

/s/ Mark W. Freel

Mark W. Freel (#4003)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 4th day of October 2006, I caused a true copy of the within Memorandum of Law to be served on the following counsel of record:

Girard R. Visconti, Esq.
Jessica L. Papazian-Ross, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Mark Robert Vespole, Esq.
Theresa E. Mullen, Esq.
Tressler, Soderstrom, Maloney & Priess
744 Broad Street, Suite 1510
Newark, NJ 07102

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Janet R. Davis, Esq.
Andrew M. Hutchison, Esq.
Georgene M. Wilson, Esq.
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

/s/ Mark W. Freel